UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIFFANIE CURRENT,** | **CIVIL ACTION NO.** |
| Plaintiff | |
| VERSUS | JUDGE: |
| **HOUSING AUTHORITY OF NEW ORLEANS,** | |
| Defendant | MAGISTRATE JUDGE: |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Housing Authority of New Orleans ("HANO"), with a full reservation of all exceptions, rights, and defenses it has or may have, hereby removes the above-captioned action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and states as follows:

1. On or about July 8, 2024, Plaintiff Tiffanie Current ("Plaintiff") commenced this action by filing a *Petition for Judicial Review of Housing Authority Decision to Terminate Housing Assistance* against HANO in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing docket number 2024-06181 (the "Petition,") attached as Exhibit A.

2. Plaintiff is a participant in the Housing Choice Voucher Program (the "Program") pursuant to Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f. Under the Program, HANO subsidizes housing costs for Plaintiff and her four minor children and one grandchild. As a participant in the Program, Plaintiff is required to comply with certain regulations

promulgated by the Department of Housing and Urban Development ("HUD").[1]  Any violations of Plaintiff's obligations can result in termination of housing assistance.[2]

    3. HANO proposed termination of Plaintiff's housing assistance after finding that Plaintiff violated certain obligations set forth in the HUD regulations.[3]  Pursuant to 24 C.F.R. § 982.555(a) and 42 U.S.C. § 1437d(k), Plaintiff requested an informal hearing regarding the proposed termination, which was held on April 1, 2024.  Upon review of the record and evidence in the course of the informal hearing, HANO determined that the decision to terminate Plaintiff's housing assistance should be upheld, based on the following violations: (1) Plaintiff's failure to supply information and documents as required under 24 C.F.R. § 982.551(b)(2); (2) Plaintiff's failure to provide truthful and complete information in violation of 24 C.F.R. § 982.551(b)(4); and (3) Plaintiff's allowing an unauthorized occupant to reside in the unit in violation of 24 C.F.R. § 982.551(h)(2).[4]

    4. After receiving HANO's Informal Hearing Decision, Plaintiff then filed the Petition claiming in general terms that HANO's decision to terminate her housing was "arbitrary and capricious, an abuse of discretion, not based on substantial evidence, and contrary to [federal] law . . . ."[5]  Plaintiff further alleged more particularly that the decision to terminate violated 24 C.F.R. § 5.2005 because Plaintiff is the victim of domestic violence and the termination allegedly

---

[1]  *See generally* 24 C.F.R. § 982.551 (listing obligations of Program participants).

[2]  *See id.* at §§ 982.552 and 982.553.

[3]  Plaintiff's Pet. at ¶ 4.

[4]  A copy of HANO's Informal Hearing Decision is attached hereto as Ex. B.

[5]  Plaintiff's Pet. at ¶ 10; *see also* ¶¶ 14 – 25, in which Plaintiff sets out the "Statutory and Regulatory Background" of her claims and cites exclusively to provisions of the Code of Federal Regulations applicable to the "Section 8 Housing Choice Voucher ("HCV") program . . . established by Congress."

contravenes HUD regulations setting forth protections for domestic violence victims.[6]  Thus, all of Plaintiff's causes of action are grounded in federal law, thereby giving rise to federal question jurisdiction.[7]

5.  As set out more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because HANO has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

6.  HANO now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal in the state court in which this case was previously pending.

## I. HANO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

1.  This Court has jurisdiction over this civil action under 28 U.S.C. § 1331, which vests federal courts with original jurisdiction over causes of action created by federal law, because Plaintiff asserts claims based on alleged violations of 24 C.F.R. § 982.1, *et seq.*; Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f, and federal regulations associated therewith;

---

[6] *See id.* at ¶¶ 91-95, 102-109 ("The hearing officer's decision . . . violated VAWA and was contrary to law . . . and was therefore arbitrary and capricious.").  24 C.F.R. § 5.2005 of HUD's regulations incorporates provisions from the Violence Against Women Act ("VAWA").

[7] *See, e.g.*, *Mire v. DISA Glob. Sols., Inc.*, No. 18-137-BAJ-RLB, 2018 WL 3245085, at *3 (M.D. La. June 11, 2018) (To determine whether federal-question jurisdiction exists, the court examines "'the face of the complaint [for] some substantial, disputed question of federal law.'"); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001) ("'To bring a case within the [federal question jurisdiction] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'") (quoting *Gully First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)).

and 24 C.F.R. § 5.2005. Accordingly, this dispute and the resolution thereof involves the construction, application, and effect of federal law.

2.     This Notice of Removal is being filed within thirty (30) days of HANO's receipt of service of the citation and the Petition on July 26, 2024, and is thus timely filed under 28 U.S.C. § 1446(b). There exists an actual and justiciable controversy between Plaintiff and HANO with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

3.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the Civil District Court for the Parish of Orleans, State of Louisiana.

4.     No previous application has been made for the relief requested herein.

5.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings orders and all other filings in the state court action are attached as Exhibit C.

6.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of the Notice of Removal will be given to all adverse parties promptly after filing of same. *See* Exhibit D.

7.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana. *See* Exhibit D.

8.     HANO is the sole defendant named in Plaintiff's Petition. Accordingly, pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served consent to the removal of this action.

9.     The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Local Civil Rules of this District Court.

**II.    REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331.**

1. Removal is proper under 28 U.S.C. § 1441 because the Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which states that federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[8]

2. Plaintiff's claims are based on federal statutes and the regulations promulgated thereunder and therefore "aris[e] under the Constitution, laws or treaties of the United States."[9] Even if the Petition did not plead a federal cause of action, federal question jurisdiction pursuant to 28 U.S.C. § 1331 does not require that a complaint plead a federal cause of action.[10] Rather, a complaint must only involve a "'controversy respecting the construction and effect of the [federal] laws'" which controversy is "'sufficiently real and substantial.'"[11]

3. For example, this Court has held that claims governed by federal law, including the U.S. Housing Act of 1937 and HUD regulations promulgated thereunder, conferred federal question jurisdiction because resolution of the dispute required the Court to interpret federal regulations, which could in turn could impact how HUD administered the Section 8 Voucher Program.[12] Moreover, jurisdiction under 28 U.S.C. § 1331 has been found even when

---

[8]   *Zeigler v. Hous. Auth. of New Orleans*, No. 10-2956, 2011 WL 39008, at *3 (E.D. La. Jan. 5, 2011).

[9]   28 U.S.C. § 1331.

[10]  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308 (2005).

[11]  *Id.* at 316; *Drawhorn v. Qwest Commc'ns Int'l, Inc.,* 121 F. Supp. 2d 554, 562 (E.D. Tex. 2000).

[12]  *BFNO Properties, LLC v. Hous. Auth. of New Orleans*, No. 15-300, 2015 WL 1737844 (E.D. La. Apr. 16, 2015); *see also One & Ken Valley Hous. Grp. v. Me. State Hous. Auth.*, 716 F.3d 218, 223-225 (1st Cir. 2013) (finding federal question jurisdiction existed over HAP contract [Housing Assistance Payments Contract] dispute between state housing authority and owner of housing rental projects because the dispute involved a "federal

the federal regulation at issue does not provide a private right of action, where resolution of the matter depended upon the court's determination of whether the defendant breached its duty under federal law.[13]

4. As in *BFNO* and *Pendleton*, the claims alleged in the Petition arise under federal law and are governed by federal law; and therefore, resolution of this matter requires construction of federal law and regulations. Simply put, it is impossible to determine whether HANO's decision to terminate Plaintiff's housing assistance was improper without resort to federal law and regulations.

5. Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441.

### III.   CONCLUSION

Resolution of this dispute will require analysis of intricate federal regulations and insight into how those regulations govern the relationship between HANO, a political subdivision of the State of Louisiana, and HUD, a federal agency. Further, interpretation of the federal housing law and regulations in dispute arguably will impact future litigation concerning HANO's application of HUD regulations, which in turn could affect how HANO administers the federal Section 8 housing voucher program. Thus, this Court is properly vested with subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

---

contractor's implementation of a federal program; the contracts at issue were drafted and approved by a federal agency and signed by a federal official; and plaintiffs allege that the contractor [state housing authority] was in breach of the agreement by following a guideline promulgated by a federal agency pursuant to a federal statute."); *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 467 (7th Cir. 2015) (finding federal question jurisdiction existed where "resolution of [the] case turn[ed] on issues of federal law—specifically, the application of 42 U.S.C. § 1437f and related regulations and notices promulgated by HUD.").

[13] *Pendleton Pines Assocs., L.L.C. v. Ledic Mgmt., L.L.C.*, 354 F. Supp. 2d 775 (W.D. Tenn. 2005).

**WHEREFORE**, Defendant, Housing Authority of New Orleans, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be removed from the docket of the Civil District Court for the Parish of Orleans and accepted onto this Court's docket.

Date: July 29, 2024                    Respectfully submitted,

/s/ Kathryn M. Knight
Kathryn M. Knight [T.A.], La. Bar No. 28641
Rachel W. Wisdom, La. Bar No. 21167
Stone Pigman Walther Wittmann L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
Email: kknight@stonepigman.com
         rwisdom@stonepigman.com

*Attorneys for Housing Authority of New Orleans*

# C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed and by e-mail, this 29th day of July, 2024.

/s/ Kathryn M. Knight