# EXHIBIT C

FILED
2024 JUL -8 PM 2:40
CIVIL DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2024 – 06181                                    Division:  **J**

TIFFANIE CURRENT

VERSUS

HOUSING AUTHORITY OF NEW ORLEANS          SECTION 15

FILED: _____        _____

                                              DEPUTY CLERK

## PETITION FOR JUDICIAL REVIEW OF HOUSING AUTHORITY DECISION TO TERMINATE HOUSING ASSISTANCE

NOW INTO COURT, through undersigned counsel, comes TIFFANIE CURRENT, a person of full age of majority, who for this petition alleges and says:

### PRELIMINARY STATEMENT

1.

Plaintiff, Tiffanie Current, is an Orleans Parish resident who, because of her limited income, relies on housing assistance benefits. Ms. Current participates in the Section 8 Housing Choice Voucher ("HCV") program pursuant to Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f.

2.

Ms. Current is a single mother who supports her four minor children and one grandchild, ages 3 months, six, eight, ten, and thirteen, on a fixed income.

3.

Defendant Housing Authority of New Orleans ("HANO") administers the HCV program in which Ms. Current is a participant.

4.

HANO proposed termination of Ms. Current and her children's housing assistance because of unreported business income that appeared on her tax returns, and because of an alleged unauthorized occupant.

1


VERIFIED
07082[4]

5.

The business income was inaccurate and reported without Ms. Current's knowledge or consent, as Ms. Current does not have a business, did not make business income, and did not tell her tax preparer that she had business income.

6.

When informed that the business income was erroneous, HANO invited Ms. Current to amend her taxes in order to keep her housing assistance.

7.

Ms. Current retained a tax attorney through Southeast Louisiana Legal Services' Low Income Taxpayer Clinic, and filed amended taxes listing her self-employment income as $0. The amended returns were provided to HANO by the deadline imposed.

8.

Despite completing the steps prescribed by HANO, HANO issued a decision upholding the termination of Ms. Current and her minor children from the HCV program.

9.

Moreover Ms. Current is a victim of domestic violence. The alleged unauthorized occupant is Ms. Current's abuser, Jessie Harvey, who does not live with her. Due to HANO's erroneous termination of her housing assistance she cannot move to escape domestic violence. She was attacked by her abuser between the date of her proposed termination hearing and when the hearing decision was issued, and she faces an ongoing threat of imminent harm.

10.

For the reasons detailed herein, the decision to terminate Ms. Current's assistance was arbitrary and capricious, an abuse of discretion, not based on substantial evidence, and contrary to law, and should be vacated.

**PARTIES AND VENUE**

11.

Ms. Current is a person of the age of majority residing in Orleans Parish.

12.

2

Housing Authority of New Orleans is a political subdivision of the state of Louisiana that operates conventional public housing, and issues rental assistance under the HCV program.

13.

Venue is proper in this District because the acts complained of occurred here, Ms. Current resides here, and HANO has its offices and conducts its business here.

## STATUTORY AND REGULATORY BACKGROUND

14.

As set forth in 42 U.S.C. § 1437f(a), the Section 8 Housing Choice Voucher ("HCV") program was established by Congress "[f]or the purpose of aiding lower-income families in obtaining a decent place to live and of promoting economically mixed housing . . . ."

15.

Unlike traditional public housing, the HCV program allows local Public Housing Authorities ("PHAs") to pay Housing Assistance Payments to private landlords to subsidize housing costs for program participants.

16.

HCV program participants agree to comply with certain family obligations, including to "supply any information requested by the PHA or HUD for use in a regularly scheduled reexamination or interim reexamination of family income and composition" and to provide "true and complete" information. 24 C.F.R. §§ 982.551(b)(2); (b)(4).

17.

Violation of a family obligation is a discretionary ground for termination of voucher assistance. 24 C.F.R. § 982.552(c)(1)(i).

18.

When termination is proposed, the participant is entitled to notice and an informal hearing. 24 C.F.R. §§ 982.555(a)(v); (e); 42 U.S.C. § 1437d(k).

19.

3

Under the Violence Against Women Reauthorization Act of 2022 ("VAWA") and its implementing regulations, a participant cannot be terminated from the HCV program "as a direct result direct result of the fact that the applicant or tenant is or has been a victim of domestic violence, dating violence, sexual assault, or stalking." 24 C.F.R. § 5.2005(b)(1).

20.

Under VAWA, PHAs are required to have an emergency transfer plan for victims of domestic violence, and are required to facilitate a victim's move with continued assistance "quickly" when requested. 24 C.F.R. § 5.2005(e)(9).

21.

Local PHAs must adopt an Administrative Plan "that establishes local policies for administration of the program in accordance with HUD requirements." 24 C.F.R. § 982.54(a).

22.

HANO's Administrative Plan states,

In the case of family-caused errors or program abuse, HANO **will** take into consideration:

- The seriousness of the offense and the extent of participation or culpability of individual family members;

- Any special circumstances surrounding the case;

- Any mitigating circumstances related to the disability of a family member;

- The effects of a particular remedy on family members who were not involved in the offense.[1]

23.

HANO's Administrative Plan further states, "[i]ncidents of actual or threatened domestic violence, dating violence, sexual assault, or stalking will not be construed either as

---

[1] Housing Authority of New Orleans, *Housing Choice Voucher Program Administrative Plan*, 20-2 (Sept. 1, 2023), https://hano.org/plans/HANO_HCVP_AdminPlan_9-2023.pdf.

serious or repeated violations of the lease by the victim of such violence or as good cause for terminating the tenancy or occupancy rights of the victim of such violence."[2]

24.

HANO's Administrative Plan further states, "HANO allows tenants who are victims of domestic violence, dating violence, sexual assault, or stalking to request an emergency transfer from the tenant's current unit to another unit" even when the tenant is "not in good standing."[3]

25.

HANO is not bound by hearing decisions that are "contrary to HUD regulations or requirements, or otherwise contrary to federal, State, or local law." 24 C.F.R. § 982.555(f).

## FACTUAL ALLEGATIONS

26.

Ms. Current is a single mother who supports her four minor children and one grandchild, ages 3 months, six, eight, ten, and thirteen, on a fixed income.

27.

Her sole source of income is Supplemental Security Income and Social Security received for herself and two of her minor children.

28.

Ms. Current receives this income because she cannot read, and has mental disabilities.

29.

Two of Ms. Current's children also have disabilities.

30.

As a result she relies on a housing subsidy through the HCV program, administered by the Housing Authority of New Orleans.

---

[2] *Id.* at 3-7.
[3] *Id.* at 16-2.

31.

In 2022 and 2023 Ms. Current's sole income was the aforementioned Supplemental
Security Income and Social Security, which she reported to HANO.

32.

Ms. Current is a victim of domestic violence at the hands of her children's father, Jessie
Harvey. In September, 2023 Mr. Harvey attempted to break windows and kick down Ms.
Current's door. Mr. Harvey was arrested and charged with domestic abuse battery involving
strangulation and domestic abuse child endangerment. The criminal court issued a stay-away
order to protect Ms. Current. Mr. Harvey ultimately pled guilty to both charges and was released
on probation in December, 2023.

33.

As part of sentencing, the criminal court issued a protective order to protect Ms. Current
from Mr. Harvey. The order was issued on December 5, 2023 and lasts until December 5, 2025.
Under the protective order, Mr. Harvey may not go within 100 yards of Ms. Current's residence.

34.

At no time did Mr. Harvey reside in Ms. Current's assisted unit.

35.

On February 23, 2024 HANO notified Ms. Current that she was under investigation for
fraud, and requested income information for Mr. Harvey, even though he did not live with her
and was subject to a protective order that barred him from her residence.

36.

Ms. Current provided her tax returns in response to HANO's request.

37.

6

During the week of February 26, 2024, Mr. Harvey took Ms. Current's eight year old son from school and fled to Baton Rouge. Ms. Current did not know where her son was until he was returned by Mr. Harvey's mother on March 6, 2024.

38.

On March 7, 2024, Ms. Current's legal advocate sent an emergency transfer request under the Violence Against Women Act ("VAWA") to HANO. The request explained that Ms. Current feared imminent harm for herself and her children. Attached were the protective order and HUD form 5382 "Certification of Domestic Violence," signed by Ms. Current.

39.

Rather than allow Ms. Current to move to safety, on March 8, 2024, HANO sent Ms. Current a notice proposing to terminate her assistance for (1) failure to supply required information, and (2) failure to provide truthful and complete information, in violation of her family obligations under the program. HANO also alleged that (3) Ms. Current had an unauthorized occupant, Jessie Harvey.

40.

The first two allegations were based on Ms. Current's 2022 and 2023 tax returns, which listed business income she had not reported to HANO.

41.

Tax preparers in Louisiana are unregulated and tax preparer fraud is common.

42.

Ms. Current was not aware of the business income reported on her tax returns until HANO brought it to her attention. The business income was not accurate and was reported by her tax preparer without her knowledge or consent.

43.

The third allegation was based on police reports listing Jessie Harvey as an occupant at Ms. Current's assisted unit.

7

44.

Ms. Current timely requested an informal hearing.

45.

The informal hearing was held on April 1, 2024.

46.

At the hearing, Ms. Current explained that she did not make the business income her tax reporter wrote on her tax returns.

47.

She also explained that Mr. Harvey did not live with her and was, in fact, her abuser. She presented a protective order as evidence of domestic violence.

48.

She explained that she faced imminent harm due to HANO's failure to allow her to move with assistance, since her abuser knew where she lived.

49.

She explained that she and her children were also unsafe at their current residence because her neighbor had been harassing them as a result of the neighbor's teenage son impregnating her then 12-year-old daughter.

50.

The hearing officer gave her until June 3, 2024 to amend her returns to reflect her actual income, but stated that an extension could be granted if necessary.

51.

At the hearing, a social worker from Southeast Louisiana Legal Services testified that they were assisting Ms. Current and her family moving forward.

52.

8

Prior to June 3, 2024, Ms. Current met with Southeast Louisiana Legal Services Low Income Taxpayer Clinic attorney Paul Tuttle, and amended her 2022 and 2023 tax returns to reflect that she made $0 business income.

53.

Attorney Tuttle advised Ms. Current that she could incur IRS tax liability based on the amended returns, and Ms. Current consented to the corrected filing.

54.

The SLLS Low Income Taxpayer Clinic is not set up as a tax preparation service; as such Attorney Tuttle cannot e-file amended returns. Instead, he must mail them in to the IRS.

55.

SLLS has no control or influence over how quickly the IRS, a federal agency, processes amended returns.

56.

On May 24, 2024, Ms. Current's legal advocate sent her amended returns (IRS 1040X forms) to HANO by email, stating, "I have attached Ms. Tiffanie Current's amended tax returns for the years 2023 & 2022. Please let me know if you need any additional information."

57.

The hearing officer did not respond to the email or request any additional information.

58.

On June 3, 2024, Jessie Harvey came to Ms. Current's assisted unit and physically injured her.

59.

On the next day, following this incident, Ms. Current's counsel sent a second emergency transfer request under VAWA.

60.

9

HANO failed to grant Ms. Current's emergency transfer request.

61.

On June 7, 2024, the hearing officer issued a decision upholding the termination of Ms.

Current and her children's housing assistance.

62.

The hearing decision stated,

On May 24, 2024, your attorney provided a copy of 2 form 1040-X for amending tax
returns that were filled out showing no income for you for the disputed time periods. There
was no indication that the forms had been filed with the IRS but based on the information
in the forms you would owe the IRS $19,856 if you filed the amended returns. We would
need official documentation from the IRS to show that they received the amended return to
calculate the correct amount owed to HANO, if anything.

63.

But the hearing officer never asked for documentation to prove that the amended returns

had been filed. Nor did the hearing officer respond to SLLS's offer to provide any additional

documentation that was needed. As such, it was not clear that that documentation was required.

64.

Regarding the alleged unauthorized occupant, the hearing officer concluded:

Based on the evidence it appears that Mr. Harvey did live with you for longer than
HANO allows for guests but that you were a victim of domestic violence during that time
and as of now Mr. Harvey is no longer living with you in the assisted unit.

65.

It was not clear whether the allegation of unauthorized occupant formed the basis of the

decision to uphold the termination, and HANO did not respond to requests for clarification.

66.

On June 18, 2024, Ms. Current's legal advocate emailed HANO to request

reconsideration of the termination decision, since she was never informed of the need for

additional documentation. At that time she provided the cover letter from Ms. Current's SLLS

tax attorney proving that the amended returns were mailed to the IRS before HANO's deadline.

67.

She received no response.

68.

On June 26, 2024, Southeast Louisiana Legal Services again notified HANO of its error, and expressed intent to take further legal action. In response, the hearing officer stated "the required information from the IRS showing that the amended return had been filed was not received by the deadline given during the hearing."

69.

As a result of the erroneous hearing decision, Ms. Current and her four minor children and her infant grandchild face imminent eviction and homelessness when their housing assistance payments are terminated on July 31, 2024.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**The Hearing Officer's decision is arbitrary and capricious, an abuse of discretion, and not based on substantial evidence because it is based on Ms. Current's failure to provide a document that was never requested.**

70.

Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71.

The business income on Ms. Current's tax returns was never received by Ms. Current, and was reported without her knowledge or consent. Ms. Current cannot read and was unaware of the business income on her tax returns.

72.

When informed that the business income on her 2022 and 2023 tax returns was not accurate, HANO informed Ms. Current that she could amend her returns in order to keep her housing assistance.

11

73.

Ms. Current retained Southeast Louisiana Legal Services' Low Income Taxpayer Clinic to amend her 2022 and 2023 taxes to remove the erroneous business income that was reported without her knowledge or consent.

74.

Ms. Current amended her returns and SLLS submitted them to the IRS by HANO's deadline.

75.

Nonetheless, HANO upheld the termination of Ms. Current's assistance.

76.

The hearing officer's upheld the termination because Ms. Current submitted her amended returns, but did not submit proof that her SLLS tax attorney had filed them with the IRS.

77.

But the hearing officer never requested additional proof that SLLS had filed the amended returns, and did not respond to counsel's offer to provide additional documents if needed.

78.

After receiving the hearing decision, Ms. Current's counsel provided a cover letter from Ms. Current's tax attorney showing that the returns were mailed to the IRS before HANO's deadline. However the hearing officer refused to reconsider his decision.

79.

The hearing officer's decision is not based on substantial evidence, is arbitrary and capricious, and is an abuse of discretion.

## SECOND CLAIM FOR RELIEF

**The Hearing Officer's decision is arbitrary and capricious and an abuse of discretion because it did not consider mitigating factors, as required by HANO's Administrative Plan.**

80.

Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

12

81.

HANO's Administrative Plan **requires** that HANO consider the following when determining whether to terminate assistance for family caused errors and/or program abuse:

- The seriousness of the offense and the extent of participation or culpability of individual family members;

- Any special circumstances surrounding the case;

- Any mitigating circumstances related to the disability of a family member; and

- The effects of a particular remedy on family members who were not involved in the offense.[4]

82.

But the hearing officer failed to consider any of these factors, including the fact that Ms. Current's four minor children would face eviction and homelessness if the termination was upheld, and the fact that she and two of her minor children have disabilities.

83.

The hearing officer also failed to consider the special circumstances surrounding this case, namely that Ms. Current is a victim of domestic violence and faces imminent harm from her abuser due to HANO's refusal to allow her to move with assistance during this termination proceeding.

84.

The hearing officer also failed to consider that Ms. Current was a victim of tax preparer fraud, and took immediate steps to correct the error on her tax returns as soon as it was brought to her attention, despite the risk of incurring liability to the IRS.

85.

The hearing officer also failed to consider that Ms. Current was now connected with a social worker who could assist her moving forward.

86.

---

[4] *Supra* note 1.

13

HANO's failure to follow its own policy that requires consideration of the above mitigating factors renders the hearing officer's decision arbitrary and capricious and an abuse of discretion.

## THIRD CLAIM FOR RELIEF

**The Hearing Officer's decision is arbitrary and capricious because HANO has established no violation of the Section 8 family obligations.**

87.

Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

88.

Ms. Martin accurately reported her income to HANO.

89.

The errors in Ms. Martin's past tax filings, now corrected, do not provide a basis for a HCV program termination.

90.

As such, the hearing officer's decision is not based on substantial evidence, is arbitrary and capricious, and is an abuse of discretion.

## FOURTH CLAIM FOR RELIEF

**To the extent that the decision to uphold Ms. Current's termination is based on the allegation that her abuser was an unauthorized occupant, it violates VAWA.**

91.

Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92.

VAWA, and HANO's Administrative Plan, prohibit termination of a participant's HCV assistance as a direct result of domestic violence. 24 C.F.R. § 5.2005.

93.

14

The hearing decision is ambiguous as to whether the termination was upheld, in part, due to the allegation that Ms. Current's abuser was an unauthorized occupant.

94.

Ms. Current submitted to HANO a protective order showing that she was a victim of domestic violence at the hands of Jessie Harvey. She also requested an emergency transfer twice due to Mr. Harvey's acts of domestic violence against her. Once such act occurred *while she was waiting for HANO's hearing decision.*

95.

To the extent that the decision to uphold Ms. Current's termination is based on the allegation that her abuser was an unauthorized occupant, it violates VAWA and is therefore arbitrary, capricious, and contrary to law.

## FIFTH CLAIM FOR RELIEF

**To the extent that the decision to uphold Ms. Current's termination is based on the allegation that her abuser was an unauthorized occupant, it was based solely on a police report that stated Mr. Harvey resided at Ms. Current's assisted unit, and was therefore not based on substantial evidence.**

96.

Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

97.

To the extent that the decision to uphold Ms. Current's termination is based on the allegation that her abuser was an unauthorized occupant, it was based solely on a police report that stated Mr. Harvey resided at Ms. Current's assisted unit.

98.

Ms. Current testified that Mr. Harvey does not live with her, has never lived with her at her assisted unit, and in fact is her abuser against whom she has a protective order.

99.

15

Hearsay in the police report alone does not constitute substantial evidence sufficient to meet HANO's burden, because factors assuring underlying reliability and probative value were not present.

100.

Therefore the decision to uphold the termination based on the alleged unauthorized occupant was not based on substantial evidence.

## FIFTH CLAIM FOR RELIEF

**The hearing officer's decision that Ms. Current was not eligible for a VAWA transfer violated VAWA and HANO's policies, and therefore was arbitrary and capricious and not in accordance with law.**

101.

Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

102.

Ms. Current requested an emergency transfer under VAWA on March 7, 2024 and required all required documentation of domestic violence under VAWA. HANO failed to allow Ms. Current to move with continued assistance.

103.

Ms. Current requested an emergency transfer under VAWA again on June 4, 2024. HANO failed to allow Ms. Current to move with continued assistance.

104.

In the hearing, the hearing officer stated that Ms. Current was not eligible for a VAWA transfer because she was currently out of compliance with program rules.

105.

But Ms. Current was not out of compliance because her termination at that time was only proposed, and no hearing decision had been issued.

106.

16

Moreover, VAWA and its implementing regulations require that the agency have a policy to allow a participant to "move quickly with . . . assistance." 24 C.F.R. § 5.2005(e)(9).

107.

HANO's Administrative Plan states that a family is allowed to move with continued assistance where a family member is a victim of domestic violence and the move is needed to protect the health and safety of the family.[5]

108.

HANO's Administrative Plan further states that "[t]enants who are not in good standing may still request an emergency transfer if they meet the eligibility requirements in this section."[6]

109.

The hearing officer's decision that Ms. Current was not eligible for transfer while she was working to amend her tax returns therefore violated VAWA and was contrary to law, and violated HANO's Administrative Plan and was therefore arbitrary and capricious.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff respectfully requests that this Court:

a. Allow Plaintiff to file this action and proceed *in forma pauperis*;

b. Order the Defendant to file the complete record of its administrative review of Ms. Current's proposed termination from the HCV program for the court's review;

c. After review of the record and hearing any arguments of counsel, vacate Defendant's decision terminating Ms. Current's housing assistance as not based on substantial evidence, arbitrary, capricious, and an abuse of discretion;

d. Tax costs of this proceeding to the Defendant, and

e. Award other relief as this Court may deem to be just and proper.

Respectfully submitted:

---

[5] *Id.* at 16-1.
[6] *Id.* at 16-2.

17

SOUTHEAST LOUISIANA LEGAL SERVICES

By: _____

HANNAH ADAMS, LSBA # 36343
DAVID WILLIAMS, LSBA #17867
1340 Poydras St. Suite 600
New Orleans, Louisiana  70112
Telephone: (504) 529-1000, ext. 258
Fax: (504) 596-2241


*Attorney for Plaintiff Tiffanie Current*

Please Serve:

Housing Authority of New Orleans
Keva Landrum, General Counsel
4100 Touro St.
New Orleans, LA 70122

18

**VERIFICATION**

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

BEFORE ME, the undersigned authority, personally came and appeared TIFFANIE

CURRENT who, being by me first duly sworn, deposed; that she is the plaintiff in the attached

Petition, and that all allegations of fact made in the Petition, except those allegations expressly

made on information and belief; affiant believes to be true.

TIFFANIE CURRENT

SWORN TO AND SUBSCRIBED
BEFORE ME ON THIS ___8___ DAY OF __July__ 2024

NOTARY PUBLIC

HANNAH ADAMS
Notary Public
Notary ID No. 144209
Orleans Parish, Louisiana

ATTORNEY'S NAME:    Adams, Hannah D 36343
AND ADDRESS:    1340 Poydras St. Ste 600, New Orleans, LA 70112

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2024-06181                 DIVISION: J                 SECTION: 15
                          CURRENT, TIFFANIE

### Versus

### HOUSING AUTHORITY OF NEW ORLEANS

### CITATION

TO:          HOUSING AUTHORITY OF NEW ORLEANS

THROUGH:     KEVA LANDRUM, GENERAL COUNSEL

             4100 TOURO ST., NEW ORLEANS, LA 70122

## YOU HAVE BEEN SUED:

You must either comply with the demand contained in the

PETITION FOR JUDICIAL REVIEW OF HOUSING AUTHORITY DECISION TO TERMINATE HOUSING ASSISTANCE

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA July 18, 2024**

**Clerk's Office, Room 402**          **CHELSEY RICHARD NAPOLEON, Clerk of**
**Civil Courts Building**             **The Civil District Court**
**421 Loyola Avenue**                 **for the Parish of Orleans**
**New Orleans, LA 70112**             **State of LA**
                                      **by**
                                      **Ellen Philbrick, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| PETITION FOR JUDICIAL REVIEW OF HOUSING AUTHORITY DECISION TO TERMINATE HOUSING ASSISTANCE | PETITION FOR JUDICIAL REVIEW OF HOUSING AUTHORITY DECISION TO TERMINATE HOUSING ASSISTANCE |
| ON HOUSING AUTHORITY OF NEW ORLEANS | ON HOUSING AUTHORITY OF NEW ORLEANS |
| THROUGH  KEVA LANDRUM, GENERAL COUNSEL | THROUGH  KEVA LANDRUM, GENERAL COUNSEL |
| Returned the same day | by leaving same at the dwelling house or usual place of abode, in the hands of |
| No. _____ | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose |
| Deputy Sheriff of _____ | name and other facts connected with this service I learned by interrogating |
| Mileage: $ _____ | HIM/HER the said HOUSING AUTHORITY OF NEW ORLEANS being |
| / ENTERED / | absent from the domicile at time of said service. |
| PARISH        RETURN | Returned the same day |
| SERIAL NO.    DEPUTY    PARISH | No. _____ |
|  | Deputy Sheriff of _____ |

ID: 11427104                 Page 1 of 2

Civil Code of Procedures

Article 1001

Art. 1001. Delay for answering

        A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

        B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

        C. The court may grant additional time for answering.

        Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

# IN FORMA PAUPERIS

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO. 2024-06181

## TIFFANIE CURRENT

Division: J-15

### VERSUS

## HOUSING AUTHORITY OF NEW ORLEANS

FILED: _____          _____
                                    **DEPUTY CLERK**

### EMERGENCY MOTION FOR STAY OF HOUSING AUTHORITY DECISION
### PENDING JUDICIAL REVIEW

NOW INTO COURT comes Plaintiff, TIFFANIE CURRENT, who moves for a stay

order to prevent Defendant Housing Authority of New Orleans ("HANO") from terminating its

Housing Assistance Payments to Ms. Current's landlord, set to occur on July 31, 2024. In staying

the termination, the Court should order that HANO continue to provide all program benefits and

protections to Ms. Current, and specifically that HANO allow her to move with continued

assistance to escape imminent threat of physical harm from domestic violence.

As laid out in her Memorandum in support, Ms. Current is likely to succeed on the merits

of her case because HANO's hearing decision to terminate her assistance is arbitrary and

capricious, not based on substantial evidence, and contrary to law and HANO's own policy.

Moreover Ms. Current and her four minor children and infant grandchild face irreparable harm in

the form of certain eviction and homelessness, as well as imminent harm from Ms. Current's

abuser, if HANO is not ordered to continue her assistance as prayed for.

HANO's counsel have been notified[1] and do not consent to the issuance of a stay.

Respectfully submitted:
SOUTHEAST LOUISIANA LEGAL SERVICES

By: _____

Amanda Golob, Louisiana Bar No. 32146
Hannah Adams, Louisiana Bar No. 36343
David H. Williams, Louisiana Bar No. 17867
1340 Poydras St. Suite 600
New Orleans, Louisiana 70112-2401
Telephone: (504) 529-1000, ext. 260
Fax: (504) 596-2241
agolob@slls.org
*Attorneys for Plaintiff Tiffanie Current*

---

[1] Exhibit 4.

1

**CERTIFICATE OF SERVICE**

I, the undersigned, do certify that a copy of the above motion has been served upon

Defendants through their attorney of record, by first class mail and electronic mail this _23_ day

of ___July___, 2024.

_____

Hannah Adams, LSBA# 36343

2

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO. 2024-06181                                              Division: J-15

**TIFFANIE CURRENT**

**VERSUS**

**HOUSING AUTHORITY OF NEW ORLEANS**

FILED: _____                    _____
                                                            **DEPUTY CLERK**

**STAY ORDER**

Considering the Emergency Motion for Stay of Housing Authority Decision Pending

Judicial Review, the irreparable injury at issue and the plausible merit of the petition, and this

Court's authority in para materia to the statutory authorization under La. R.S. 978.1 to issue an

ex parte stay while the case is on judicial review:

**IT IS ORDERED** that the June 7, 2024 hearing decision terminating Ms. Current's

housing assistance as of July 31, 2024 is STAYED until further order of this court;

**IT IS FURTHER ORDERED** that the Housing Authority proceed with processing Ms.

Current's Violence Against Women Act program move until further order of this court.

[and/or]

**IT IS FURTHER ORDERED** that the Housing Authority of New Orleans show cause

on the _____day of _____, 2024 at _____ o'clock ___.m., why HANO

should not be stayed from terminating Ms. Current's assistance, set to terminate on July 31,

2024, and why it should not be ordered to immediately process her program move due to

domestic violence.

[and if a hearing is ordered]

**IT IS FURTHER ORDERED** that if Defendant seeks to have the Court's decision not

be based on the partial administrative record tendered by the Plaintiff, at least 3 days before the

hearing Defendant shall file with the Court and deliver to Plaintiff's counsel a complete copy of

the administrative record.

1



Signed in New Orleans, Louisiana on _____, 2024,

at _____ o'clock ____.m.

_____
HON. JUDGE D. NICOLE SHEPPARD

Please Serve:

Housing Authority of New Orleans
Through Counsel, Kathryn Knight
Stone Pigman Walther Wittmann, LLC
909 Poydras St #3150
New Orleans, LA 70112

2



**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO. 2024-06181                                                    Division: J-15

**TIFFANIE CURRENT**

**VERSUS**

**HOUSING AUTHORITY OF NEW ORLEANS**

FILED: _____    _____
                                                    **DEPUTY CLERK**

**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR STAY OF**
**HOUSING AUTHORITY TERMINATION DECISION PENDING JUDICIAL REVIEW**

### I.  INTRODUCTION

The underlying petition for judicial review arises from the Housing Authority of New Orleans' decision to uphold the termination of Ms. Current's Housing Choice Voucher Program ("HCVP" or "Section 8") benefits. Unless immediately stayed, Ms. Current's termination will go into effect on July 31, 2024, and HANO will cease making Housing Assistance Payments to Ms. Current's landlord as of August 1, 2024.[2] Ms. Current cannot afford to pay the full rent by herself because of her limited income.[3] Immediately thereafter, Ms. Current's landlord can file a petition to evict Ms. Current from her home for nonpayment of rent. If this happens, Ms. Current, her four minor children, and her infant grandchild will be rendered homeless and will suffer severe emotional, academic, and economic harm.[4]

In addition, Ms. Current has twice requested that HANO transfer her to a new unit under the Violence Against Women Act ("VAWA")[5] because she is a victim of domestic violence,[6] and her abuser knows where she lives,[7] and recently physically assaulted her there.[8] Ms. Current requests that as a condition of the stay order, and after an evidentiary hearing, HANO be ordered to issue her to move with continued assistance to escape imminent domestic violence.

---

[2] Exhibit 1, ¶ 4; Exhibit 1-A.
[3] Exhibit 1, ¶ 32.
[4] Exhibit 1, ¶ 34, 37, 38.
[5] Exhibit 1, ¶ 14, 29; Exhibit 1-B, 1-E.
[6] Exhibit 1, ¶ 9.
[7] Exhibit 1, ¶ 21.
[8] Exhibit 1, ¶ 27.

1



There is no specific statute governing the judicial review, but courts have recognized a right to judicial review as to agencies outside the state's Administrative Procedure Act, and have applied similar procedure by analogy. La. R.S. § 49:978.1 in the Louisiana Administrative Procedure Act authorizes an *ex parte* stay.

## II.    FACTUAL BACKGROUND

The following facts set out in the administrative record, and confirmed by the attached affidavits are pertinent to this memorandum:

HANO is planning to terminate Ms. Current's housing assistance on July 31, 2024 because of its hearing officer's finding:

#1 and 2: That she did not comply with a HANO request to supply information relevant to her income and that the information she provided was false or incomplete. But the hearing officer's concern was that Ms. Current's tax forms listed more income than she reported to HANO. A tax attorney provided by SLLS then amended Ms. Current's tax returns to list the correct income. But the hearing officer still issued an adverse ruling because "We would need official documentation from the IRS to show that they received the amended return to calculate the correct amount owed to HANO, if anything."[9] But the hearing officer never made any request to Ms. Current for anything official from the IRS.

#3: The hearing decision also mentions occupancy of the subsidized unit by an unauthorized individual, but HANO's hearing officer concludes, "Based on the evidence it appears that Mr. Harvey did live with you for longer than HANO allows for guests but that you were a victim of domestic violence during that time and as of now Mr. Harvey is no longer living with you in the assisted unit."[10]

Ms. Current's affidavit shows that she established in the hearing that she is a single mother who supports her four minor children and one grandchild, ages three months, six, eight, ten, and thirteen, on a fixed income.[11] Her sole source of income is Supplemental Security Income and Social Security received for herself and two of her minor children.[12] She receives

---

[9] Exhibit 1, ¶ 4; Exhibit 1-A.
[10] Exhibit 1, ¶ 4; Exhibit 1-A.
[11] Exhibit 1, ¶ 5.
[12] Exhibit 1, ¶ 6.

this income because she cannot read and has mental disabilities.[13] Two of her children also have disabilities.[14] Because of her fixed income, she cannot afford rent on the private market.[15] She relies on rental assistance through the Section 8 Housing Choice Voucher ("HCV) program administered by HANO.[16]

In 2022 and 2023 Ms. Current's sole income was the aforementioned Supplemental Security Income and Social Security, which she reported to HANO.[17]

Ms. Current is a victim of domestic violence at the hands of her children's father, Jessie Harvey.[18] In September 2023 Mr. Harvey attempted to break windows and kick down Ms. Current's door. Mr. Harvey was arrested and charged with domestic abuse battery involving strangulation and domestic abuse child endangerment. The criminal court issued a stay-away order to protect Ms. Current. Mr. Harvey ultimately pled guilty to both charges and was released on probation in December, 2023. As part of sentencing, the criminal court issued a protective order to protect Ms. Current from Mr. Harvey. The order was issued on December 5, 2023 and lasts until December 5, 2025. Under the protective order, Mr. Harvey may not go within 100 yards of Ms. Current's residence.[19] At no time did Mr. Harvey reside in Ms. Current's assisted unit.[20]

During the week of February 26, 2024, Mr. Harvey abducted Ms. Current's eight year old son from school. Ms. Current did not know where her son was until he was returned by Mr. Harvey's mother on March 6, 2024.[21] On March 7, 2024, Ms. Current's legal advocate sent an emergency transfer request to HANO under the Violence Against Women Act ("VAWA"), attaching the protective order and a HUD form 5382 "Certification of Domestic Violence."[22]

---

[13] Exhibit 1, ¶ 7.
[14] Exhibit 1, ¶ 8.
[15] Exhibit 1, ¶ 31.
[16] Exhibit 1, ¶ 32.
[17] Exhibit 1, ¶ 19.
[18] Exhibit 1, ¶ 9.
[19] Exhibit 1, ¶ 11.
[20] Exhibit 1, ¶ 10.
[21] Exhibit 1, ¶ 12.
[22] Exhibit 1, ¶ 14; Exhibit 1-B; Exhibit 2, ¶ 5; Exhibit 2-A.

HANO refused to transfer Ms. Current.[23] Instead, on March 7, 2024, HANO sent Ms. Current a notice proposing to terminate her assistance for (1) failure to supply required information, and (2) failure to provide truthful and complete information, in violation of her family obligations under the program. HANO also alleged that (3) Ms. Current had an unauthorized occupant, supposedly the abuser Jessie Harvey.[24]

The first two allegations were based on Ms. Current's 2022 and 2023 tax returns, which listed business income she had not reported to HANO.[25] Ms. Current was not aware that her tax preparer had put business income on her 2022 and 2023 tax returns, as she did not tell her tax preparer that she made business income and did not consent to the addition.[26] She did not, in fact, have a business or make business income.[27]

The third allegation was based on police reports listing Jessie Harvey as an occupant at Ms. Current's assisted unit.[28]

Ms. Current timely requested an informal hearing. The informal hearing was held on April 1, 2024. At the hearing, Ms. Current explained that she did not make the business income her tax reporter wrote on her tax returns. She also explained that Mr. Harvey did not live with her and was, in fact, her abuser and under an order to stay away. She presented a protective order as evidence of domestic violence. She explained that she faced imminent harm due to HANO's failure to allow her to move, since her abuser knew where she lived.[29]

Based on the fact that the income on her tax returns was inaccurate, the hearing officer gave her until June 3, 2024 to amend her returns to reflect her actual income.[30] The hearing officer stated that she was not eligible for a VAWA transfer while she was amending her returns because she was currently out of compliance with program rules, even though she had explained that the income she reported to HANO was accurate.[31]

---

[23] Exhibit 1, ¶ 15.
[24] Exhibit 1, ¶ 16, 17; Exhibit 1-C.
[25] Exhibit 1, ¶ 18.
[26] Exhibit 1, ¶ 20.
[27] Exhibit 1, ¶ 19.
[28] Exhibit 1, ¶17; Exhibit 1-C.
[29] Exhibit 1, ¶ 21.
[30] Exhibit 1, ¶ 22.
[31] Exhibit 1, ¶ 23.

Prior to the June 3, 2024, date the hearing officer set Ms. Current met with Southeast Louisiana Legal Services Low Income Taxpayer Clinic attorney Paul Tuttle and amended her 2022 and 2023 tax returns to reflect that she made $0 business income.[32]

The final hearing officer decision added an additional requirement not previously specified: that IRS confirmation of the amended return be provided. Paul Tuttle's Affidavit and Ms. Current's counsel's correspondence with HANO explains that the SLLS Low Income Taxpayer Clinic is not set up as a tax preparation service; as such Attorney Tuttle cannot e-file amended returns. Instead, he must mail them in to the IRS.[33] SLLS has no control or influence over how quickly the IRS, a federal agency, processes amended returns.[34]

On May 24, 2024, Ms. Current's counsel sent her amended returns (IRS 1040X forms)[35] to HANO by email, stating, "I have attached Ms. Tiffanie Current's amended tax returns for the years 2023 & 2022. Please let me know if you need any additional information."[36] The hearing officer did not respond to the email or request any additional information.[37]

On June 3, 2024, Jessie Harvey came to Ms. Current's assisted unit and physically assaulted her.[38]

On the same day, following this incident, Ms. Current's counsel sent another emergency transfer request under VAWA.[39]

HANO again refused to transfer her to safety.[40] Instead, on June 7, 2024, the hearing officer issued a decision upholding the termination of Ms. Current and her children's housing assistance.[41]

The hearing decision stated,

> On May 24, 2024, your attorney provided a copy of 2 form 1040-X for amending tax returns that were filled out showing no income for you for the disputed time periods. There was no indication that the forms had been filed with the IRS but based on the information in the forms you would owe the IRS $19,856 if you filed the amended returns. We would

---

[32] Exhibit 1, ¶ 24.
[33] Exhibit 3, ¶ 3; Exhibit 4, ¶ 3; Exhibit 3-A.
[34] Exhibit 3, ¶ 4.
[35] Exhibit 1, ¶ 26; Exhibit 1-D.
[36] Exhibit 2, ¶ 8, 9; Exhibit 2-C.
[37] Exhibit 2, ¶ 9, 10; Exhibit 2-C.
[38] Exhibit 1, ¶ 27.
[39] Exhibit 1, ¶ 28, 29; Exhibit 1-E; Exhibit 2, ¶7; Exhibit 2-B.
[40] Exhibit 1, ¶ 30.
[41] Exhibit 1, ¶ 4; Exhibit 1-A.

need official documentation from the IRS to show that they received the amended return to calculate the correct amount owed to HANO, if anything.[42]

But the hearing officer never asked for documentation to prove that the amended returns had been filed. Nor did the hearing officer respond to SLLS's offer to provide any additional documentation that was needed.[43] As such, it was not clear that that documentation was required. Further, the IRS does not provide receipts for mailed returns.[44]

Regarding the alleged unauthorized occupant, the hearing officer concluded:

Based on the evidence it appears that Mr. Harvey did live with you for longer than HANO allows for guests but that you were a victim of domestic violence during that time and as of now Mr. Harvey is no longer living with you in the assisted unit.[45]

From the decision it does not seem that the allegation of unauthorized occupant formed the basis of the decision to uphold the termination, but HANO did not respond to requests for clarification.

On June 18, 2024, Ms. Current's legal advocate emailed HANO to request reconsideration of the termination decision,[46] since she was never informed of the need for additional documentation. At that time, she provided the cover letter from Ms. Current's SLLS tax attorney proving that the amended returns were mailed to the IRS before HANO's deadline.[47]

On June 26, 2024 Ms. Current's counsel emailed HANO to request reconsideration of the termination decision again, explaining that SLLS's Low Income Taxpayer Clinic cannot electronically file returns and must instead mail them in, and that SLLS cannot control how quickly the IRS processes amended returns.[48]

As a result of the erroneous hearing decision, Ms. Current and her four minor children face imminent eviction and homelessness when their housing assistance payments are terminated on July 31, 2024.[49] Because of Ms. Current's limited fixed income of about $1,500 per month, she cannot afford rent on the private market.[50] After her monthly food, utility, phone bill, and

---

[42] Exhibit 1, ¶ 4; Exhibit 1-A.
[43] Exhibit 2, ¶ 9, 10; Exhibit 2-C.
[44] Exhibit 3, ¶ 4.
[45] Exhibit 1, ¶ 4; Exhibit 1-A.
[46] Exhibit 2, ¶ 11.
[47] Exhibit 2, ¶ 12; Exhibit 2-D.
[48] Exhibit 4, ¶ 3; Exhibit 4-A.
[49] Exhibit 1, ¶ 34.
[50] Exhibit 1, ¶ 31.

child-related expenses she has nothing left.[51] HANO currently pays all of her rent.[52] Her landlord

can move to evict her as early as August 1, 2024. She and her children would be forced to move

and to stay temporarily with friends or family where they would incur additional out-of-pocket

food and lodging expenses. They would have to sleep on couches or the floor.[53] She cannot

afford to pay for a storage unit, so she would likely lose many of her belongings and furniture.[54]

Her school age children would suffer academically from such housing instability just as they are

beginning a new school year.[55] She, her children, and the baby will experience severe physical

and emotional harm being homeless without anywhere to go.[56]

Even with assistance, unless she is permitted to transfer to a new unit, Ms. Current also

faces imminent physical injury from her abuser, Jessie Harvey, who already violated her

protective order by coming to her house and physically assaulting her on June 3, 2024.[57]

## III.    APPLICABLE LAW

### a.    Standard of Review – Judicial Review

The judicial review procedures of the Louisiana Administrative Procedures Act

("LAPA") do not apply to local housing authorities, which are political subdivisions. La. R.S.

40:406(B) (exempting housing authorities from LAPA); La. R.S. § 49:951(3) (specifying *state*

agencies are subject to the LAPA). However, as set out below Louisiana courts have repeatedly

held that judicial review exists outside of LAPA.

The Third Circuit thoroughly analyzed the authorities and applied them to a Housing

Authority decision to remove a board member where, like the absence of express authority in the

Housing Authorities Law for appeal of a termination decision, "nowhere in the Housing

Authority's law is there set forth the procedure for appeal of such removal." *Messina v. Rapides

Par. Police Jury*, 373 So. 2d 745, 748 (La. App. 3d Cir. 1979), *writ denied*, 376 So. 2d 1268 (La.

---

[51] Exhibit 1, ¶ 31.
[52] Exhibit 1, ¶ 32.
[53] Exhibit 1, ¶ 35, 39.
[54] Exhibit 1, ¶ 36.
[55] Exhibit 1, ¶ 38.
[56] Exhibit 1, ¶ 37.
[57] Exhibit 1, ¶ 27, 41.

1979).[58] It followed in part Fourth Circuit decisions regarding other non-statutory administrative reviews. *Gertler v. City of New Orleans*, 346 So. 2d 228 (La. App. 4th Cir. 1977); *River Oaks-Hyman Place Homeowners Civic Ass'n v. City of New Orleans*, 281 So. 2d 293 (La. App. 4th Cir. 1973). But it also looked at the analogous Administrative Procedure Act and other cases in deciding:

> [T]he most logical standard is that set forth in the above, analogous, cases involving school boards, civil service boards, zoning boards, and an executive order in an adjudicatory proceeding under the Administrative Procedure Act, to-wit [whether the decision below is]:
>
> (1) In accordance with authority and formalities of the law and
> (2) Supported by substantial evidence, in that the action was not arbitrary or capricious or an abuse of discretion.

*Messina*, 373 So. 2d at 749; *see also Tanner v. Baton Rouge*, 422 So. 2d 1263 (La. App. 1st Cir. 1982), *writ denied*, 429 So. 2d 128 (La. 1983).; *Cochran v. City of Baton Rouge*, 399 So.2d 656 (La. App. 1st Cir. 1981).

Even where a government body is ***expressly exempted or excluded from LAPA,*** judicial review of the body's decisions is nonetheless available. *See Collector of Revenue v. Murphy Oil Co.*, 351 So. 2d 1234, 1236 (La. App. 4 Cir. 1977) (though the Board of Tax Appeals' decision was specifically exempted from LAPA, it was nonetheless subject to review for whether the Board correctly applied the law and whether its findings of fact were supported by substantial evidence).

Following the express exclusion of political subdivisions from LAPA in July, 1979,[59] numerous courts have upheld judicial review of the administrative decisions of political subdivisions, like HANO. In *Tanner v. Baton Rouge,* a plumber had been discharged from his job with the city and had been unsuccessful in his administrative appeals. 422 So. 2d at 1264. He claimed that he had the right to file an ordinary proceeding in District Court challenging the decisions below. Both the trial court and First Circuit followed other Louisiana cases recognizing

---

[58] Decided just prior to the amendment of LAPA on June 20, 1979; rehearing denied on August 15, 1979.
[59] The Fourth Circuit Court of Appeal explained the 1979 amendment in *George v. Dep't of Fire*, 637 So. 2d 1097, 1103 (La. App. 4 Cir. 1994) (finding that LAPA's notice and hearing requirements did not apply to its review of a civil service commission decision because of the political subdivision exclusion).

the courts' jurisdiction to review administrative decisions of the City, which is a political subdivision. The First Circuit stated "[e]ven in the absence of statutory authority, the right of judicial review of administrative proceedings exists" and that when a district court reviews agency decisions, it is "exercising its exclusive original jurisdiction." *Id.* at 1265 (quoting *Anderson v. State*, 363 So.2d 728, 730 (La. App. 2 Cir.1978)).

Similarly, in *Star Enter. v. State Through Dep't of Revenue & Tax'n*, the First Circuit held that the district court had subject matter jurisdiction to review rulemaking by the Louisiana Department of Revenue and Taxation, which is expressly exempted from such review under LAPA, La.R.S. § 49:967. 95-1980, p. 11 (La. App. 1 Cir. 6/28/96), 676 So. 2d 827, 833, *writ denied sub nom. Star Enterprises v. State Through Dep't of Revenue & Tax'n*, 96-1983 (La. 3/14/97), 689 So. 2d 1383. The Court of Appeal held that

> We need not determine the legislature's purpose in failing to make the judicial review provision applicable to the Department, for that omission simply cannot have the effect suggested by the Department. Subject matter jurisdiction is conferred by the Louisiana Constitution and not by statute. La. Const. art. 5, § 16 vests Louisiana district courts with original jurisdiction over all civil matters, ex[cep]t as otherwise authorized by the Constitution.

*Id.* The Court further held and that the challenge to the administrative rule was "a 'civil matter' falling under the original jurisdiction of the district courts." *Id.* The Court went on to note that "[t]he legislature could not, by statute, divest the trial court of its constitutional subject matter jurisdiction to determine the legality of an administrative rule . . . ." *Id.* This gave the District Court "the power to issue all orders and process in the aid of the jurisdiction." *Id.*, at 833 (citing La. Const. art. 5, § 2).

More recently, the Fourth Circuit cited *Star Enter.* for the premise that "courts will find jurisdiction for review of administrative matters even in the absence of specific authority." *Cotrell v. Div. of Hous. & Neighborhood Dev.*, 2002-0816, p. 6 (La. App. 4 Cir. 10/16/02), 830 So. 2d 1083, 1086. In *Cotrell*, the Fourth Circuit recognized that the District Court had jurisdiction to review a Civil Service Commission decision on a non-disciplinary, non-discrimination issue, though LAPA did not apply. *Id. See also Summers v. Vermilion Par. Sch. Bd.*, 493 So. 2d 1258, 1265 (La. App. 3 Cir. 1986), *writ denied*, 497 So. 2d 312 (La. 1986) (where "by its very terms [LAPA] is inapplicable to a political subdivision such as the School

Board," the School Board's dismissal of an employee was nonetheless subject to judicial review to determine if it was supported by substantial evidence, arbitrary, capricious, or an abuse of discretion); *Hagood v. Pickering*, 385 So. 2d 405, 409 (La. App. 3 Cir. 1980) (a decision not subject to LAPA because it did not require a hearing was nonetheless "subject to judicial review and that the scope of review is limited to a determination of whether the ruling was unreasonable, arbitrary or capricious or amounted to an abuse of discretion.").

Notably at last one Louisiana Court of Appeal as upheld a stay of an housing authority's decision to terminate a participant's Section 8 Housing Choice Voucher Program benefits during judicial review. *Williams v. Hous. Auth. of City of Slidell*, No. 2015 CA 0624, 2015 WL 6951286 (La. App. 1st Cir. Nov. 9, 2015) (styled as a preliminary injunction).

### b. Standard of Review – Stay

Plaintiff requests both that the June 7, 2024 decision terminating her housing assistance as of July 31, 2024 be stayed pending judicial review, and that as a condition of that stay order HANO be ordered to allow her to move with continued assistance to escape domestic violence.

As previously established, the Louisiana Administrative Procedures Act ("LAPA") does not apply to housing authorities, but "[w]here no standard of judicial review is set out in the law . . . the most logical standard is that set forth in . . . analogous, cases ... and. . . under the Administrative Procedure Act." *Messina*, 373 So. 2d at 749. LAPA permits a reviewing court to order "a stay *ex parte* upon appropriate terms . . . ." La. R.S. § 49:978.1(C) (emphasis added). That statute provides that the Court may also choose to "require that the stay be granted in accordance with the local rules of the reviewing court pertaining to injunctive relief and the issuance of temporary restraining orders." La. R.S. § 49:978.1. The Orleans Local Rule on Duty Judges provides with regard to administrative stays that they are to be heard by the Duty Judge and counsel should certify as to notice to opposing counsel and support the irreparable injury in verified petition or affidavits, at 1(F):

> All requests for an administrative stay must be presented to the Duty Judge and will be processed similar to a request for a temporary restraining order (CCP Art. 3603) in the following manner:
>
> an application for an administrative stay must be by a verified petition of appeal and/or by supporting affidavits stating specific facts which show that immediate and irreparable injury, loss or damage will result to the

10

applicant before the adverse party or his attorney can be heard in
opposition to the granting of the administrative stay and the applicant or
his attorney must certify to the Court in writing what efforts have been
made to give notice to the adverse party of the request for an
administrative stay or the reasons supporting his claim that notice would
not be given to the adverse party.

As such, this Court can grant relief *ex parte* similar to a temporary restraining order, and

then allow Defendant counsel to be heard as to the continuing status of the stay order. Counsel's

certification of notice appears as Exhibit 4.

The factors Louisiana courts have considered when determining whether a stay of an

administrative adjudication decision pending judicial review is appropriate are:

(1) Has the petitioner made a strong showing that he is likely to prevail on the merits?
(2) Has the petitioner shown that without such relief, he will sustain irreparable injury?
(3) Would the issuance of the stay order substantially harm other parties interested in the
proceedings?
(4) Where does the public interest lie?

*Summers v. Sutton*, 428 So. 2d 1121, 1125 (La. App. 1st Cir. 1983) (citing *Virginia Petroleum*

*Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)).

As to Plaintiff's request that this Court order HANO to process an emergency program

move due to domestic violence as a condition of the stay order, this may be seen as analogous to

issuance of a mandatory preliminary injunction in an ordinary proceeding. In ordinary

proceedings mandatory injunctions may be issued after an evidentiary hearing where the mover

shows by a preponderance of the evidence that he is entitled to the preliminary injunction.

*Denta-Max v. Maxicare La. Inc.*, 671 So. 2d 995, 996 (La. App. 4th Cir. 1996). But the instant

proceeding is a judicial review proceeding, and the record is ordinarily limited to consideration

of what was before the administrative agency.

IV.   **APPLICABLE LAW**

   a. **Ms. Current is likely to prevail on the merits of her judicial review claims.**

      i. **HANO's decision to terminate for (#1) failure to supply required
         information, and (#2) failure to provide truthful and complete
         information, was incorrect, arbitrary and capricious, an abuse of
         discretion, and not based on substantial evidence.**

"An administrative decision is arbitrary when the administrative agency has disregarded

evidence or given inappropriate weight to evidence; the decision is capricious when the agency's

conclusion has no substantial basis or is contrary to substantiated competent evidence." *Cranford*

11

*v. Louisiana State Bd. of Prac. Nurse Examiners*, 996 So. 2d 590, 602 (citing *Coliseum Square Ass'n v. City of New Orleans*, 544 So. 2d 351 (La. 1989)).

Here, Ms. Current is likely to succeed in her claim that HANO's decision was arbitrary and capricious and not based on substantial evidence. In her administrative hearing, Ms. Current testified that the business income on her tax returns was inaccurate and reported without her knowledge or consent.[60] The hearing officer accepted this explanation and offered her an opportunity to amend her tax returns to show her actual income.[61] Ms. Current did amend her tax returns by the deadline provided by HANO, and submitted her 1040X forms to HANO showing her business income for 2022 and 2023 as $0.[62] HANO did not ask for any additional information as invited by the email submitting the forms.[63] But then the hearing officer upheld the termination because Ms. Current did not provide a second document *that HANO never asked for*: "official documentation from the IRS to show that they received the amended return."[64]

First, Ms. Current could not be expected to provide a document that was never asked for. She did exactly what HANO asked her to do- amend her returns- and she reasonably believed providing those amended returns to HANO was sufficient. Second, the hearing officer's implication that SLLS Low Income Taxpayer Clinic attorney Paul Tuttle would breach his ethical obligations by *not* submitting amended returns for a client is unreasonable. It is especially unreasonable after Ms. Current's legal advocate sent a copy of Attorney Tuttle's cover letter showing that the returns were mailed.[65] Third, the hearing officer's expectation that attorney Tuttle, or Ms. Current, can somehow control how quickly a massive federal agency processes the receipt of amended returns is certainly without reason. .

Furthermore, the decision to uphold termination due to the tax return issue is not based on substantial evidence. Ms. Current testified that she made $0 business income at her hearing.[66] Her amended returns show that she made $0 business income for 2022 and 2023.[67] Therefore

---

[60] Exhibit 1, ¶ 21.
[61] Exhibit 1, ¶ 22.
[62] Exhibit 1, ¶ 24, 26; Exhibit 1-D.
[63] Exhibit 2, ¶ 9, 10; Exhibit 2-C.
[64] Exhibit 1, ¶ 29; Exhibit 1-E.
[65] Exhibit 2, ¶ 8, 9; Exhibit 2-C.
[66] Exhibit 1, ¶ 21.
[67] Exhibit 1, ¶ 24, 26; Exhibit 1-D.

there is no discrepancy between her returns and the income reported to HANO, no breach of family obligations, and no debt owed to HANO.[68]

Finally, this is alleged by the housing authority to be a case of "family caused errors and/or program abuse," and in such cases, HANO's Administrative Plan, which governs its administration of the HCV program, *requires* consideration of mitigating circumstances. Specifically, the plan states:

> In the case of family-caused errors or program abuse, HANO *will* take into consideration:
> - The seriousness of the offense and the extent of participation or culpability of individual family members;
> - Any special circumstances surrounding the case;
> - Any mitigating circumstances related to the disability of a family member;
> - The effects of a particular remedy on family members who were not involved in the offense.[69]

(Emphasis added). Here, the hearing decision does not state anything about the fact that Ms. Current is disabled with two disabled children, the fact that her four minor children and infant grandchild will be homeless without assistance, or the fact that the family faces imminent threat of domestic violence, despite discussion of these facts in the hearing.[70] An agency's failure to adhere to its own policies is arbitrary and capricious under Louisiana jurisprudence. *Cent. La. Elec Co. v. La. Pub. Serv. Comm'n*, 377 So. 2d 1188, 1194 (La. 1979) ("If a public agency is not required to abide by its own rules and procedures, then the standard of review for 'arbitrary and capricious' action is without meaning."); *Washington-St. Tammany Elec. Co-op., Inc. v. La. Public Service Commission*, 95-1932, p. 915 fn. 3 (La. 4/8/96), 671 So. 2d 908. ("[I]t is arbitrary and capricious for the Commission to fail to apply its own rules in an adjudication before it.")

### ii. HANO's decision to terminate for (#3) unauthorized occupant was arbitrary and capricious, not based on substantial evidence, and not in accordance with law.

It does not appear from the hearing decision that the decision to uphold the termination is based on the allegation that Ms. Current's abuser was an unauthorized occupant. Requests for clarification went unanswered. If the decision was based on the unauthorized occupant

---

[68] The hearing officer's decision assumes a debt and seems to consider that an issue relevant to the termination. But it is not an issue set out in the charges stated in the hearing decision.
[69] Housing Authority of New Orleans, *Housing Choice Voucher Program Administrative Plan*, HUD Approved, 2023, p. 20-2, https://hano.org/plans/HANO_HCVP_AdminPlan_9-2023.pdf.
[70] Exhibit 1, ¶ 4; Exhibit 1-A.

13

allegation, it violated the Violence Against Women Act ("VAWA"), its implementing

regulations, and HANO's Administrative Plan. VAWA as reauthorized in 2022 states

> [A] . . . tenant of housing assisted under a covered housing program may not be . . .
> terminated from participation in . . . on the basis that the applicant or tenant is or has been
> a victim of domestic violence, dating violence, sexual assault, or stalking, if the applicant
> or tenant otherwise qualifies for admission, assistance, participation, or occupancy.

34 U.S.C. § 12491(b)(1); *see also implementing regulations at* 24 C.F.R. Part 5; Subpart L. The

HCV program is a covered program under VAWA. 34 U.S.C. § 12491(a)(3)(H) (HCV is

authorized under 42 U.S.C. 1437(f)). Acceptable documentation of domestic violence includes a

HUD certification form and/or "a record of a Federal, State, tribal, territorial, or local law

enforcement agency, court, or administrative agency." 34 U.S.C. § 12491(c)(3).

At least one court has held that termination of an HCV subsidy for failure to report an

abuser as an occupant violates VAWA. *Johnson v. Palumbo*, 154 A.D.3d 231, 243, 60 N.Y.S.3d

472, 480 (2017). In *Johnson*, a New York appellate court reviewed the decision of a housing

authority to terminate the HCV assistance of a participant for failing to report an occupant in her

home, where the occupant was an abuser and an "unwanted presence" in her home. *Id.* at 234.

The Court found that VAWA applied, because "the termination of the petitioner's participation in

the program and McGill's abusive and violent conduct against the petitioner are inextricably

intertwined." *Id.* at 246. The Court ordered the participant to be reinstated to the program. *Id.*

This case is analogous to *Johnson*, except that the alleged unauthorized occupant never

actually lived with Ms. Current.[71] Indeed, her protective order prohibits Jessie Harvey from

being within 100 yards of Ms. Current's residence.[72] On two occasions, Ms. Current submitted

the required documentation to HANO showing that she was a victim of domestic violence as a

result of abuse by Jessie Harvey.[73] Termination of Ms. Current's assistance because of her

abuser's alleged presence at her home violates VAWA. It also violates HANO's Administrative

Plan, which contains identical protections.[74] *Cent. La. Elec. Co.*, 377 So. 2d at 1194 ("If a public

---

[71] Exhibit 1, ¶ 10.
[72] Exhibit 1, ¶ 11.
[73] Exhibit 1, ¶ 14, 29; Exhibit 1-B, 1-E.
[74] Housing Authority of New Orleans, *Housing Choice Voucher Program Administrative Plan*,
HUD Approved, 2023, p. 16-2, https://hano.org/plans/HANO_HCVP_AdminPlan_9-2023.pdf.

14

agency is not required to abide by its own rules and procedures, then the standard of review for 'arbitrary and capricious' action is without meaning.") The termination is therefore arbitrary and capricious and contrary to law.

Additionally, HANO's finding that "it appears that Mr. Harvey did live with you for longer than HANO allows for guests"[75] was based solely on hearsay in two unauthenticated police reports, controverted by Ms. Current's own testimony.[76] Under LAPA (which, as previously explained does not apply but in the absence of another standard is instructive), hearsay evidence "which possesses probative value commonly accepted by reasonably prudent men in the conduct of their affairs" is admissible. La. R.S. § 49:975.1. However, the evidence must be competent. *Id.*; *see Chaumont v. City of New Orleans*, 302 So. 3d 39, 48 (La. App. 4th Cir. 2020). The Louisiana Supreme Court has found that competent evidence is evidence that

> . . . has some degree of reliability and trustworthiness and is of the type that reasonable persons would rely upon. This determination must be made on a case-by-case basis under the particular facts and circumstances. The reviewing court must evaluate the competency of the evidence under the manifest error standard.

*Chaisson v. Cajun Bag & Supply Co.,* 97-1225, p. 382 (La. 3/4/98), 708 So. 2d 375. The *Chaisson* Court found that "double hearsay" twice removed from the declarant that was relied upon by an unemployment benefits hearing officer was not competent evidence. *Id.* Here, the police report contained the same type of "double hearsay" – a statement from a police officer that Jessie Harvey told the police officer he resided at Ms. Current's assisted unit. The hearing officer relied upon this evidence in error.

The federal standard for when administrative tribunals can rely on hearsay evidence is similar, and has been applied in a similar HCV termination case. To satisfy procedural due process, hearsay may constitute substantial evidence for the purposes of an administrative agency decision *only* where (1) the out-of-court declarant was not biased and had no interest in the result of the case; (2) the opposing party could have obtained the information contained in the hearsay before the hearing and could have subpoenaed the declarant; (3) the information was not inconsistent on its face; and (4) the information has been recognized by courts as inherently

---

[75] Exhibit 1, ¶ 4; Exhibit 1-A.
[76] Exhibit 1, ¶ 21.

reliable. *U. S. Pipe & Foundry Co. v. Webb*, 595 F.2d 264, 270 (5th Cir. 1979) (citing *Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971)) (establishing the "underlying reliability and probative value" standard for hearsay as a requirement of procedural due process).

In *Basco v. Machin*, an HCV participant's subsidy was terminated for the presence of an "unauthorized occupant," like here. 514 F.3d 1177, 1182 (11th Cir. 2008) (overruled on other grounds).[77] The only evidence of the unauthorized occupant was two police reports containing the (controverted) allegation that the participant's husband told police that an unauthorized person was living in the assisted unit. *Id.* at 1180. The Court wrote that, "[a]lthough the rules of evidence are not strictly applied in administrative hearings, there are due process limits on the extent to which an adverse administrative determination may be based on hearsay evidence," citing the *U.S. Pipe & Foundry* standard for reliability of hearsay evidence. *Id.* at 1182. The Court held that the hearing officer erred in relying on the police reports as proof of an unauthorized occupant, finding the evidence "insufficient." *Id.* at 1183-84. *See also Sanders v. Sellers-Earnest*, 768 F. Supp. 2d 1180, 1187 (M.D. Fla. 2010) (in case of HCV program termination for unauthorized occupant, statements of residency in a police report "could not have been tested during the hearing and cannot be said to have been sufficiently reliable to dispossess Plaintiff and her children from their residence."); *Edgecomb v. Hous. Auth. of Town of Vernon*, 824 F. Supp. 312, 316 (D. Conn. 1993) (where housing authority's termination of public housing tenant was based solely on hearsay in police report and newspaper articles, where questions of credibility and contrary evidence were raised, "plaintiffs were denied the opportunity to confront and cross-examine the witnesses relied upon by defendants, in violation of the applicable regulations as interpreted by HUD.")

---

[77] In *Yarbrough v. Decatur Hous. Auth.*, the 11th Circuit overruled *Basco*'s ruling that the "preponderance of evidence presented at hearing" standard in federal regulations governing the HCV program created a private right enforceable under § 1983, but did not touch the hearsay issue discussed here. 931 F.3d 1322, 1327(11th Cir. 2019) (en banc). *See also Yarbrough v. Decatur Hous. Auth.*, 941 F.3d 1022, 1030 (11th Cir. 2019) (panel decision after en banc) (hearsay was sufficient since corroborated by the resident's own testimony).

Here, the only evidence that Ms. Current had an unauthorized occupant came from two unauthenticated police reports that listed her assisted unit as his address. The hearing decision states:

> One of the reports shows that Mr. Harvey stated that the assisted unit was his address. The other report dated September 23, 2023, had a statement taken by the officer in which he quoted you as stating that Mr. Harvey had lived with you at the assisted unit for five months but had moved out two weeks prior to that incident. You stated that you did not tell the officers that but did not elaborate on why the officer would claim you made the [sic][78]

The police reports do not pass the *U.S. Pipe & Foundry* test for indicia of reliability. First, Ms. Current's domestic violence abuser may have had an adverse motive or bias in reporting her address as his own. *See Sanders*, 768 F. Supp. 2d at 1187 (abuser's statement in police report that he resided in assisted unit was unreliable because "[h]aving been arrested for domestic violence based on Plaintiff's accusation, Davis no doubt had a potential bias against Plaintiff.") Ms. Current could not have subpoenaed the police officers who made the reports because there is no authority to subpoena witnesses to a housing authority informal hearing under state or federal law. *See Schexnider v. Blache*, 504 So. 2d 864, 867 (La. 1987) (holding that an administrative proceeding violated due process where unemployment hearing was not instructed on procedure to subpoena witnesses necessary to rebut the charges against him). The information in the report was not inconsistent on its face but was controverted by Ms. Current's testimony that her abuser never lived with her in the assisted unit.[79] Police reports have never been found to be "inherently reliable." Instead, the leading case on this issue found them not to be. *Basco*, 514 F.3d at 1183-84.

Because the hearing officer relied on unauthenticated police reports that did not have indicia of reliability, Ms. Current is likely to succeed on her claim that his decision was not based on substantial evidence and should be vacated.

### iii.  HANO's refusal to grant Ms. Current's emergency transfer request is arbitrary and capricious and not in accordance with law.

VAWA orders each federal agency to establish an emergency transfer policy that

allows tenants who are victims of domestic violence, dating violence, sexual assault, or stalking to transfer to another available and safe dwelling unit assisted under a covered

---

[78] Exhibit 1, ¶ 4; Exhibit 1-A.
[79] Exhibit 1, ¶ 10.

> housing program if-- (A) the tenant expressly requests the transfer; and (B)(i) the tenant reasonably believes that the tenant is threatened with imminent harm from further violence if the tenant remains within the same dwelling unit assisted under a covered housing program . . . .

34 U.S.C. § 12491(e)(1). HUD's implementing regulations, in turn, require housing authorities to implement an emergency transfer plan that must "describe policies for a tenant who has tenant-based rental assistance and who meets the requirements of paragraph (e)(2) of this section to move quickly with that assistance." 24 C.F.R. § 5.2005(e)(9). HANO's VAWA policies are located in its Administrative Plan, and state

> A tenant who is a victim of domestic violence, dating violence, sexual assault, or stalking, as provided in HUD's regulations at 24 CFR part 5, subpart L is eligible for an emergency transfer, if the tenant reasonably believes that there is a threat of imminent harm from further violence if the tenant remains within the same unit.[80]

The policy goes on to state that a tenant must simply

> notify HANO's HCVP Director and submit a written request for a transfer. . . . The tenant's written request for an emergency transfer should include "[a] statement expressing that the tenant reasonably believes that there is a threat of imminent harm from further violence if the tenant were to remain in the same dwelling unit assisted under HANO's program . . .[81]

Importantly, HANO's policy is that **"[t]enants who are not in good standing may still request an emergency transfer if they meet the eligibility requirements in this section."** (emphasis added).[82]

Ms. Current met the requirements of the HANO transfer policy, notifying HANO's HCV program director on two occasions[83] that she faced imminent harm from her abuser. But HANO refused to transfer her.[84] The hearing officer explained in the hearing that the agency could not process her VAWA transfer while she amended her tax returns because she was not in compliance with program rules.[85] Notwithstanding the fact that she *was* in compliance with program rules and no hearing decision had been issued to the contrary at that time, HANO's

---

[80] Housing Authority of New Orleans, *Housing Choice Voucher Program Administrative Plan*, HUD Approved, 2023, p. 16-2, https://hano.org/plans/HANO_HCVP_AdminPlan_9-2023.pdf.
[81] Housing Authority of New Orleans, *Housing Choice Voucher Program Administrative Plan*, HUD Approved, 2023, p. 16-2, https://hano.org/plans/HANO_HCVP_AdminPlan_9-2023.pdf.
[82] Housing Authority of New Orleans, *Housing Choice Voucher Program Administrative Plan*, HUD Approved, 2023, p. 16-2, https://hano.org/plans/HANO_HCVP_AdminPlan_9-2023.pdf.
[83] Exhibit 1, ¶ 14, 29, Exhibit 1-B, 1-E.
[84] Exhibit 1, ¶ 15.
[85] Exhibit 1, ¶ 23.

18

policy says exactly the opposite. In fact, Ms. Current was fully eligible for an emergency transfer despite the allegation that she was not in "good standing" with the program.

The result of HANO's unwillingness to process Ms. Current's emergency transfer was that she was physically assaulted in her home on June 3, 2024.[86] The hearing officer's decision that Ms. Current was not eligible for an emergency transfer violated VAWA and HANO's own policy. Ms. Current is therefore likely to succeed on the merits of her claim that this part of the decision, rendered orally, was arbitrary and capricious and not in accordance with law. *Cent. La. Elec. Co.*, 377 So. 2d at 1194.

### b. Ms. Current will suffer irreparable injury if the motion for stay is not granted.

"Irreparable injury is an injury or loss that cannot be adequately compensated in money damages, or is not susceptible to measurement by pecuniary standards." *Easterling v. Est. of Miller*, 184 So.3d 222, 229 (La. App. 4t Cir. 2015) (in the context of preliminary injunction).

Here, there is no apparent path to getting monetary damages from HANO based on its termination decision. While the above decisions establish that judicial review is available, the question of whether public entities should incur damages liability for how they perform their public functions is entirely different and such relief is usually unavailable.

In addition, Louisiana courts have found that eviction and the prospect of homelessness constitute irreparable harm. *See Williams*, 2015 WL 6951286, at *3 (finding that "eviction of an indigent tenant from public or subsidized housing has repeatedly been found to present irreparable injury"); *Robbins v. State Through State Land Off.*, 97-671, p. 966 (La. App. 3d Cir. 12/17/97), 704 So. 2d 961, 966, *writ denied*, 98-0176, p. 9 (La. 3/20/98), 715 So. 2d 1214 (affirming finding of irreparable harm sufficient to enjoin eviction because "[l]oss of the 'reasonable enjoyment' of one's home often cannot be adequately compensated by the payment of money."); *Cardona v. Rivera*, No. 2011 CA 0749, 2011 WL 5420815, at *5 (La. App. Nov. 9, 2011) (affirming trial court finding that plaintiff "would be irreparably harmed because he would be without his home and his home place."); *S. Cotton-Oil Co. v. Leathers*, 50 La. Ann. 134, 135,

---

[86] Exhibit 1, ¶ 27.

23 So. 201, 201 (1897) ("The loss of the shelter of one's house, if lost by an act of injustice, is another instance of injury which may not be compensated for in money.") (dicta).

If HANO is not immediately stayed from terminating Ms. Current's HCV Program assistance on July 31, 2024, Ms. Current, her four minor children, and her infant grandchild can be evicted for nonpayment because HANO will not make a housing assistance payment on August 1, 2023. Ms. Current cannot afford to pay the rent without her HCV Program subsidy because of her limited income as a person with disabilities.[87] If evicted, she and her children will experience homelessness[88], loss of much of their furniture and personal possessions,[89] and severe mental anguish.[90] Ms. Current's school-age children will experience housing instability right at the beginning of a new school year, which could affect their academic performance and prospects.[91] The threat of irreparable harm, should a stay not be issued, is clear.

In addition, Ms. Current is a survivor of domestic violence.[92] On two occasions, Ms. Current requested that HANO allow her to transfer with assistance to safety,[93] as required by the Violence Against Women Act ("VAWA"). In early June, Ms. Current's abuser came to her assisted unit and physically assaulted her.[94] Ms. Current fears she will be subject to imminent physical harm if HANO is not ordered to issue her a voucher and process her program move immediately.[95]

### c. Other parties interested in the proceeding will not be harmed, and the public interest favors a stay.

Other parties interested in the proceeding will not be harmed by a stay order. A stay order would mean that HANO would be required to maintain the status quo, and continue to issue Housing Assistance Payments to Ms. Current's landlord during this proceeding. However, this is a judicial review proceeding, not an ordinary proceeding. Judicial review is based on the existing (relatively limited) administrative record, there is no discovery, and therefore the matter should

---

[87] Exhibit 1, ¶ 31.
[88] Exhibit 1, ¶ 33.
[89] Exhibit 1, ¶ 36.
[90] Exhibit 1, ¶ 37.
[91] Exhibit 1, ¶ 38.
[92] Exhibit 1, ¶ 9.
[93] Exhibit 1, ¶ 14, 29; Exhibit 1-B, 1-E.
[94] Exhibit 1, ¶ 27.
[95] Exhibit 1, ¶ 40.

not take more than six months to resolve. Thus, the cost to HANO is modest compared to the cost to Ms. Current of the stay order being denied. See *Jackson v. Jacobs*, 971 F. Supp. 560, 565 (N.D. Ga. 1997) (holding that "it would be difficult to argue that the modest amount of money and administrative inconvenience a preliminary injunction would cost the [housing provider] outweighs the injury [plaintiff] would suffer if she were compelled to remain homeless.")

The public interest also favors a stay. As set forth in 42 U.S.C. § 1437f(a), the HCV program was established by Congress "[f]or the purpose of aiding lower-income families in obtaining a decent place to live and of promoting economically mixed housing . . . ." This case involves an low-income, disabled single mother and five minor children who will all be rendered homeless without a stay. The public has an interest in administrative bodies complying with federal law and their own policies, and administering programs in accordance with their mission. *See Dep't of Pub. Safety & Corr., Off. of Youth Servs. v. Savoie*, 569 So. 2d 139, 143 n.2 (La. App. 1 Cir. 1990) (citing *Cent. La. Elec. Co.* 377 So. 2d 1188) ("There is a strong public interest in requiring a government agency to follow its own rules and regulations.")

## V.    CONCLUSION

For the above reasons, Plaintiff's application for stay should be granted. A stay order would require HANO to continue to issue Housing Assistance Payments to Ms. Current's landlord, and to continue all other program benefits pending judicial review. This would include allowing Ms. Current to immediately move with continued assistance due to domestic violence. Should the Court wish to schedule this matter for hearing rather than granting relief *ex parte*, Plaintiff asks the Court to schedule a hearing prior to July 31, 2024, when her termination decision is set to go into effect.

Respectfully submitted:
SOUTHEAST LOUISIANA LEGAL SERVICES

By: _____

Amanda Golob, Louisiana Bar No. 32146
Hannah Adams, Louisiana Bar No. 36343
David H. Williams, Louisiana Bar No. 17867
1340 Poydras St. Suite 600
New Orleans, Louisiana 70112-2401
Telephone: (504) 529-1000, ext. 260
Fax: (504) 596-2241

agolob@slls.org

*Attorney for Plaintiff Tiffanie Current*

**CERTIFICATE OF SERVICE**

I, the undersigned, do certify that a copy of the above and foregoing memorandum has

been served upon Defendants through their attorney of record, by first class mail and electronic

mail this 23 day of ____July____, 2024.

Hannah Adams, LSBA # 36343

22

**EXHIBIT LIST**

2024 JUL 23  PM 2:35
CIVIL
DISTRICT COURT

1. Affidavit of Tiffanie Current as to record evidence

   A. HANO hearing decision

   B. HUD VAWA Certification of Domestic Violence

   C. Proposed termination letter

   D. IRS 1040X forms

   E. HUD VAWA Emergency Transfer Form

2. Affidavit of Theresa Ambeau

   A. March 7, 2024 correspondence with HANO

   B. June 4, 2024 correspondence with HANO

   C. May 24, 2024 correspondence with HANO

   D. June 18, 2024 correspondence with HANO

3. Affidavit of R. Paul Tuttle

4. Affidavit of Hannah Adams

   A. June 26, 2024 notice to HANO

   B. July 19, 2024 notice to HANO

   C. July 22, 2024 notice to HANO





CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2024-06181                                                Division: J-15

TIFFANIE CURRENT

VERSUS

HOUSING AUTHORITY OF NEW ORLEANS

FILED: _____         _____

DEPUTY CLERK

**AFFIDAVIT OF TIFFANIE CURRENT**

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME,** the undersigned Notary Public, personally came and appeared

TIFFANIE CURRENT, who after being duly sworn and deposed did state the following:

1) I am over the age of 18 and of full legal capacity.

2) I currently rent the unit at 7564 Forest Glen Rd. New Orleans, LA 70127 with my

   Section 8 Housing Choice Voucher.

3) I am seeking review of the Housing Authority of New Orleans' June 7, 2024 hearing

   decision upholding termination of my Section 8 Housing Choice Voucher Program

   benefits.

4) The hearing decision is attached as Exhibit 1-A.

5) I am a single mother and I support my four minor children and one grandchild, ages 3

   months, six, eight, ten, and thirteen.

6) My sole source of income is Supplemental Security Income and Social Security

   received for myself and two of my minor children.

7) I receive this income because I cannot read, and have mental disabilities.

8) Two of my children also have disabilities.

1



9) I am a victim of domestic violence at the hands of my children's father, Jessie Harvey.

10) At no time did Mr. Harvey reside in my assisted unit.

11) In September, 2023 Mr. Harvey attempted to break windows and kick down my door. Mr. Harvey was arrested and charged with domestic abuse battery involving strangulation and domestic abuse child endangerment. The criminal court issued a stay-away order to protect me. Mr. Harvey ultimately pled guilty to both charges and was released on probation in December, 2023. As part of sentencing, the criminal court issued a protective order to protect me from Mr. Harvey. The order was issued on December 5, 2023 and lasts until December 5, 2025. Under the protective order, Mr. Harvey may not go within 100 yards of my residence.

12) During the week of February 26, 2024, Mr. Harvey abducted my eight year old son from school. I did not know where my son was until he was returned by Mr. Harvey's mother on March 6, 2024.

13) I filled out a HUD Certification of Domestic Violence form so my legal advocate could request an emergency transfer because I feared for my safety and my children's safety.

14) The Certification form I completed is attached as Exhibit 1-B.

15) HANO did not allow me to move.

16) On March 7, 2024, HANO sent me a notice proposing to terminate my assistance for (1) failure to supply required information, and (2) failure to provide truthful and complete information, in violation of my family obligations under the program. HANO also alleged that (3) I had an unauthorized occupant, Jessie Harvey.

17) The proposed termination letter I received is attached as Exhibit 1-C.

18) The first two allegations were based on my 2022 and 2023 tax returns which I gave to HANO. The tax returns said that I had business income during those years.

2

19) In 2022 and 2023 my sole income was the aforementioned Supplemental Security Income and Social Security, which I reported to HANO. I never had any business income.

20) I was not aware that my tax preparer had put business income on my 2022 and 2023 tax returns, and I did not tell my tax preparer that I made business income.

21) I had an informal hearing at HANO on April 1, 2024. At the hearing, I explained that I did not make the business income my tax preparer wrote on my tax returns. I also explained that Mr. Harvey did not live with me and was my abuser. I explained that I faced imminent harm due to HANO's failure to allow me to move, since Mr. Harvey knows where I live.

22) The hearing officer said I had until June 3, 2024 to amend my returns to reflect my actual income.

23) The hearing officer stated that I was not eligible for an emergency transfer because I was currently out of compliance with program rules, even though I had explained that the income I reported to HANO was accurate.

24) On May 23, 2024 I met with Southeast Louisiana Legal Services Low Income Taxpayer Clinic attorney Paul Tuttle, and amended my 2022 and 2023 tax returns to reflect that I made $0 business income.

25) I signed the returns and the information contained therein is true and complete.

26) The IRS 1040X forms I signed to amend my returns are attached as Exhibit 1-D. I redacted my social security number and the names of my minor children to avoid identity theft and to protect their identities.

27) On June 3, 2024, Jessie Harvey came to my assisted unit and physically assaulted me.

28) I filled out and signed another HUD emergency transfer form that my legal advocate submitted for me.

29) The emergency transfer form is attached as Exhibit 1-E.

30) We did not receive a response.

31) Because of my fixed income, I cannot afford rent on the private market. I support five children on $1,541.90 in Supplemental Security Income and Social Security. After my food expenses (that exceed my food stamps), my light bill, my phone bill, my transportation expenses, and the school supplies and clothing for my children, I have nothing left.

32) Because of my limited income, HANO has calculated my portion of rent to be $0. HANO pays my entire rent.

33) Without my Section 8 Housing Choice Voucher my children and I will be homeless.

34) If my assistance is terminated on July 31, 2024 my landlord will likely move to evict me because I cannot pay the full rent. Then we will be homeless.

35) I will have additional out-of-pocket food and lodging expenses if we are forced to move from our home.

36) I cannot afford to pay for a storage unit, so I would likely lose my furniture and many of my personal possessions if evicted.

37) Myself, my children, and the baby will experience severe physical and emotional harm being homeless without anywhere to go.

38) My school-age children will suffer academically if forced to undergo housing instability at the beginning of a new school year.

39) If we are forced to temporarily stay with family, we will likely be split up which will make it difficult for me to care for my children. We will have to sleep on couches or the floor.

40) I am afraid that Mr. Harvey will come to my unit and physically assault me again unless I am immediately transferred to a new unit.

41) He knows where my family lives. So if I am homeless we will similarly be exposed to abuse by him.

42) At all times I have done everything in my power to comply with HCV program rules.

4

43) To the best of my knowledge all facts stated in this affidavit, other than facts regarding the irreparable harm my family and I will experience if the termination is upheld, were entered into the hearing record.

44) Because I cannot read, this affidavit was read to me and I understand and agree with its contents.

_____
**Tiffanie Current**

**SWORN TO AND SUBSCRIBED**

**BEFORE ME ON THIS** ⟨23⟩ **DAY OF**
____July____, **2024**

_____
**Notary Public**

**Notary Printed Name:**

**Notary or LSBA #:**

HANNAH ADAMS
Notary Public
Notary ID No. 144209
Orleans Parish, Louisiana

5

  

June 7, 2024

Tiffanie Current
7564 Forest Glen Rd
New Orleans, LA 70127

Re:   Informal Hearing Decision of Proposed Termination of Housing Choice
      Voucher Program (HCVP) Participation - Tiffanie Current

Dear Tiffanie Current:

You requested an Informal Hearing of HANO's decision to terminate your HCVP participation.  Your hearing
was held on April 1, 2024 at 9:00 AM. After reviewing the record and based upon the evidence presented
during the hearing the Proposed Termination of your HCVP participation is **Upheld**.

**Hearing Participants**

| Head of Household | Tiffanie Current - In Person |
| Participant's Representative | Theresa Ambeau - Lawyer |
| Principal Administrative Analyst | Chris Dalton |
| HANO Staff | Monica New |
| Other - Other Representative | Lev Singer - In Person |
| Other - | - |
| Other - | - |

**Proposed Termination Allegations**

| Violation | Alleged Actions |
| --- | --- |
| **Failure to Supply Required Information/Documents (24 CFR 982.551 (b) (2))** | HANO alleged: that you failed to supply information related to income that you were receiving. |
| **Truthful and Complete Information (24 CFR 982.551 (b)(4))** | HANO alleged: that you supplied information to HANO that was false or incomplete. |
| **Use and Occupancy of Unit: Unauthorized Family Composition (24 CFR 982.551 (h)(2))** | HANO alleged: |
| | HANO alleged: VERIFIED |

1

4100 Touro Street • New Orleans, Louisiana 70122 • (504) 670-3300 • FAX (504) 286-8229
The Housing Authority of New Orleans is an equal opportunity employer.       2-2017

**Findings of Fact**

1. **HANO requested your tax return transcripts for 2022 and 2023 as part of an investigation into a complaint that was received.**
2. **The tax return transcript showed that you reported wage income for 2022 and 2023 to the IRS that was not reported to HANO.**
3. **HANO's investigation also showed evidence that an unauthorized person, Jessie Harvey, was living with you in the assisted unit.**
4. **HANO calculated that based on the income that was reported to the IRS HANO overpaid rent on your behalf in the total amount of $10,668.72.**

**Discussion and Conclusion**

Due Process

HANO adequately provided you notice of your alleged violation on November 1, 2023. The notice stated the authority on which the Housing Authority relied to reach its decision, and you were afforded an opportunity to request a hearing.

Violation #1 – **Failure To Supply Required Information/Documents (24 CFR 982.551 (B) (2))**
During the hearing you stated that you were not sure whether the income reported to the IRS on your tax return was correct. You stated that you are not able to read and did not know where your tax preparer came up with the amounts used to file your taxes. You and your attorney were given a deadline of June 3, 2024, to file an amended tax return and provided documentation from the IRS that it had been done. On May 24, 2024, your attorney provided a copy of 2 form 1040-X for amending tax returns that were filled out showing no income for you for the disputed time periods. There was no indication that the forms had been filed with the IRS but based on the information in the forms you would owe the IRS $19,856 if you filed the amended returns. We would need official documentation from the IRS to show that they received the amended return to calculate the correct amount owed to HANO, if anything.

Based on HANO's calculations you owe $13,381. Your debt is over the threshold for a repayment agreement. You are in violation of your family obligations and your assistance will be terminated.

Violation #2 **Truthful and Complete Information (24 CFR 982.551 (b)(4))**
Based on the evidence from HANO you failed to report income. You disputed the evidence, but the documentation provided to support your dispute was not sufficient. You are in violation of your family obligations.

Violation #3 **Use and Occupancy of Unit: Unauthorized Family Composition (24 CFR 982.551 (h)(2))**
During the hearing you testified that Jessie Harvey was the father of three of your children and that your relationship with him ended in 2017. You stated that he was abusive during your relationship and that you tried to stay away from him but that he got your address from his family member that picks up your children. You stated that once he got your address, he started harassing you. You stated that you called the police multiple times against him. As supporting evidence your attorney provided a copy of an order of protection that you have against Mr. Harvey that was filed on December 5, 2023.

HANO's evidence supports part of your statement as there are multiple police reports of you reporting issues with Mr. Harvey. One of the reports shows that Mr. Harvey stated that the assisted unit was his address. The other report dated September 23, 2023, had a statement taken by the officer in which he quoted you as stating that Mr. Harvey had lived with you at the assisted unit for five months but had moved out two weeks prior to that incident. You stated that you did not tell the officers that but did not elaborate on why the officer would claim you made the

Based on the evidence it appears that Mr. Harvey did live with you for longer than HANO allows for guests but that you were a victim of domestic violence during that time and as of now Mr. Harvey is no longer living with you in the assisted unit.

**Decision**

1. HANO's proposal to terminate your program participation is **Upheld**.
2. Your HCVP assistance will be terminated effective **July 31, 2024.**

Sincerely,

*Christopher Dalton*

Christopher Dalton
Principal Administrative Analyst
Housing Authority of New Orleans

CC:    File
         Monica New
         China Rhea

Participant's Name    Tiffanie Current
Entity ID #          000081356

4100 Touro Street • New Orleans, Louisiana 70122 • (504) 670-3300 • FAX (504) 286-8229
The Housing Authority of New Orleans is an equal opportunity employer.    *2-2017*

FILED

**CERTIFICATION OF DOMESTIC VIOLENCE, DATING VIOLENCE, SEXUAL ASSAULT, OR STALKING, AND ALTERNATE DOCUMENTATION**

**U.S. Department of Housing and Urban Development** 2: 35

CIVIL DISTRICT COURT

OMB Approval No. 2577-0286
Exp. 06/30/2017



**Purpose of Form:** The Violence Against Women Act ("VAWA") protects applicants, tenants, and program participants in certain HUD programs from being evicted, denied housing assistance, or terminated from housing assistance based on acts of domestic violence, dating violence, sexual assault, or stalking against them. Despite the name of this law, VAWA protection is available to victims of domestic violence, dating violence, sexual assault, and stalking, regardless of sex, gender identity, or sexual orientation.

**Use of This Optional Form:** If you are seeking VAWA protections from your housing provider, your housing provider may give you a written request that asks you to submit documentation about the incident or incidents of domestic violence, dating violence, sexual assault, or stalking.

In response to this request, you or someone on your behalf may complete this optional form and submit it to your housing provider, or you may submit one of the following types of third-party documentation:

(1) A document signed by you and an employee, agent, or volunteer of a victim service provider, an attorney, or medical professional, or a mental health professional (collectively, "professional") from whom you have sought assistance relating to domestic violence, dating violence, sexual assault, or stalking, or the effects of abuse. The document must specify, under penalty of perjury, that the professional believes the incident or incidents of domestic violence, dating violence, sexual assault, or stalking occurred and meet the definition of "domestic violence," "dating violence," "sexual assault," or "stalking" in HUD's regulations at 24 CFR 5.2003.

(2) A record of a Federal, State, tribal, territorial or local law enforcement agency, court, or administrative agency; or

(3) At the discretion of the housing provider, a statement or other evidence provided by the applicant or tenant.

**Submission of Documentation:** The time period to submit documentation is 14 business days from the date that you receive a written request from your housing provider asking that you provide documentation of the occurrence of domestic violence, dating violence, sexual assault, or stalking. Your housing provider may, but is not required to, extend the time period to submit the documentation, if you request an extension of the time period. If the requested information is not received within 14 business days of when you received the request for the documentation, or any extension of the date provided by your housing provider, your housing provider does not need to grant you any of the VAWA protections. Distribution or issuance of this form does not serve as a written request for certification.

**Confidentiality:** All information provided to your housing provider concerning the incident(s) of domestic violence, dating violence, sexual assault, or stalking shall be kept confidential and such details shall not be entered into any shared database. Employees of your housing provider are not to have access to these details unless to grant or deny VAWA protections to you, and such employees may not disclose this information to any other entity or individual, except to the extent that disclosure is: (i) consented to by you in writing in a time-limited release; (ii) required for use in an eviction proceeding or hearing regarding termination of assistance; or (iii) otherwise required by applicable law.

VERIFIED

Form HUD-5382
(12/2016)

Doc ID: de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2

2

**TO BE COMPLETED BY OR ON BEHALF OF THE VICTIM OF DOMESTIC VIOLENCE, DATING VIOLENCE, SEXUAL ASSAULT, OR STALKING**

1. Date the written request is received by victim: ___3/7/2024___

2. Name of victim: ___Tiffanie Current___

3. Your name (if different from victim's): ___Theresa Ambeau (paralegal, Southeast Louisiana Legal Services)___

4. Name(s) of other family member(s) listed on the lease: Jessica Harvey, Jessie Harvey, Janiah Current, Destiny Rivers

5. Residence of victim: ___7564 Forest Glen Rd., New Orleans, LA 70127___

6. Name of the accused perpetrator (if known and can be safely disclosed): ___Jessie C. Harvey Sr.___

7. Relationship of the accused perpetrator to the victim: ex-boyfriend

8. Date(s) and times(s) of incident(s) (if known): ___September 2023___

10. Location of incident(s): ___7564 Forest Glen Rd., New Orleans, LA 70127___

In your own words, briefly describe the incident(s):

_Mr. Harvey attempted to break windows and break down Ms. Current's door. Ms. Current called the police. Mr. Harvey was arrested, and Ms. Current sought a stay away order against Mr. Harvey._

This is to certify that the information provided on this form is true and correct to the best of my knowledge and recollection, and that the individual named above in Item 2 is or has been a victim of domestic violence, dating violence, sexual assault, or stalking. I acknowledge that submission of false information could jeopardize program eligibility and could be the basis for denial of admission, termination of assistance, or eviction.

Signature  *Tiffanie current*  Signed on (Date) 03 / 07 / 2024

**Public Reporting Burden:** The public reporting burden for this collection of information is estimated to average 1 hour per response. This includes the time for collecting, reviewing, and reporting the data. The information provided is to be used by the housing provider to request certification that the applicant or tenant is a victim of domestic violence, dating violence, sexual assault, or stalking. The information is subject to the confidentiality requirements of VAWA. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid Office of Management and Budget control number.

Form HUD-5382
(12/2016)

Doc ID: de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2

**✕ Dropbox** Sign

Audit trail

| | |
|---|---|
| **Title** | Tiffanie Current - VAWA Request and Request for Transfer |
| **File name** | Current, Tiffanie... attachments).pdf |
| **Document ID** | de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ⊙ Signed |

## Document History

⚲
**SENT**

**03 / 07 / 2024**
14:20:05 UTC-6

Sent for signature to Tiffanie Current
(currenttiffanie371@gmail.com) from taubert@slls.org
IP: 99.21.204.251

◎
**VIEWED**

**03 / 07 / 2024**
15:27:19 UTC-6

Viewed by Tiffanie Current (currenttiffanie371@gmail.com)
IP: 172.59.109.34

↙
**SIGNED**

**03 / 07 / 2024**
15:29:24 UTC-6

Signed by Tiffanie Current (currenttiffanie371@gmail.com)
IP: 172.59.109.34

⚲
**COMPLETED**

**03 / 07 / 2024**
15:29:24 UTC-6

The document has been completed.

Powered by ✕ **Dropbox** Sign



FILED
2024 JUL 23 PM 2: 35
CIVIL
DISTRICT COURT



PLAINTIFF'S
EXHIBIT
1-C

March 8, 2024

Tiffanie M Current
7564 Forest Glen Rd
New Orleans, LA 70127

<u>*Re: Proposed Termination from the HANO Housing Choice Voucher Program (Housing Choice Voucher Program)*</u>

Dear Tiffanie M Current:

This letter is to inform you that HANO is seeking to terminate your assistance from the HCV Program for the reason(s) noted below:

***Supplying Required Information (Income Change)*** *- According to 24 CFR 551(b)(2) the family must supply any information requested by HANO for use in a regularly scheduled reexamination or interim reexamination of family income and composition. According to HANO policy "program participants must report all increases in income within ten (10) days of the occurrence."*

According to our records,

You have been receiving wages for the years 2022 & 2023. This income was not reported to HANO.

- On April 5, 2023: You completed and signed the HCVP Application for Continued Occupancy: You listed social security income as your household only source of income; however, your 2023 IRS tax return transcript has total wages in the amount of $21,736. This income was not reported to HANO.

- On June 7, 2022: You completed and signed the HCVP Application for Continued Occupancy: You listed your social security income as your household only source of income; however, your 2022 IRS transcript has total wages in the amount of $20,107. This income was not reported to HANO.

As a result of you failing to report your wages you received for the years 2022 & 2023, HANO over paid Housing Assistance Payment (HAP) in the amount of $10,310.72 and Utility Allowance Payment (UAP) in the amount of $378.00 a combined total of $10,688.72.

*This is a violation of your family obligations under the Housing Choice Voucher Program.*

4100 Touro Street · New Orleans, Louisiana 70122 · (504) 670-3300 · FAX (504) 286-8229
The Housing Authority of New Orleans is an equal opportunity employer.

Proposed Termination of Assistance
Page -2-

*Truthful and Complete Information - HUD regulation 24 CFR 982.551(b)(4) requires that any information supplied by the family must be true and complete.  According to our records you provided the following information to HANO that was untruthful:*

According to our records,

You have been receiving wages for the years 2022 & 2023. This income was not reported to HANO.

- On April 5, 2023: You completed and signed the HCVP Application for Continued Occupancy: You listed social security income as your household only source of income; however, your 2023 IRS tax return transcript has total wages in the amount of $21,736. This income was not reported to HANO.

- On June 7, 2022: You completed and signed the HCVP Application for Continued Occupancy: You listed your social security income as your household only source of income; however, your 2022 IRS transcript has total wages in the amount of $20,107. This income was not reported to HANO.

As a result of you failing to report your wages you received for the years 2022 & 2023, HANO over paid Housing Assistance Payment (HAP) in the amount of $10,310.72 and Utility Allowance Payment (UAP) in the amount of $378.00 a combined total of $10,688.72.

*This is a violation of your family obligations under the Housing Choice Voucher Program.*

**Use and Occupancy of Unit (Family Composition) -** HUD regulation 24 CFR 982.551(h)(2) requires that your family composition residing in the unit be approved by HANO. The family must request HANO's approval to add any other family member as an occupant of the unit. A person not listed on the HANO Housing Choice Voucher may not reside in the unit (except for a foster child or live-in aide as provided in paragraph (h) (4) of this section.

According to our records the following unapproved person(s) are residing in your assisted unit:

1. Jessie Harvey

A New Orleans Police Department Incident report dated August 28, 2023, has Jessie Harvey address listed at 7564 Forest Glen Rd, New Orleans LA 70127 (Tiffanie M Current's current assisted unit).

Proposed Termination of Assistance
Page -3-

According to a New Orleans Police Department Incident report dated September 23, 2023, Tiffanie M Current informed the officer that she dated Mr. Jessie Harvey since 2009 and that both Ms. Current and Mr. Harvey recently lived together at 7564 Forest Glen Rd, New Orleans LA 70127 (Tiffanie M Current's current assisted unit) for 5 months, ending 2 weeks prior to the date of this report.

*This is a violation of your family obligations under the Housing Choice Voucher Program.*

You have a right to appeal this decision by requesting an informal hearing within ten (10) business days from the date of this notification. At the hearing you will have an opportunity to present your version of the alleged actions and any supporting facts and information before final termination of assistance. If you do not appeal this decision by requesting a hearing, your assistance will be terminated.

To appeal this decision, please complete the enclosed informal hearing request form. Please submit the form to: Housing Authority of New Orleans, Attention: Hearing Officer, 4100 Touro St., New Orleans, LA 70122.

Please note, if you are a person with a disability, you may wish to request a reasonable accommodation that may enable you to meet HANO's continued occupancy requirements. The Violence Against Women Act provides that, if you are a victim of acts or threats of domestic violence, dating violence, or stalking, you cannot be terminated or evicted due to these acts. If you believe that this proposed termination action is based on your being a victim of domestic violence, dating violence, or stalking, you are entitled to provide certification to that effect. If applicable, you must provide certification of domestic violence, dating violence, or stalking within fourteen (14) calendar days from the date of this letter. Any information you provide will be kept confidential and will not be disclosed by the agency without your consent except as necessary or as otherwise required by law.

HANO will schedule your hearing within 30 days from the date of your request. You will receive written notice of your hearing date, time and location. You must pay your part of the rent and utilities while you wait for a hearing. HANO will continue to pay its portion of the rent as well. You have a right to bring a lawyer or representative with you to the hearing. You also have a right to review your file before the hearing. **If this proposed termination action is based on criminal activity and HANO is relying upon a criminal record or police report, prior to the hearing you may schedule a time to come to the HANO Housing Choice Voucher Program office and dispute the accuracy and relevance of the police report.** If you would like free legal assistance, please contact Southeast Louisiana Legal Services at 529-1000 x 223.

Sincerely,

Monica New, Acting Fraud Investigator

Proposed Termination of Assistance
Page -4-


Enclosures (n)
CC:   File
      Djuana Glapion, Program Manager, China Rhea, Housing Specialist

PLAINTIFF'S EXHIBIT D

# Form 1040-X

(Rev. February 2024)

Department of the Treasury—Internal Revenue Service

## Amended U.S. Individual Income Tax Return

Go to *www.irs.gov/Form1040X* for instructions and the latest information.

OMB No. 1545-0074

FILED 2024

CIVIL DISTRICT COURT

This return is for calendar year (enter year) **2022** or fiscal year (enter month and year ended)

| Your first name and middle initial | Last name | Your social security number |
|---|---|---|
| Tiffanie M | | |

| If joint return, spouse's first name and middle initial | Last name | Spouse's social security number |
|---|---|---|

| Home address (number and street). If you have a P.O. box, see instructions. | Apt. no. | Presidential Election Campaign |
|---|---|---|
| 7564 Forest Glen Rd, | | Check here if you, or your spouse if filing jointly, didn't previously want $3 to go to this fund, but now do. Checking a box below will not change your tax or refund. |

| City, town, or post office. If you have a foreign address, also complete spaces below. | State | ZIP code |
|---|---|---|
| New Orleans | LA | 70127-1882 |

| Foreign country name | Foreign province/state/county | Foreign postal code |
|---|---|---|

☐ You  ☐ Spouse

**Amended return filing status. You must check one box even if you are not changing your filing status. Caution:** In general, you can't change your filing status from married filing jointly to married filing separately after the return due date.

☐ Single  ☐ Married filing jointly  ☐ Married filing separately (MFS)  ☑ Head of household (HOH)  ☐ Qualifying surviving spouse (QSS)

If you checked the MFS box, enter the name of your spouse unless you are amending a Form 1040-NR. If you checked the HOH or QSS box, enter the child's name if the qualifying person is a child but not your dependent. ▶

| | | | | **A. Original amount reported or as previously adjusted (see instructions)** | **B. Net change— amount of increase or (decrease)— explain in Part II** | **C. Correct amount** |
|---|---|---|---|---|---|---|
| Enter on lines 1 through 23, columns A through C, the amounts for the return year entered above. Use Part II on page 2 to explain any changes. | | | | | | |
| **Income and Deductions** | | | | | | |
| 1 | Adjusted gross income. If a net operating loss (NOL) carryback is included, check here . . . . . . . . . . . . . . . . . . ▶ ☐ | | 1 | 20107 | (20107) | 0 |
| 2 | Itemized deductions or standard deduction . . . . . . . . | | 2 | 19400 | 0 | 19400 |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . . . | | 3 | 707 | (707) | 0 |
| 4a | Reserved for future use . . . . . . . . . . . . . . | | 4a | | | |
| b | Qualified business income deduction . . . . . . . . . . | | 4b | 0 | 0 | 0 |
| 5 | Taxable income. Subtract line 4b from line 3. If the result for column C is zero or less, enter -0- in column C . . . . . . . . . . . . | | 5 | 707 | (707) | 0 |
| **Tax Liability** | | | | | | |
| 6 | Tax. Enter method(s) used to figure tax (see instructions): Tax and EITC Table . . . . . . . . . . . . . . . . . ▶ ☐ | | 6 | 71 | (71) | 0 |
| 7 | Nonrefundable credits. If a general business credit carryback is included, check here . . . . . . . . . . . . . . . . . . ▶ ☐ | | 7 | 71 | (71) | 0 |
| 8 | Subtract line 7 from line 6. If the result is zero or less, enter -0- . . . | | 8 | 0 | 0 | 0 |
| 9 | Reserved for future use . . . . . . . . . . . . . . | | 9 | | | |
| 10 | Other taxes . . . . . . . . . . . . . . . . . . | | 10 | 0 | 0 | 0 |
| 11 | Total tax. Add lines 8 and 10 . . . . . . . . . . . . | | 11 | 0 | 0 | 0 |
| **Payments** | | | | | | |
| 12 | Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. (If changing, see instructions.) . . . . . . . . | | 12 | 0 | 0 | 0 |
| 13 | Estimated tax payments, including amount applied from prior year's return | | 13 | 0 | 0 | 0 |
| 14 | Earned income credit (EIC) . . . . . . . . . . . . . | | 14 | 6935 | (6935) | 0 |
| 15 | Refundable credits from: ☑ Schedule 8812  Form(s) ☐ 2439  ☐ 4136 ☐ 8863  ☐ 8885  ☐ 8962 or ☐ other (specify): | | 15 | 2641 | (2641) | 0 |
| 16 | Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed . . . . . . . . . . . . . . . . . . | | 16 | | | 0 |
| 17 | Total payments. Add lines 12 through 15, column C, and line 16 . . . . . . . . . . . . | | 17 | | | 0 |
| **Refund or Amount You Owe** | | | | | | |
| 18 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS . . . . . | | | | 18 | 9576 |
| 19 | Subtract line 18 from line 17. (If less than zero, see instructions.) . . . . . . . . | | | | 19 | (9576) |
| 20 | Amount you owe. If line 11, column C, is more than line 19, enter the difference . . . . . . . . | | | | 20 | 9576 |
| 21 | If line 11, column C, is less than line 19, enter the difference. This is the amount overpaid on this return | | | | 21 | 0 |
| 22 | Amount of line 21 you want refunded to you . . . . . . . . . . . . . . . . . . . . | | | | 22 | 0 |
| 23 | Amount of line 21 you want applied to your (enter year): _____ estimated tax | 23 | | | | 0 |

Complete and sign this form on page 2.

For Paperwork Reduction Act Notice, see separate instructions.

Cat. No. 11360L

Form **1040-X** (Rev. 2-2024)



VERIFIED

Form 1040-X (Rev. 2-2024)                                                                                                 Page **2**

| **Part I** | **Dependents** | | A. Original number of dependents reported or as previously adjusted | B. Net change— amount of increase or (decrease) | C. Correct number |
|---|---|---|---|---|---|
| Complete this part to change any information relating to your dependents. This would include a change in the number of dependents. Enter the information for the return year entered at the top of page 1. | | | | | |
| 24 | Reserved for future use . . . . . . . . . . . . . . | 24 | | | |
| 25 | Your dependent children who lived with you . . . . . . . . . | 25 | 3 | (1) | 2 |
| 26 | Reserved for future use . . . . . . . . . . . . . . | 26 | | | |
| 27 | Other dependents . . . . . . . . . . . . . . . . | 27 | 0 | 0 | 0 |
| 28 | Reserved for future use . . . . . . . . . . . . . . | 28 | | | |
| 29 | Reserved for future use . . . . . . . . . . . . . . | 29 | | | |

30    List ALL dependents (children and others) claimed on this amended return.

| Dependents (see instructions): | | | | (d) Check the box if qualifies for (see instructions): | |
|---|---|---|---|---|---|
| If more than four dependents, see instructions and check here ☐ | (a) First name    Last name | (b) Social security number | (c) Relationship to you | Child tax credit | Credit for other dependents |
| | | | Daughter | ☑ | ☐ |
| | | | Daughter | ☑ | ☐ |
| | | | | ☐ | ☐ |
| | | | | ☐ | ☐ |

**Part II**    **Explanation of Changes.** In the space provided below, tell us why you are filing Form 1040-X.

Attach any supporting documents and new or changed forms and schedules.

The original return had reported W2 wages that were incorrect. The amended return removes both those wages and any tax credits based upon those wages, such as the EITC, CTC, and CDCTC. The original return also included a claimed dependent who do not live with the taxpayer, and that dependent is also being removed. Client received an original refund, so client must now pay that refund back.

---

Remember to keep a copy of this form for your records.

Under penalties of perjury, I declare that I have filed an original return, and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

| **Sign Here** | Your signature ✗ *Tiffanie Current* | Date ✗ 5/23/24 | Your occupation | If the IRS sent you an Identity Protection PIN, enter it here (see inst.) | |
|---|---|---|---|---|---|
| | Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | If the IRS sent your spouse an Identity Protection PIN, enter it here (see inst.) | |
| | Phone no. | | Email address | | |
| **Paid Preparer Use Only** | Preparer's name | Preparer's signature | Date | PTIN | Check if: ☐ Self-employed |
| | Firm's name | | | Phone no. | |
| | Firm's address | | | Firm's EIN | |

For forms and publications, visit *www.irs.gov/Forms.*                                                    Form **1040-X** (Rev. 2-2024)

Form **1040-X**

(Rev. February 2024)

Department of the Treasury—Internal Revenue Service

**Amended U.S. Individual Income Tax Return**

Go to *www.irs.gov/Form1040X* for instructions and the latest information.

OMB No. 1545-0074

This return is for calendar year (enter year) **2023** or fiscal year (enter month and year ended)

| Your first name and middle initial | Last name | Your social security number |
|---|---|---|
| Tiffanie M | Current | |

| If joint return, spouse's first name and middle initial | Last name | Spouse's social security number |
|---|---|---|

| Home address (number and street). If you have a P.O. box, see instructions. | | Apt. no. | **Presidential Election Campaign** |
|---|---|---|---|
| 7564 Forest Glen Rd, | | | Check here if you, or your spouse |

| City, town, or post office. If you have a foreign address, also complete spaces below. | State | ZIP code | If filing jointly, didn't previously |
|---|---|---|---|
| New Orleans | LA | 70127-1882 | want $3 to go to this fund, but now do. Checking a box below will not change your tax or refund. |

| Foreign country name | Foreign province/state/county | Foreign postal code | ☐ You ☐ Spouse |
|---|---|---|---|

**Amended return filing status.** You must check one box even if you are not changing your filing status. **Caution:** In general, you can't change your filing status from married filing jointly to married filing separately after the return due date.

☐ Single ☐ Married filing jointly ☐ Married filing separately (MFS) ☑ Head of household (HOH) ☐ Qualifying surviving spouse (QSS)

If you checked the MFS box, enter the name of your spouse unless you are amending a Form 1040-NR. If you checked the HOH or QSS box, enter the child's name if the qualifying person is a child but not your dependent:

Enter on lines 1 through 23, columns A through C, the amounts for the return year entered above.
Use Part II on page 2 to explain any changes.

| | | | A. Original amount reported or as previously adjusted (see instructions) | B. Net change— amount of increase or (decrease)— explain in Part II | C. Correct amount |
|---|---|---|---|---|---|
| **Income and Deductions** | | | | | |
| 1 | Adjusted gross income. If a net operating loss (NOL) carryback is included, check here . . . . . . . . . . . . . . . . ☐ | **1** | 21736 | (21736) | 0 |
| 2 | Itemized deductions or standard deduction . . . . . . . . | **2** | 20800 | 0 | 20800 |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . . . | **3** | 936 | (936) | 0 |
| 4a | Reserved for future use . . . . . . . . . . . . . . | **4a** | | | |
| b | Qualified business income deduction . . . . . . . . . | **4b** | 0 | 0 | 0 |
| 5 | Taxable income. Subtract line 4b from line 3. If the result for column C is zero or less, enter -0- in column C . . . . . . . . . . . . | **5** | 936 | (936) | 0 |
| **Tax Liability** | | | | | |
| 6 | Tax. Enter method(s) used to figure tax (see instructions): Tax and EITC Table | **6** | 94 | (94) | 0 |
| 7 | Nonrefundable credits. If a general business credit carryback is included, check here . . . . . . . . . . . . . . . . . . ☐ | **7** | 94 | (94) | 0 |
| 8 | Subtract line 7 from line 6. If the result is zero or less, enter -0- . . . | **8** | 0 | 0 | 0 |
| 9 | Reserved for future use . . . . . . . . . . . . . . | **9** | | | |
| 10 | Other taxes . . . . . . . . . . . . . . . . . . | **10** | 0 | 0 | 0 |
| 11 | Total tax. Add lines 8 and 10 . . . . . . . . . . . . . | **11** | 0 | 0 | 0 |
| **Payments** | | | | | |
| 12 | Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. (If changing, see instructions.) . . . . . . . . . | **12** | 0 | | 0 |
| 13 | Estimated tax payments, including amount applied from prior year's return | **13** | 0 | 0 | 0 |
| 14 | Earned income credit (EIC) . . . . . . . . . . . . . | **14** | 7395 | (7395) | 0 |
| 15 | Refundable credits from: ☑ Schedule 8812 Form(s) ☐ 2439 ☐ 4136 ☐ 8863 ☐ 8885 ☐ 8962 or ☐ other (specify): | **15** | 2885 | (2885) | 0 |
| 16 | Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed . . . . . . . . . . . . . . . . . . | **16** | | | 0 |
| 17 | Total payments. Add lines 12 through 15, column C, and line 16 . . . . . . . . . . . . . | **17** | | | 0 |
| **Refund or Amount You Owe** | | | | | |
| 18 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS . . . . . | **18** | | | 10280 |
| 19 | Subtract line 18 from line 17. (If less than zero, see instructions.) . . . . . . . . . . . | **19** | | | (10280) |
| 20 | Amount you owe. If line 11, column C, is more than line 19, enter the difference . . . . . . . | **20** | | | 10280 |
| 21 | If line 11, column C, is less than line 19, enter the difference. This is the amount **overpaid** on this return | **21** | | | 0 |
| 22 | Amount of line 21 you want refunded to you . . . . . . . . . . . . . . . . . . . | **22** | | | 0 |
| 23 | Amount of line 21 you want applied to your (enter year): estimated tax | **23** | | | 0 |

Complete and sign this form on page 2.

For Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 11360L   Form **1040-X** (Rev. 2-2024)

Form 1040-X (Rev. 2-2024)                                                                                            Page **2**

## Part I   Dependents

Complete this part to change any information relating to your dependents. This would include a change in the number of dependents. Enter the information for the return year entered at the top of page 1.

| | | A. Original number of dependents reported or as previously adjusted | B. Net change—amount of increase or (decrease) | C. Correct number |
|---|---|---|---|---|
| 24 | Reserved for future use . . . . . . . . . . . . . | 24 | | |
| 25 | Your dependent children who lived with you . . . . . . . | 25 | 2 | (1) | 2 |
| 26 | Reserved for future use . . . . . . . . . . . . . | 26 | | |
| 27 | Other dependents . . . . . . . . . . . . . . . | 27 | 0 | 0 | 0 |
| 28 | Reserved for future use . . . . . . . . . . . . . | 28 | | |
| 29 | Reserved for future use . . . . . . . . . . . . . | 29 | | |

30   List ALL dependents (children and others) claimed on this amended return.

**Dependents (see instructions):**

| If more than four dependents, see instructions and check here ☐ | (a) First name        Last name | (b) Social security number | (c) Relationship to you | (d) Check the box if qualifies for (see instructions): Child tax credit | Credit for other dependents |
|---|---|---|---|---|---|
| | ███████████████████ | ████████ | Daughter | ☑ | ☐ |
| | | | Daughter | ☑ | ☐ |
| | | | | ☐ | ☐ |
| | | | | ☐ | ☐ |

## Part II   Explanation of Changes. In the space provided below, tell us why you are filing Form 1040-X.

Attach any supporting documents and new or changed forms and schedules.

The original return had reported W2 wages that were not correct. The amended return removes both those wages and any tax credits based upon those wages, such as the EITC, CTC, and CDCTC. The original return also included a claimed dependent who do not live with the taxpayer, and that dependent is also being removed. Client received an original refund, so client must now pay that refund back.

**Remember to keep a copy of this form for your records.**

Under penalties of perjury, I declare that I have filed an original return, and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

| **Sign Here** | Your signature  X Tiffanie Current  X | Date 5/23/2 | Your occupation | If the IRS sent you an Identity Protection PIN, enter it here (see inst.) |
|---|---|---|---|---|
| | Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | If the IRS sent your spouse an Identity Protection PIN, enter it here (see inst.) |
| | Phone no. | | Email address | |

| **Paid Preparer Use Only** | Preparer's name | Preparer's signature | Date | PTIN | Check if: ☐ Self-employed |
|---|---|---|---|---|---|
| | Firm's name | | | Phone no. | |
| | Firm's address | | | Firm's EIN | |

For forms and publications, visit *www.irs.gov/Forms*.                                    Form **1040-X** (Rev. 2-2024)



FILED



PLAINTIFF'S
EXHIBIT
1 - E

**EMERGENCY TRANSFER
REQUEST FOR CERTAIN
VICTIMS OF DOMESTIC
VIOLENCE, DATING VIOLENCE,
SEXUAL ASSAULT, OR STALKING**

U.S. Department of Housing
and Urban Development

OMB Approval No. 2577-0286
Exp. 06/30/2017

2021 JUL 23   P 2: 36

CIVIL
DISTRICT COURT

**Purpose of Form:** If you are a victim of domestic violence, dating violence, sexual assault, or stalking, and you are seeking an emergency transfer, you may use this form to request an emergency transfer and certify that you meet the requirements of eligibility for an emergency transfer under the Violence Against Women Act (VAWA). Although the statutory name references women, VAWA rights and protections apply to all victims of domestic violence, dating violence, sexual assault or stalking. Using this form does not necessarily mean that you will receive an emergency transfer. See your housing provider's emergency transfer plan for more information about the availability of emergency transfers.

**The requirements you must meet are:**

(1) **You are a victim of domestic violence, dating violence, sexual assault, or stalking.** If your housing provider does not already have documentation that you are a victim of domestic violence, dating violence, sexual assault, or stalking, your housing provider may ask you for such documentation. In response, you may submit Form HUD-5382, or any one of the other types of documentation listed on that Form.

(2) **You expressly request the emergency transfer.** Submission of this form confirms that you have expressly requested a transfer. Your housing provider may choose to require that you submit this form, or may accept another written or oral request. Please see your housing provider's emergency transfer plan for more details.

(3) **You reasonably believe you are threatened with imminent harm from further violence if you remain in your current unit.** This means you have a reason to fear that if you do not receive a transfer you would suffer violence in the very near future.

**OR**

**You are a victim of sexual assault and the assault occurred on the premises during the 90-calendar-day period before you request a transfer.** If you are a victim of sexual assault, then in addition to qualifying for an emergency transfer because you reasonably believe you are threatened with imminent harm from further violence if you remain in your unit, you may qualify for an emergency transfer if the sexual assault occurred on the premises of the property from which you are seeking your transfer, and that assault happened within the 90-calendar-day period before you submit this form or otherwise expressly request the transfer.

**Submission of Documentation:** If you have third-party documentation that demonstrates why you are eligible for an emergency transfer, you should submit that documentation to your housing provider if it is safe for you to do so. Examples of third party documentation include, but are not limited to: a letter or other documentation from a victim service provider, social worker, legal assistance provider, pastoral counselor, mental health provider, or other professional from whom you have sought assistance; a current restraining order; a recent court order or other court records; a law enforcement report or records; communication records from the perpetrator of the violence or family members or friends of the perpetrator of the violence, including emails, voicemails, text messages, and social media posts.

Form HUD-5383
(12/2016)



VERIFIED

Doc ID: 059c1463d9a9389baf775031cc931fc6ecde8794

2

**Confidentiality:** All information provided to your housing provider concerning the incident(s) of domestic violence, dating violence, sexual assault, or stalking, and concerning your request for an emergency transfer shall be kept confidential. Such details shall not be entered into any shared database. Employees of your housing provider are not to have access to these details unless to grant or deny VAWA protections or an emergency transfer to you. Such employees may not disclose this information to any other entity or individual, except to the extent that disclosure is: (i) consented to by you in writing in a time-limited release; (ii) required for use in an eviction proceeding or hearing regarding termination of assistance; or (iii) otherwise required by applicable law.

<u>**TO BE COMPLETED BY OR ON BEHALF OF THE PERSON REQUESTING A TRANSFER**</u>

1. Name of victim requesting an emergency transfer: _Tiffanie Current_

2. Your name (if different from victim's) _Theresa Ambeau (paralegal, Southeast Louisiana Legal Services)_

3. Name(s) of other family member(s) listed on the lease: _Jessica Harvey, Jessie Harvey Jr, Taniah Current, Destiny Rivas, Kae'lani Rivas_

4. Name(s) of other family member(s) who would transfer with the victim: _Jessica Harvey, Jessie Harvey Jr, Taniah Current, Destiny Rivas, Kae'lani Rivas_

5. Address of location from which the victim seeks to transfer: _7564 Forest Glen Rd., New Orleans, LA 70127_

6. Address or phone number for contacting the victim: _504 - 373 - 4937_

7. Name of the accused perpetrator (if known and can be safely disclosed): _Jessie C. Harvey Sr._

8. Relationship of the accused perpetrator to the victim: _ex-boyfriend_

9. Date(s), Time(s) and location(s) of incident(s): _June 3, 2024 incident at residence_

10. Is the person requesting the transfer a victim of a sexual assault that occurred in the past 90 days on the premises of the property from which the victim is seeking a transfer? If yes, skip question 11. If no, fill out question 11. _____

11. Describe why the victim believes they are threatened with imminent harm from further violence if they remain in their current unit.
_Jessie Harvey violated a protective order and showed up to Ms. Current's residence on June 3, 2024 at night. He beat her up until his face was swollen. He was arrested and Ms. Current made a police report._

12. If voluntarily provided, list any third-party documentation you are providing along with this notice: _photo of Ms. Current's face, pending police report and docket master search._ This is to certify that the information provided on this form is true and correct to the best of my knowledge, and that the individual named above in Item 1 meets the requirement laid out on this form for an emergency transfer. I acknowledge that submission of false information could jeopardize program eligibility and could be the basis for denial of admission, termination of assistance, or eviction.

Signature _Tiffanie current_     Signed on (Date) _06 / 04 / 2024_

Form HUD-5383
(12/2016)

Doc ID: 059c1463d9a9389baf775031cc931fc6ecde8794

NOTICE OF OCCUPANCY RIGHTS UNDER    U.S. Department of Housing and Urban Development
THE VIOLENCE AGAINST WOMEN ACT      OMB Approval No. 2577-0286



## Notice of Occupancy Rights under the Violence Against Women Act[1]

**To all Tenants and Applicants**

The Violence Against Women Act (VAWA) provides protections for victims of domestic violence, dating violence, sexual assault, or stalking.  VAWA protections are not only available to women, but are available equally to all individuals regardless of sex, gender identity, or sexual orientation.[2]  The U.S. Department of Housing and Urban Development (HUD) is the Federal agency that oversees that HANO's Housing Choice Voucher Program (HCVP) is in compliance with VAWA.  This notice explains your rights under VAWA.  A HUD-approved certification form is attached to this notice.  You can fill out this form to show that you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking, and that you wish to use your rights under VAWA."

**Protections for Applicants**

If you otherwise qualify for assistance under HCVP, you cannot be denied admission or denied assistance because you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking.

**Protections for Tenants**

If you are receiving assistance under HCVP, you may not be denied assistance, terminated from participation, or be evicted from your rental housing because you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking.

Also, if you or an affiliated individual of yours is or has been the victim of domestic violence, dating violence, sexual assault, or stalking by a member of your household or any guest, you may not be denied rental assistance or occupancy rights under HCVP solely on the basis of criminal activity directly relating to that domestic violence, dating violence, sexual assault, or stalking.

Affiliated individual means your spouse, parent, brother, sister, or child, or a person to whom you stand in the place of a parent or guardian (for example, the affiliated individual is in your care, custody, or control); or any individual, tenant, or lawful occupant living in your household.

**Removing the Abuser or Perpetrator from the Household**

The Housing Provider (HP) may divide (bifurcate) your lease in order to evict the individual or terminate the assistance of the individual who has engaged in criminal activity (the abuser or perpetrator) directly relating to domestic violence, dating violence, sexual assault, or stalking.

If HP chooses to remove the abuser or perpetrator, HP may not take away the rights of eligible tenants to the unit or otherwise punish the remaining tenants.  If the evicted abuser or perpetrator was the sole tenant to have established eligibility for assistance under the program, HP must allow the tenant who is or has been a victim and other household members to remain in the unit for a period of time, in order to establish eligibility under the program or under another HUD housing program covered by VAWA, or, find alternative housing.

---

[1] Despite the name of this law, VAWA protection is available regardless of sex, gender identity, or sexual orientation.

[2] Housing providers cannot discriminate on the basis of any protected characteristic, including race, color, national origin, religion, sex, familial status, disability, or age.  HUD-assisted and HUD-insured housing must be made available to all otherwise eligible individuals regardless of actual or perceived sexual orientation, gender identity, or marital status.

Form HUD-5380                                                                      1 of 4
(12/2016)

Doc ID: 059c1463d9a9389baf775031cc931fc6ecde8794

In removing the abuser or perpetrator from the household, HP must follow Federal, State, and local eviction procedures. In order to divide a lease, HP may, but is not required to, ask you for documentation or certification of the incidences of domestic violence, dating violence, sexual assault, or stalking.

**Moving to Another Unit**

Upon your request, HP may permit you to move to another unit, subject to the availability of other units, and still keep your assistance. In order to approve a request, HP may ask you to provide documentation that you are requesting to move because of an incidence of domestic violence, dating violence, sexual assault, or stalking. If the request is a request for emergency transfer, the housing provider may ask you to submit a written request or fill out a form where you certify that you meet the criteria for an emergency transfer under VAWA. The criteria are:

> **(1) You are a victim of domestic violence, dating violence, sexual assault, or stalking.** If your housing provider does not already have documentation that you are a victim of domestic violence, dating violence, sexual assault, or stalking, your housing provider may ask you for such documentation, as described in the documentation section below;

> **(2) You expressly request the emergency transfer.** Your housing provider may choose to require that you submit a form, or may accept another written or oral request;

> **(3) You reasonably believe you are threatened with imminent harm from further violence if you remain in your current unit.** This means you have a reason to fear that if you do not receive a transfer you would suffer violence in the very near future;

> **OR**

> You are a victim of sexual assault and the assault occurred on the premises during the 90-calendar-day period before you request a transfer.

> If you are a victim of sexual assault, then in addition to qualifying for an emergency transfer because you reasonably believe you are threatened with imminent harm from further violence if you remain in your unit, you may qualify for an emergency transfer if the sexual assault occurred on the premises of the property from which you are seeking your transfer, and that assault happened within the 90-calendar-day period before you expressly request the transfer.

HP will keep confidential requests for emergency transfers by victims of domestic violence, dating violence, sexual assault, or stalking, and the location of any move by such victims and their families.

HP's emergency transfer plan provides further information on emergency transfers, and HP must make a copy of its emergency transfer plan available to you if you ask to see it.

**Documenting You Are or Have Been a Victim of Domestic Violence, Dating Violence, Sexual Assault or Stalking**

HP can, but is not required to, ask you to provide documentation to "certify" that you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking. Such request from HP must be in writing, and HP must give you at least 14 business days (Saturdays, Sundays, and Federal holidays do not count) from the day you receive the request to provide the documentation. HP may, but does not have to, extend the deadline for the submission of documentation upon your request.

You can provide one of the following to HP as documentation. It is your choice which of the following to submit if HP asks you to provide documentation that you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking.

> ☐ A complete HUD-approved certification form given to you by HP with this notice, that documents an incident of domestic violence, dating violence, sexual assault, or stalking. The form will ask for your name, the date, time, and location of the incident of domestic violence, dating violence, sexual assault, or stalking, and a description of the incident. The certification form provides for including the name of the abuser or perpetrator if the name of the abuser or perpetrator is known and is safe to provide.

> ☐ A record of a Federal, State, tribal, territorial, or local law enforcement agency, court, or administrative agency that documents the incident of domestic violence, dating violence, sexual assault, or stalking. Examples of such records include police reports, protective orders, and restraining orders, among others.

Form HUD-5380
(12/2016)

2 of 4

Doc ID: 059c1463d9a9389baf775031cc931fc6ecde8794

☐ A statement, which you must sign, along with the signature of an employee, agent, or volunteer of a victim service provider, an attorney, a medical professional or a mental health professional (collectively, "professional") from whom you sought assistance in addressing domestic violence, dating violence, sexual assault, or stalking, or the effects of abuse, and with the professional selected by you attesting under penalty of perjury that he or she believes that the incident or incidents of domestic violence, dating violence, sexual assault, or stalking are grounds for protection.

☐ Any other statement or evidence that HP has agreed to accept.

If you fail or refuse to provide one of these documents within the 14 business days, HP does not have to provide you with the protections contained in this notice.

If HP receives conflicting evidence that an incident of domestic violence, dating violence, sexual assault, or stalking has been committed (such as certification forms from two or more members of a household each claiming to be a victim and naming one or more of the other petitioning household members as the abuser or perpetrator), HP has the right to request that you provide third-party documentation within thirty 30 calendar days in order to resolve the conflict. If you fail or refuse to provide third-party documentation where there is conflicting evidence, HP does not have to provide you with the protections contained in this notice.

**Confidentiality**

HP must keep confidential any information you provide related to the exercise of your rights under VAWA, including the fact that you are exercising your rights under VAWA.

HP must not allow any individual administering assistance or other services on behalf of HP (for example, employees and contractors) to have access to confidential information unless for reasons that specifically call for these individuals to have access to this information under applicable Federal, State, or local law.

HP must not enter your information into any shared database or disclose your information to any other entity or individual. HP, however, may disclose the information provided if:

☐ You give written permission to HP to release the information on a time limited basis;

☐ HP needs to use the information in an eviction or termination proceeding, such as to evict your abuser or perpetrator or terminate your abuser or perpetrator from assistance under this program;

☐ A law requires HP or your landlord to release the information.

VAWA does not limit HP's duty to honor court orders about access to or control of the property. This includes orders issued to protect a victim and orders dividing property among household members in cases where a family breaks up.

**Reasons a Tenant Eligible for Occupancy Rights under VAWA May Be Evicted or Assistance May Be Terminated**

You can be evicted and your assistance can be terminated for serious or repeated lease violations that are not related to domestic violence, dating violence, sexual assault, or stalking committed against you. However, HP cannot hold tenants who have been victims of domestic violence, dating violence, sexual assault, or stalking to a more demanding set of rules than it applies to tenants who have not been victims of domestic violence, dating violence, sexual assault, or stalking.

The protections described in this notice might not apply, and you could be evicted and your assistance terminated, if HP can demonstrate that not evicting you or terminating your assistance would present a real physical danger that:

1) Would occur within an immediate time frame; and

2) Could result in death or serious bodily harm to other tenants or those who work on the property. If HP can demonstrate the above, HP should only terminate your assistance or evict you if there are no other actions that could be taken to reduce or eliminate the threat.

Form HUD-5380
(12/2016)

3 of 4

Doc ID: 059c1463d9a9389baf775031cc931fc6ecde8794

**Other Laws**

VAWA does not replace any Federal, State, or local law that provides greater protection for victims of domestic violence, dating violence, sexual assault, or stalking. You may be entitled to additional housing protections for victims of domestic violence, dating violence, sexual assault, or stalking under other Federal laws, as well as under State and local laws.

**Non-Compliance with the Requirements of This Notice**

You may report a covered housing provider's violations of these rights and seek additional assistance, if needed, by contacting or filing a complaint with the New Orleans HUD Field Office, (504) 671-3000.

**For Additional Information**

You may view a copy of HUD's final VAWA rule at https://www.federalregister.gov/documents/2016/11/16/2016-25888/violence-against-women-reauthorization-act-of-2013-implementation-in-hud-housing-programs.
Additionally, HP must make a copy of HUD's VAWA regulations available to you if you ask to see them.
For questions regarding VAWA, please contact Nyssa LeBeau, Principal Administrative Analyst at (504)670-3344.

For help regarding an abusive relationship, you may call the National Domestic Violence Hotline at 1-800-799-7233 or, for persons with hearing impairments, 1 (800) 787-3224 (TTY). You may also contact the New Orleans Family Justice Center, (504) 866-9554.

For tenants who are or have been victims of stalking seeking help may visit the National Center for Victims of Crime's Stalking Resource Center at https://www.victimsofcrime.org/our-programs/stalking-resource-center.
For help regarding sexual assault, you may contact the New Orleans Family Justice Center, (504) 866-9554.
Victims of stalking seeking help may contact New Orleans Family Justice Center, (504) 866-9554.
Attachment: Certification form HUD-5382

I have reviewed the Notice of Occupancy Rights Under the Violence Against Women Act, and I understand what are my rights as a tenant or applicant on the HCV program.

| Tiffanie Current | *Tiffanie current* | 06 / 04 / 2024 |
|---|---|---|
| Name | Signature | Date |

Doc ID: 059c1463d9a9389baf775031cc931fc6ecde8794

# ✖ Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | VAWA Request for Unit Transfer |
| **File name** | Current__Tiffanie_-_FORM_5383.pdf |
| **Document ID** | 059c1463d9a9389baf775031cc931fc6ecde8794 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ✎ Signed |

## Document History

| | | |
|---|---|---|
| **SENT** | **06 / 04 / 2024**<br>15:14:07 UTC-5 | Sent for signature to Tiffanie Current<br>(currenttiffanie371@gmail.com) from taubert@slls.org<br>IP: 208.114.224.194 |
| **VIEWED** | **06 / 04 / 2024**<br>16:08:23 UTC-5 | Viewed by Tiffanie Current (currenttiffanie371@gmail.com)<br>IP: 172.59.109.123 |
| **SIGNED** | **06 / 04 / 2024**<br>16:09:29 UTC-5 | Signed by Tiffanie Current (currenttiffanie371@gmail.com)<br>IP: 172.59.109.123 |
| **COMPLETED** | **06 / 04 / 2024**<br>16:09:29 UTC-5 | The document has been completed. |

FILED

2024 JUL 23  PM 2:36

CIVIL
DISTRICT COURT



## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO. 2024-06181                                                    Division: J-15

### TIFFANIE CURRENT

### VERSUS

### HOUSING AUTHORITY OF NEW ORLEANS

FILED: _____          _____

                                                    DEPUTY CLERK

### AFFIDAVIT OF THERESA AMBEAU

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME,** the undersigned Notary Public, personally came and appeared

THERESA AMBEAU, who after being duly sworn and deposed did state the following:

1) I am over the age of 18 and of full legal capacity.

2) I am a former paralegal at Southeast Louisiana Legal Services, located at 1340
   Poydras St. Suite 600 New Orleans, LA 70112.

3) I represented Tiffanie Current in her Housing Choice Voucher Program ("HCVP")
   termination proceeding.

4) On March 7, 2024 I sent a VAWA Request and Request for Transfer to HANO's
   HCVP Director, attaching her active protective order and a signed HUD form 5382
   "Certification of Domestic Violence, Dating Violence, Sexual Assault, or Stalking."

5) A copy of my March 7, 2024 correspondence is attached as Exhibit 2-A.

6) On June 4, 2024 after my client was physically assaulted by her abuser, I submitted
   an Updated VAWA Request for Transfer, attaching a photo of Ms. Current's injuries
   from the assault and a signed HUD form 5383 "Emergency Transfer Request for
   Certain Victims of Domestic Violence, Dating Violence, Sexual Assault, or
   Stalking."

7) A copy of my June 4, 2024 correspondence is attached as Exhibit 2-B.



8) On May 24, 2024 I emailed the hearing officer, Chris Dalton, Ms. Current's amended tax returns for 2022 and 2023, IRS Form 1040X. In my email I stated "Please let me know if you need any additional information."

9) A copy of my email correspondence is attached as Exhibit 2-C.

10) I received no response or request for additional information.

11) On June 18, 2024, after receiving the adverse hearing decision, I submitted a Request for Reconsideration of Ms. Current's termination decision to the hearing officer Chris Dalton, reattaching the 1040X forms as well as Attorney Tuttle's cover letter to the IRS showing that the returns were mailed on May 29, 2024.

12) My June 18, 2024 correspondence is attached as Exhibit 2-D.

I declare under penalty of perjury that the forgoing statements are true and correct.

_Theresa Ambeau_

Theresa Ambeau

**SWORN TO AND SUBSCRIBED**
**BEFORE ME THIS** 19 **DAY**
**OF** July **, 20** 24 **.**

**NOTARY PUBLIC**

**Notary Printed Name:**

HANNAH ADAMS
Notary Public
Notary ID No. 144209
Orleans Parish, Louisiana

**Notary #** _____



**SOUTHEAST LOUISIANA**
**LEGAL SERVICES**
Free Legal Aid for Low-Income People

Baton Rouge, Covington, Hammond, Harvey, Houma, New Orleans

PLAINTIFF'S
EXHIBIT
2 -A

1340 Poydras St. Suite 600 • New Orleans, Louisiana 70112 • Telephone: (504) 529-1000 •     Fax: (504) 596-2241
www.slls.org • www.louisianalawhelp.org • http://tinyurl.com/sllsfacebook

Thursday, March 7, 2024

Pradip Singh
Housing Authority of New Orleans
4100 Touro Street
New Orleans, LA 70122
504-670-3344
*psingh@hano.org*

Monica New
Housing Authority of New Orleans
4100 Touro Street
New Orleans, LA 70122
504-670-3398
*mgonleh@hano.org*

*By Electronic Mail and First Class Mail*

**Re: VAWA Request and Request for Transfer – Ms. Tiffanie Current**

Dear Pradip Singh and Monica New:

I represent Ms. Tiffanie Current, who participates in the Housing Choice Voucher Program. I write on Ms. Current's behalf to request VAWA protections and to request a transfer to another subsidized unit, as she has been the victim of domestic violence by her ex-boyfriend, Mr. Jessie Harvey Sr. Mr. Harvey is the father of three of Ms. Current's children. Ms. Current has also been the victim of harassment by a neighbor, Ms. Keisha Dominique. As such, Ms. Current is in imminent fear that she or her children will be harmed.

<u>**VAWA Request**</u>

The Violence Against Women Act (VAWA) provides that an otherwise qualified participant in a covered housing program may not be terminated from participation in the program on the basis that the applicant or tenant is or has been a victim of domestic violence, dating violence, sexual assault, or stalking. 34 U.S.C.A. § 12491(b)(1). HUD Notice PIH 2017–08 notes that, "On the surface, adverse factors may appear unrelated to domestic violence . . . and may present legitimate reasons for denial, termination, or eviction. However, the presence of an adverse factor may be due to an underlying experience of domestic violence, . . . An adverse factor may be present during much of an abusive relationship, or it may present itself only when a victim is attempting to leave, or has left, the abusive relationship."





LSC     LOUISIANA BAR FOUNDATION     United Way

Doc ID: de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2

Mr. Harvey suffers from mental illness and has a history of abuse toward Ms. Current. During the course of their relationship from 2009 to 2017, Mr. Harvey was violent and physically and emotionally abusive to Ms. Current.

In September of 2023, Mr. Harvey attempted to break windows and kick down Ms. Current's door. Ms. Current called the police at this time. When police arrived, Mr. Harvey ran from the police, but he was caught and arrested. At this time, Ms. Current sought to get a stay away order against Mr. Harvey. *See attached Order of Protection; Orleans Parish Magistrate Court docket master*. Mr. Harvey was released on October 14, 2023 and is currently on probation.

During the week of February 26, 2024, Mr. Harvey took their eight-year-old son, Jessie Harvey Jr., from school, and fled to Baton Rouge. Ms. Current did not know the whereabouts of her son until March 6, 2024, when Mr. Harvey's mother finally returned the child.

As Ms. Current has a history of abuse from Mr. Harvey and Mr. Harvey continues to be a threat to her and her children, she requests protections under VAWA. *See attached VAWA Certification.* Additionally, Ms. Current was notified by HANO fraud investigation by a letter dated on February 23, 2024, that she must verify the income, expenses, and other information of participants for continued eligibility in the HCVP. This verification request includes Mr. Harvey even though he does not reside at the home and is not a program participant. Ms. Current produced her own information that was requested (i.e. tax transcripts and electric bills) by bringing documentation to HANO on March 7, 2024. However, she is unable to comply with the request to submit Mr. Harvey's information. Mr. Harvey does not reside in the unit. Ms. Current does not know the whereabouts of Mr. Harvey, nor does she have any of his current contact information.

### Request for Transfer

Ms. Current also requests a transfer to another subsidized unit out of an imminent fear that her or her children will be harmed. In accordance with VAWA, HANO allows tenants who are victims of domestic violence, dating violence, sexual assault, or stalking to request an emergency transfer from the tenant's current unit to another unit. HANO ACOP 16.2.1.

As explained above, Ms. Current has a history of abuse from Mr. Harvey that continues to today. Ms. Current's stay away order is currently in place, but it does not actually keep Mr. Harvey away. Ms. Current has also recently been the subject of routine harassment by a neighbor, Ms. Keisha Dominique. Ms. Dominique's son impregnated Ms. Current's thirteen-year-old daughter and has been consistently harassing Ms. Current to get her daughter an abortion. Ms. Dominique went as far as to give Ms. Current abortion pills for her daughter. Thus, Ms. Current has an imminent fear that her or her children will be harmed, and continued to be victims of harassment by the neighbor. Ms. Current requests an emergency transfer because her present living situation is unsafe.

Please contact me at (504) 407-1401 or tambeau@slls.org to let me know whether HANO will grant this transfer request. If you need additional documentation or information,

Doc ID: de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2

please let me know and I will provide this as soon as possible. I thank you in advance for your prompt attention to this matter.

Sincerely,

*Theresa Ambeau*

Theresa Ambeau, J.D.
Paralegal, Housing Unit
Southeast Louisiana Legal Services
1340 Poydras St., Suite 600
New Orleans, LA 70112
Work phone: 504-407-1401
Fax: 504-596-2241
Email: tambeau@slls.org

Encl:
1. Order of Protection
2. Orleans Parish Magistrate Court docket master
3. VAWA Certification

Doc ID: de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2

LOUISIANA UNIFORM ABUSE PREVENTION ORDER

## Order of Protection

- ☐ Bail Restrictions/Conditions of Release
- ☐ Probation Conditions
- ☑ Sentencing Order
- ☐ Conditions of Parole
- ☐ Modified Order

Filed: _____   Clerk: _____

Case/Docket # 559-1987 M007-037

Arrest/Booking # 12443880

Item # I-21217-23

Court: criminal        Div. B

City/Parish: Orleans      State: Louisiana

| PROTECTED PERSON | | | PROTECTED PERSON IDENTIFIERS | | | |
|---|---|---|---|---|---|---|
| Tiffanie | | currant | 7/3/1990 | BIK | ☑ | |
| First | Middle/Maiden | Last | Date of birth | Race | Sex:F | Sex:M |

State of Louisiana        OR        City of _____

### V.

DEFENDANT'S NAME AND ADDRESS

| Jessie | | Harvey |
|---|---|---|
| First | Middle | Last |

Defendant's Alias: _____

14754 curran rd
No. & Street                           Apt. No.

new orleans    LA    70128
City          State    Zip Code

DEFENDANT IDENTIFIERS

| SEX | RACE | DOB | HT | WT |
|---|---|---|---|---|
| M | BIK | 5/25/1980 | 5'05" | 135 |
| EYES | HAIR | SOCIAL SECURITY # | | |
| BRO/BIK | | 6981 | | |
| DRIVER'S LICENSE # | | STATE | EXP DATE | |
| 11643148 | | LA | | |

**THE COURT HEREBY FINDS:**
That it has jurisdiction over the parties and subject matter, and the defendant has been or will be provided with reasonable notice and opportunity to be heard. Additional findings of this court are as set forth on the following pages.

**THE COURT HEREBY ORDERS:**
That the above-named defendant be restrained from committing further acts of abuse or threats of abuse, stalking or sexual assault. Additional terms of this order are as set forth on the following pages.

**EXPIRATION:** This order shall be effective through 11:59 PM on  12 5 2025  *(month/day/year)*

**ENFORCEMENT:**
This order shall be enforced, even without registration, by the courts of any state, the District of Columbia, any U.S. Territory, and may be enforced by Tribal Lands (18 U.S.C. Section 2265).

**WARNINGS TO DEFENDANT:**

Crossing state, territorial, or tribal boundaries to violate this order may result in federal imprisonment (18 U.S.C. Section 2262).

Federal law provides penalties for possessing, transporting, shipping, or receiving any firearm or ammunition (18 U.S.C. Section 922(g)(8)). See further notice on pages 5-6 of this Order.

ONLY THE COURT CAN CHANGE THIS ORDER.

Page 1 of 7

LPOR 17
v.14

Doc ID: de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2

Docket No. 559-1087

| LOUISIANA UNIFORM ABUSE PREVENTION ORDER |
|:---:|

## CRIMINAL ORDER OF PROTECTION

| # of counts | Criminal Charge (Code #) | # of counts | Criminal Charge (Code #) | # of counts | Criminal Charge (Code #) |
|---|---|---|---|---|---|
| 1 | 14:35.3 (L) | | | | |
| 1 | 14:35.3 (I) | | | | |
| | | | | | |

STATE OF LOUISIANA          OR          CITY OF _____
V.                                                    V.

DEFENDANT'S NAME: Jessie Hanley

| A | ☐ BAIL RESTRICTIONS | B | ☑ SENTENCING ORDERS |
|---|---|---|---|
| | | | ☐ PROBATION CONDITIONS |
| | ☐ Hearing was held | | Right to counsel: |
| | | | ☐ Defendant represented by counsel or waived counsel |
| | ☐ No hearing was held | | Right to jury trial: |
| | | | ☐ Not applicable under Louisiana law |
| | | | ☐ Defendant tried by jury or waived jury |
| | | | ☐ CONDITIONS OF PAROLE |

The protected person(s) is related to the defendant as: *(check all that apply)*

| C | ☐ 1. current or former spouse<br>☐ 2. current or former intimate cohabitant<br>☐ 3. child, stepchild, or foster child<br>☐ 4. child of defendant's current or former intimate partner<br>☐ 5. protected person and defendant have a child(ren) in common | D | ☑ 1. current or former dating partner<br>☐ 2. parent, stepparent, or foster parent<br>☐ 3. Grandparent or other ascendant<br>☐ 4. Grandchild or other descendant<br>☐ 5. child currently or formerly living with defendant |
|---|---|---|---|
| E | Select ONLY if CHARGE(S) include(s) stalking or sexual assault by stranger or acquaintance<br>☐ 1. Stranger / no relationship     ☐ 2. Acquaintance | | |

### ONLY ORDERS INITIALED BY A JUDGE SHALL APPLY

| F | ☐ | THE COURT FINDS THAT THE DEFENDANT REPRESENTS A CREDIBLE THREAT OR DANGER TO THE PHYSICAL SAFETY OF THE PROTECTED PERSON(S), HAS BEEN CHARGED WITH A CRIME AGAINST A FAMILY MEMBER, HOUSEHOLD MEMBER OR DATING PARTNER AND/OR HAS BEEN CHARGED WITH THE CRIME OF BATTERY OF A DATING PARTNER (R.S. 14:34.9, OR OF DOMESTIC ABUSE BATTERY (R.S. 14:35.3), OR OF STALKING (14:40.2), OR OF CYBERSTALKING (R.S. 14:40.3), OR OF VIOLATION OF PROTECTIVE ORDERS (R.S. 14:79), OR OF UNLAWFUL COMMUNICATION (R.S. 14:285), OR OF A SEXUAL ASSAULT (as defined in R.S. 46:2184), OR R.S. 46:1846 APPLIES. THUS, THE DEFENDANT IS PROHIBITED FROM POSSESSING A FIREARM PURSUANT TO LA. C.CR.P. ARTICLE 313, AND/OR 320(H) AND THE COURT ISSUES THE FOLLOWING ORDERS:<br><br>☐ WITHOUT A HEARING                    ☐ AFTER A HEARING<br><br>THE DEFENDANT IS HEREBY ORDERED TO TRANSFER ANY AND ALL FIREARMS OWNED OR POSSESSED; ANY CONCEALED HANDGUN PERMIT IS HEREBY SUSPENDED PURSUANT TO LA. C.CR.P. ARTICLE 1001 ET SEQ. See timeframes and details on page 6 of this Order. |
|---|---|---|

Doc ID: de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2

Docket No. 559-087

| G | ☐ | THIS ORDER WAS ISSUED AFTER ACTUAL NOTICE AND AN OPPORTUNITY TO PARTICIPATE IN A HEARING WAS PROVIDED TO THE DEFENDANT. THE COURT FINDS THAT THE DEFENDANT REPRESENTS A CREDIBLE THREAT OR DANGER TO THE PHYSICAL SAFETY OF THE PROTECTED PERSON(S); HAS BEEN CHARGED WITH A CRIME AGAINST A FAMILY MEMBER, HOUSEHOLD MEMBER OR DATING PARTNER AND/OR HAS BEEN CHARGED WITH THE CRIME OF BATTERY OF A DATING PARTNER (R.S. 14:34.9, OR OF DOMESTIC ABUSE BATTERY (R.S. 14:35.3), OR OF STALKING (14:40.2), OR OF CYBERSTALKING (R.S. 14:40.3), OR OF VIOLATION OF PROTECTIVE ORDERS (R.S. 14:79), OR OF UNLAWFUL COMMUNICATION (R.S. 14:285), OR OF A SEXUAL ASSAULT (as defined in R.S. 46:2184), OR R.S. 46:1846 APPLIES. THUS, THE DEFENDANT IS PROHIBITED FROM POSSESSING A FIREARM PURSUANT TO LA. C.CR.P. ARTICLE 313, AND/OR 320(H) AND THE COURT ISSUES THE FOLLOWING ORDERS:<br><br>THE DEFENDANT IS HEREBY ORDERED TO TRANSFER ANY AND ALL FIREARMS OWNED OR POSSESSED; ANY CONCEALED HANDGUN PERMIT IS HEREBY SUSPENDED PURSUANT TO LA. C.CR.P. ARTICLE 1001 ET SEQ. See further timeframes and details on page 6 of this Order. |
| H | ☑ | DEFENDANT HAS BEEN CONVICTED OF A CRIME AGAINST A FAMILY MEMBER, HOUSEHOLD MEMBER OR DATING PARTNER AND/OR HAS BEEN CONVICTED OF THE CRIME OF BATTERY OF A DATING PARTNER (R.S. 14:34.9, OR OF DOMESTIC ABUSE BATTERY (R.S. 14:35.3), OR OF STALKING (14:40.2), OR OF CYBERSTALKING (R.S. 14:40.3), OR OF VIOLATION OF PROTECTIVE ORDERS (R.S. 14:79), OR OF UNLAWFUL COMMUNICATION (R.S. 14:285), OR OF A SEXUAL ASSAULT (as defined in R.S. 46:2184), OR R.S. 46:1846 APPLIES. THE COURT FINDS THAT THE DEFENDANT REPRESENTS A CREDIBLE THREAT OR DANGER TO THE PHYSICAL SAFETY OF THE PROTECTED PERSON(S), THUS THE DEFENDANT IS PROHIBITED FROM POSSESSING A FIREARM PURSUANT TO R.S. 14:95.10 AND/OR 46:2136.3, AND/OR OTHER APPLICABLE LAW, AND THE COURT ISSUES THE FOLLOWING ORDERS:<br><br>THE DEFENDANT IS HEREBY ORDERED TO TRANSFER ANY AND ALL FIREARMS OWNED OR POSSESSED; ANY CONCEALED HANDGUN PERMIT IS HEREBY SUSPENDED PURSUANT TO LA. C.CR.P. ARTICLE 1001 ET SEQ. See timeframes and details on page 6 of this Order. |

ONLY ORDERS INITIALED BY A JUDGE SHALL APPLY

☑ 1.   YOU ARE ORDERED NOT TO abuse, harass, assault, stalk, follow, track, monitor, or threaten the protected person, _Tireonie Williams_
_____
Name

This prohibition includes the use, attempted use, or threatened use of physical force that would reasonably be expected to cause bodily injury.

☑ 2.   YOU ARE ORDERED NOT TO contact the protected person personally, through a third party, or via public posting, by any means, including written, telephone, or electronic (text, email, messaging, or social media) communication.

☑ 3.   YOU ARE ORDERED NOT TO go within _1000 feet_____ (distance) of the protected person.

☑ 4.   YOU ARE ORDERED NOT TO contact the protected person's immediate family* personally, through a third party, or via public posting, by any means, including written, telephone, or electronic (text, email, messaging, or social media) communication. (*Immediate family = spouse, mother, father, aunt, uncle, sibling, or child of the offender whether related by blood, marriage, or adoption)

☑ 5.   YOU ARE ORDERED NOT TO go within one hundred (100) yards of the residence or household of the protected person.

☑ 6.   YOU ARE ORDERED NOT TO go to the protected person's school, or the protected person's place of employment.

___ ☐ 7.   THE COURT WILL ALLOW _____ to return to the residence at a date and time to be determined by the protected person and law enforcement agency to recover his/her personal clothing and necessities, provided that s/he is accompanied by a law enforcement officer to ensure the protection and safety of the parties.

___ ☐ 8.   THE COURT ORDERS a representative of _____ (Sheriff's office) to accompany _____ to the residence located at _____ to recover _____ personal clothing and necessities.

LPOR 17
v.14

Doc ID: de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2

Docket No. 559-1087

___ ☐ 9.   YOU ARE ORDERED TO pay the sum of $_____ to the _____
(Family Violence Program) no later than _____ (date)..

___ ☐ 10.   YOU ARE ORDERED TO enroll in a court-monitored domestic abuse intervention program at/with:
Domestic Violence Monitory Court ___ and YOU ARE ORDERED TO successfully complete
said program no later than ~Weekley,probation, 12/5/2026.

___ ☐ 11.   YOU ARE ORDERED TO submit to a court-approved course of counseling or therapy at/with:
_____ and YOU ARE ORDERED TO successfully
complete said program no later than _____ (date).

___ ☐ 12.   YOU ARE ORDERED TO undergo a psychiatric evaluation at/with: _____
no later than _____ (date).

___ ☐ 13.   YOU ARE ORDERED TO provide restitution to the victim of this crime for the pecuniary loss to said victim and/or
for the costs incurred by the victim in connection with the criminal prosecution in the amount of $_____
no later than _____ (date).

___ ☐ 14.   YOU ARE ORDERED TO wear an electronic monitoring device and be actively electronically monitored.
Electronic monitoring conditions include:
_____
_____
_____

___ ☐ 15.   Other: _____
_____
_____
_____
_____
_____
_____
_____
_____

___ ☐ 16.   YOU ARE ORDERED TO RETURN TO COURT ON January 4, 2024 (month/day/year)
AT ___9___ O'CLOCK a.M.

| Date of Order | Order effective through 11:59 PM on | SIGNATURE OF JUDGE |
|---|---|---|
| 12/5/2023 month/ day /year | 12/5/2025 month/ day /year | Jacci Henryss Darlui PRINT OR STAMP JUDGE'S NAME |

LPOR 17
v.14

Doc ID: de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2

Docket No. 559-1087

---

### NOTICE TO DEFENDANT - VIOLATION OF ORDER

VIOLATION OF THIS ORDER MAY RESULT IN FORFEITURE OF BOND, REVOCATION OF PROBATION, A FINE OF UP TO $500 AND/OR 6 MONTHS IMPRISONMENT.

A PERSON WHO VIOLATES THIS ORDER MAY BE IMMEDIATELY ARRESTED, JAILED, AND PROSECUTED PURSUANT TO LA. R.S. 14:79 AND/OR 14:95.10, MAY BE FINED UP TO $5,000.00 AND IMPRISONED WITH OR WITHOUT HARD LABOR FOR UP TO FIVE YEARS.

A PERSON WHO VIOLATES THIS ORDER MAY BE FURTHER PUNISHED UNDER OTHER CRIMINAL LAWS OF THE STATE OF LOUISIANA.

---

### NOTICE TO DEFENDANT - FIREARM POSSESSION

AS A RESULT OF THIS ORDER, IT MAY BE UNLAWFUL FOR YOU TO POSSESS, RECEIVE, SHIP, TRANSPORT OR PURCHASE A FIREARM, INCLUDING A RIFLE, PISTOL, OR REVOLVER, OR AMMUNITION, FOR THE DURATION OF THIS ORDER OR LONGER, PURSUANT TO STATE AND/OR FEDERAL LAW.

*If you have any questions whether these laws make it illegal for you to possess or purchase a firearm or ammunition, consult an attorney.*

Federal law: 18 U.S.C. 922 (g)(8) prohibits a defendant from purchasing, possessing, shipping, transporting, or receiving firearms or ammunition* for the duration of this order if the following conditions apply:
- Victim/protected person(s) relationship to defendant is checked in Box C on page 2 of this order
  AND
- Notice and opportunity for a hearing provided (Box G or Box H on page 3 of this order)
  AND
- EITHER Judicial finding of credible threat (Box G or Box H on page 3 of this order)
  OR Certain behaviors are prohibited (Item 1 on page 3 of this order is initialed)

Federal law: 18 U.S.C. 922 (g)(9) prohibits a defendant from purchasing, possessing, shipping, transporting, or receiving firearms or ammunition* if the following conditions apply:
- Defendant has been CONVICTED of a misdemeanor crime of domestic violence**
  AND
- Victim/protected person(s) relationship to defendant is checked in Box C on page 2 of this order or Number 4 in Box D on page 2 of this order.

*18 U.S.C. 921: the term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm. The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

**18 U.S.C. 921: the term "misdemeanor crime of domestic violence" means an offense that is a misdemeanor under Federal, State, or Tribal law, and has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon. In Louisiana, a "misdemeanor crime of domestic violence" may include R.S. 14:35 (simple battery), R.S. 35.3 (domestic abuse battery), R.S. 14:36 (assault), R.S. 14:37 (aggravated assault), R.S. 14:38 (simple assault), R.S. 14:103/A(1) (disturbing the peace by fistic encounter) and R.S. 14:103/A(4) (disturbing the peace by engaging in any act in a violent or tumultuous manner by any three or more persons).

Louisiana law: C.Cr.P. Art. 320(H) prohibits the possession of a firearm* for the duration of this order when issued as a bail restriction.

AND

Louisiana law: R.S. 14:95.10 prohibits possession of a firearm* or carrying of a concealed weapon by a defendant CONVICTED of domestic abuse battery (R.S. 14:35.3), battery of a dating partner if the battery involves strangulation or burning, and second and subsequent convictions of battery of a dating partner (R.S. 14:34,9) –

IF
- Defendant was represented by counsel in the case or knowingly and intelligently waived the right to counsel in the case (Item in Box B on page 2 is checked)
  AND
- Defendant, if entitled to a trial by jury in the case, was tried by a jury or knowingly and intelligently waived the right to be tried by a jury, by guilty plea or otherwise (Item in Box B on page 2 is checked).

AND

LPOR 17
v.14

Doc ID: de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2

Docket No. 559-1087

Louisiana law: R.S. 46:2136.3 prohibits the possession of a firearm* for the duration of this order if both of the following occur:
- The order includes a finding that the person subject to the order represents a credible threat to the physical safety of the protected person(s) (Box H on page 3 of this order) and the protected person(s) is a family or household member or dating partner
  AND
- The order informs the person subject to the order that the person is prohibited from possessing a firearm pursuant to the provisions of 18 U.S.C. 922(g) (8) and R.S. 46:2136.3.

AND

Louisiana Law: R.S. 46:1846 prohibits the possession of a firearm* for the duration of this order if:
- The defendant has been charged by bill of information/indictment with any crime of violence, any felony sex offense or any felony human trafficking-related offense as defined in R.S. 46:1844(W), or any offense that is a felony committed upon a family member, household member, or dating partner or any immediate family member of such person.
  OR
- The defendant has been sentenced or found not guilty by reason of insanity for a crime of violence, any felony sex offense, or any felony human trafficking-related offense as defined in R.S. 46:1844(W), or any offense that is a felony committed upon a family member, household member, or dating partner or any immediate family member of such person.
  AND
- The defendant is prohibited from communicating with a person listed above.

AND

Louisiana law: R.S. 14:40.2 (F)(5) (crime of stalking) prohibits the possession of a firearm* for the duration of this order.

*Under these statutes, "firearm" means any pistol, revolver, rifle, shotgun, machine gun, submachine gun, black powder weapon, or assault rifle which is designed to fire or is capable of firing fixed cartridge ammunition or from which a shot or projectile is discharged by an explosive.

---

## NOTICE TO DEFENDANT: FIREARM TRANSFER AND SUSPENSION OF CONCEALED HANDGUN PERMIT

AS A RESULT OF THIS ORDER, YOU MAY BE REQUIRED TO TRANSFER ANY AND ALL FIREARMS OWNED OR POSSESSED BY YOU AND SURRENDER YOUR CONCEALED HANDGUN PERMIT

Louisiana law: C.Cr.P. Art. 1001 et seq. requires the transfer of all firearms owned or possessed and the suspension of a concealed handgun permit:
- When a person is convicted of domestic abuse battery (R.S. 14:35.3), second or subsequent conviction of battery of a dating partner (R.S. 14:34.9), battery of a dating partner that involves strangulation (R.S. 14:34.9(K)), battery of a dating partner when the offense involves burning (R.S. 14:34.9), domestic abuse aggravated assault (R.S. 14:37.7), aggravated assault upon a dating partner (R.S. 14:34.9.1), or any felony crime of violence enumerated or defined in R.S. 14:2(B) for which a person would be prohibited from possessing a firearm pursuant to R.S. 14:95.1 and either has as an element of the crime that the victim was or the victim has been determined to be a family member, household member, or dating partner; possession of a firearm or carrying a concealed weapon by a person convicted of domestic abuse battery and certain offenses of battery of a dating partner (R.S. 14:95.10).
  OR
- When a person is subject to a Uniform Abuse Prevention Order issued pursuant to C.Cr.P. Articles 30, 320, or 871.1.
  OR
- When a person is subject to a Uniform Abuse Prevention Order that includes terms prohibiting possession of a firearm or carrying a concealed weapon.

Firearms transfer shall occur within 48 hours, exclusive of legal holidays. If firearms are sold or transferred prior to issuance of transfer order, you must provide a proof of transfer form signed by the receiver and a witness, within 10 days.

---

I have read and fully understand all conditions of this order.

12-05-23
DATE

*Jessie Harvey*
SIGNATURE OF DEFENDANT

LPOR 17
v.14

Doc ID: de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2

Docket No: 559-683

## FULL FAITH AND CREDIT pursuant to 18 U.S.C. §2265

The issuing court certifies that it has jurisdiction over the parties and the subject matter under the laws of the State of Louisiana; that the defendant was given reasonable notice and an opportunity to be heard sufficient to protect the defendant's right to due process before this order was issued; or if the order was issued *ex parte*, the court ordered that the defendant be given reasonable notice and an opportunity to be heard within the time required by the laws of the State of Louisiana, and in any event, within a reasonable time after the order was issued, sufficient to protect the defendant's due process rights.

THIS ORDER SHALL BE PRESUMED VALID AND ENFORCEABLE IN ALL 50 STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, U.S. TERRITORIES, AND COMMONWEALTHS.

SIGNATURE OF JUDGE

PRINT OR STAMP JUDGE'S NAME

## NOTICE TO LAW ENFORCEMENT

Pursuant to La. R.S. 14:79, the crime of violation of protective orders – you shall use every reasonable means, including but not limited to immediate arrest of the violator, to enforce this order. Further, you shall at a minimum issue a summons to the person in violation.

Pursuant to La. R.S. 46:2140(A), if you have reason to believe that a family or household member or dating partner has been abused AND the abusing party is in violation of this order, you SHALL immediately arrest the abusing party.

Defendant provided with a copy of this order on: 12/5/23 (Date)

By: _____
Signature

Deborah Braves               Section B - Minute Clerk
Print Name                    Agency

Faxed or electronically transmitted to the Louisiana Protective Order Registry

DATE _____   CLERK _____

### FAX COMPLETED ORDERS TO 888-568-4558

Copies to: 1) Court file 2) Protected Person 3) Defendant 4) Reporting/Investigating Law Enforcement Agency 5) Chief Law Enforcement Official of the parish where the protected person(s) resides 6) Sheriff of the parish where the defendant resides 7) Prosecuting Attorney 8) La. Dept. of Public Safety & Corrections (DPS&C) 9) Committee on Parole, La. DPS&C 10) Louisiana Protective Order Registry

```
MAG#: 607037              D O C K E T   M A S T E R          Date: 03/04/2024
                                                             Time:  15:12:09
                        ORLEANS PARISH MAGISTRATE COURT


================================================================================
    DEFENDANT(S):      CNTS CHARGE(S):
================================================================================


    HARVEY, JESSIE C
                        1  RS 14  37 A              BOND:           0.00
                           AGG ASSAULT
    HARVEY, JESSIE C
                        1  RS 14  35.3(L)           BOND:      10,000.00
                           DOMESTIC ABUSE BATTERY INV STRANGULATION
    HARVEY, JESSIE C
                        1  RS 14  35.3(I)           BOND:      10,000.00
                           DOMESTIC ABUSE CHILD ENDANGEMENT LAW


================================================================================
   DATE      PROCEEDINGS
================================================================================

09/23/2023                                                   DESALVOE *
             FIRST APPEARANCE HEARING IN MAGISTRATE COURT SECTION M3
             BOND SET FOR $28,000.00
             RESULT-RULE TO SHOW CAUSE FOR 11/22/2023 AT  3:00 PM
             SCHEDULED -RULE TO SHOW CAUSE ON 11/22/2023 AT  3:00 PM, SECT M4
             SCHEDULED -HEARING ON DOMESTIC MATTER ON 10/17/2023 AT  3:00 PM,
             SECT M3
             THE DEFENDANT APPEARED FOR FIRST APPEARANCE HEARING.
             THE COURT APPOINTED OPD TO REPRESENT THE DEFENDANT.
             IF THE DEFENDANT MAKES BOND, HE/SHE MUST FILL OUT AN
             APPLICATION WITH OPD TO REQUALIFY FOR REPRESENTATION.
             PROBABLE CAUSE WAS FOUND.
              THE COURT ISSUED A DOMESTIC STAY AWAY ORDER IN THIS MATTER
             THE COURT INFORMED THE DEFENDANT OF THE CONDITIONS OF THE
             ORDER ON THE RECORD
             BOTH THE COURT AND THE DEFENDANT SIGNED THE STAY AWAY AND A
             COPY WAS PLACED IN THE RECORD
             THE DEFENDANT ON THE RECORD ACKNOWLEGED THE CONDITIONS OF THE
             STAY AWAY ORDER AND WAS PROVIDED A COPY BY THE OPCSO
             THIS PROTECTIVE ORDER SHALL REMAIN IN EFFECT UNTIL THE
             DISPOSITION OF THIS CASE
             AS PER 14:95.10 AND 46:2136.3 THE DEFENDANT REPORTED THAT
             THEY POSSESS NO FIREARMS OR AMMUNITION AS OF THIS DATE
             THE APPROPRIATE FORMS WERE COMPLETED BY THE COURT AND THE
             DEFENDANT AND COPIES WERE PLACED IN THE RECORD
             THE OPCSO WAS NOTIFIED AS WELL
             THE DEFENDANT STATED ON THE RECORD THAT HE DOES NOT OWN OR
             POSSESS A FIREARM.
             THE DEFENDANT MUST REPORT TO THE COURTS DOMESTIC VIOLENCE
             MONITORING PROGRAM AS A CONDITION OF ANY BOND THE DEFENDANT
             DUE TO THE CARONAVIRUS THE DEFENDANT WAS ORDERED TO CALL THE
             PROGRAM UPON RELEASE
             THE DEFENDANT WAS PROVIDED WITH A PHONE NUMBER TO CALL UPON
             RELEASE TO ENROLL IN THE PROGRAM.
             AS A CONDITION OF BOND, THE DEFENDANT MUST BE RELEASED ON A GPS
             ANLKE MONITOR WITH A KEY FOB FOR THE VICTIM.
10/05/2023                                                   DESALVOE *
             FILING(S) IN OPEN COURT IN MAGISTRATE COURT SECTION M5
             SCHEDULED -BOND REDUCTION HEARING ON 10/10/2023 AT  3:00 PM, SECT
             M3
             THE DEFENSE FILED A MOTION TO REDUCE BOND.
10/10/2023                                                   DESALVOE *
```

```
                    BOND REDUCTION HEARING IN MAGISTRATE COURT SECTION M3
                    THE COURT DENIED THE MOTION TO REDUCE BOND.
    10/24/2023                                              MAQUARM  *
                    UNSCHEDULED ACTIVITY IN MAGISTRATE COURT SECTION M3
                    DEFENDANT IS NOT COMPLIANT WITH COURTS BOND CONDITIONS AND THE
                    COURT ISSUED A NO BOND ALIAS CAPIAS
    10/27/2023                                              SMITHROY
                    FILED ARREST ON CAPIAS NOTIFICATION, DATE OF ARREST 10/24/23.FAOC
                    N FOR 10/31/2023. PDOJL.
    10/31/2023                                              MAQUARM  *
                    FILED ARST ON CAP NOTIFICATION IN MAGISTRATE COURT SECTION M3
                    MOOT THE CASE HAS BEEN ACCEPTED IN SECTION B AND THIS COURT
                    HAS NO JURISDICTION
    ================================================================================
                                END OF DOCKET MASTER
    ================================================================================
```

Disclaimer:

The Orleans Parish Sheriff's Office provides computer services to both the Orleans Parish Clerk of Criminal District Court and the Orleans Parish Criminal District Court. The Orleans Parish Sheriff's Office DOES NOT maintain or ensure the information provided is complete and accurate, and this information can change quickly. Therefore, the information on this site may not reflect the true charges, status, next court date, or other information regarding a case. The information is provided as a request under the Freedom of Information Act, and the Public Records Act. Nothing contained herein is intended to imply or infer the guilt or wrongdoing of any person(s) listed on this site. This information shall not be considered, or used as, a public document, or official document, and no other publication or copying of this information is allowed without the express written consent of the person(s), and the Orleans Parish Criminal District Court.

For questions, comments, and other information you may contact the Orleans Parish Clerk of Criminal District Court, Records Division at (504) 658-9000. This information is made available to the public and law enforcement in the interest of public safety. Any unauthorized use of this information is forbidden and subject to criminal prosecution.

| | | |
|---|---|---|
| **CERTIFICATION OF** | **U.S. Department of Housing** | OMB Approval No. 2577-0286 |
| **DOMESTIC VIOLENCE,** | **and Urban Development** | Exp. 06/30/2017 |
| **DATING VIOLENCE,** | | |
| **SEXUAL ASSAULT, OR STALKING,** | | |
| **AND ALTERNATE DOCUMENTATION** | | |

**Purpose of Form:** The Violence Against Women Act ("VAWA") protects applicants, tenants, and program participants in certain HUD programs from being evicted, denied housing assistance, or terminated from housing assistance based on acts of domestic violence, dating violence, sexual assault, or stalking against them. Despite the name of this law, VAWA protection is available to victims of domestic violence, dating violence, sexual assault, and stalking, regardless of sex, gender identity, or sexual orientation.

**Use of This Optional Form:** If you are seeking VAWA protections from your housing provider, your housing provider may give you a written request that asks you to submit documentation about the incident or incidents of domestic violence, dating violence, sexual assault, or stalking.

In response to this request, you or someone on your behalf may complete this optional form and submit it to your housing provider, or you may submit one of the following types of third-party documentation:

(1) A document signed by you and an employee, agent, or volunteer of a victim service provider, an attorney, or medical professional, or a mental health professional (collectively, "professional") from whom you have sought assistance relating to domestic violence, dating violence, sexual assault, or stalking, or the effects of abuse. The document must specify, under penalty of perjury, that the professional believes the incident or incidents of domestic violence, dating violence, sexual assault, or stalking occurred and meet the definition of "domestic violence," "dating violence," "sexual assault," or "stalking" in HUD's regulations at 24 CFR 5.2003.

(2) A record of a Federal, State, tribal, territorial or local law enforcement agency, court, or administrative agency; or

(3) At the discretion of the housing provider, a statement or other evidence provided by the applicant or tenant.

**Submission of Documentation:** The time period to submit documentation is 14 business days from the date that you receive a written request from your housing provider asking that you provide documentation of the occurrence of domestic violence, dating violence, sexual assault, or stalking. Your housing provider may, but is not required to, extend the time period to submit the documentation, if you request an extension of the time period. If the requested information is not received within 14 business days of when you received the request for the documentation, or any extension of the date provided by your housing provider, your housing provider does not need to grant you any of the VAWA protections. Distribution or issuance of this form does not serve as a written request for certification.

**Confidentiality:** All information provided to your housing provider concerning the incident(s) of domestic violence, dating violence, sexual assault, or stalking shall be kept confidential and such details shall not be entered into any shared database. Employees of your housing provider are not to have access to these details unless to grant or deny VAWA protections to you, and such employees may not disclose this information to any other entity or individual, except to the extent that disclosure is: (i) consented to by you in writing in a time-limited release; (ii) required for use in an eviction proceeding or hearing regarding termination of assistance; or (iii) otherwise required by applicable law.

Doc ID: de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2

2

**TO BE COMPLETED BY OR ON BEHALF OF THE VICTIM OF DOMESTIC VIOLENCE, DATING VIOLENCE, SEXUAL ASSAULT, OR STALKING**

**1. Date the written request is received by victim:** ___3/7/2024___

**2. Name of victim:** __Tiffanie Current_____

**3. Your name (if different from victim's):** _Theresa Ambeau (paralegal, Southeast Louisiana Legal Services)_____

**4. Name(s) of other family member(s) listed on the lease:** Jessica Harvey, Jessie Harvey, Janiah Current, Destiny Rivers_____

**5. Residence of victim:** _7564 Forest Glen Rd., New Orleans, LA 70127_____

**6. Name of the accused perpetrator (if known and can be safely disclosed):** __Jessie C. Harvey Sr._____

**7. Relationship of the accused perpetrator to the victim:** ex-boyfriend_____

**8. Date(s) and times(s) of incident(s) (if known):** __September 2023_____

**10. Location of incident(s):** __7564 Forest Glen Rd., New Orleans, LA 70127___

In your own words, briefly describe the incident(s):
_Mr. Harvey attempted to break windows and break down Ms. Current's door. Ms. Current called the police, Mr. Harvey was arrested, and Ms. Current sought a stay away order against Mr. Harvey._

This is to certify that the information provided on this form is true and correct to the best of my knowledge and recollection, and that the individual named above in Item 2 is or has been a victim of domestic violence, dating violence, sexual assault, or stalking. I acknowledge that submission of false information could jeopardize program eligibility and could be the basis for denial of admission, termination of assistance, or eviction.

Signature _Tiffanie current_        Signed on (Date) 03 / 07 / 2024

**Public Reporting Burden:** The public reporting burden for this collection of information is estimated to average 1 hour per response. This includes the time for collecting, reviewing, and reporting the data. The information provided is to be used by the housing provider to request certification that the applicant or tenant is a victim of domestic violence, dating violence, sexual assault, or stalking. The information is subject to the confidentiality requirements of VAWA. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid Office of Management and Budget control number.

Form HUD-5382
(12/2016)

Doc ID: de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2

**✖ Dropbox** Sign

Audit trail

---

| | |
|---|---|
| **Title** | Tiffanie Current - VAWA Request and Request for Transfer |
| **File name** | Current, Tiffanie... attachments).pdf |
| **Document ID** | de05cc05375a7e2d84d3dca5a15f7c1acf2b20b2 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ⊕ Signed |

---

## Document History

| | | |
|---|---|---|
| ⟲ **SENT** | **03 / 07 / 2024** 14:20:05 UTC-6 | Sent for signature to Tiffanie Current (currenttiffanie371@gmail.com) from taubert@slls.org IP: 99.21.204.251 |
| 👁 **VIEWED** | **03 / 07 / 2024** 15:27:19 UTC-6 | Viewed by Tiffanie Current (currenttiffanie371@gmail.com) IP: 172.59.109.34 |
| � **SIGNED** | **03 / 07 / 2024** 15:29:24 UTC-6 | Signed by Tiffanie Current (currenttiffanie371@gmail.com) IP: 172.59.109.34 |
| ✅ **COMPLETED** | **03 / 07 / 2024** 15:29:24 UTC-6 | The document has been completed. |

---

Powered by **✖ Dropbox** Sign



**SOUTHEAST LOUISIANA**
**LEGAL SERVICES**
Free Legal Aid for Low-Income People

Baton Rouge, Covington, Hammond, Harvey, Houma, New Orleans

1340 Poydras St. Suite 600 • New Orleans, Louisiana 70112 • Telephone: (504) 529-1000 •    Fax: (504) 596-2241
www.slls.org • www.louisianalawhelp.org • http://tinyurl.com/sllsfacebook

Tuesday, June 4, 2024

Pradip Singh
Housing Authority of New Orleans
4100 Touro Street
New Orleans, LA 70122
504-670-3344
*psingh@hano.org*

Chris Dalton
Housing Authority of New Orleans
4100 Touro Street
New Orleans, LA 70122
504-670-3320
*cdalton@hano.org*

Monica New
Housing Authority of New Orleans
4100 Touro Street
New Orleans, LA 70122
504-670-3398
*mgonleh@hano.org*

*By Electronic Mail and First Class Mail*

**Re: Updated VAWA Request for Transfer – Ms. Tiffanie Current**

Dear HANO staff:

    I represent Ms. Tiffanie Current, who participates in the Housing Choice Voucher Program. Last night, my client was physically injured by her abuser because she has been unable to move. He showed up to her home and assaulted her. HANO is aware her abuser knows where she lives and that he has made threats, and now those threats have become reality. HANO is also aware that Ms. Current needs a transfer of her unit due to domestic violence. HANO requested documentation for her informal hearing by June 3, 2024, which I submitted on her behalf on May 24, 2024. Ms. Current still has not received anything from HANO. I write on Ms. Current's behalf to urgently request a transfer to another subsidized unit. Ms. Current is in imminent fear that she or her children will be harmed, and her present living situation is unsafe.





LSC

The Violence Against Women Act (VAWA) provides that an otherwise qualified participant in a covered housing program may not be terminated from participation in the program on the basis that the applicant or tenant is or has been a victim of domestic violence, dating violence, sexual assault, or stalking. 34 U.S.C.A. § 12491(b)(1). HUD Notice PIH 2017–08 notes that, "On the surface, adverse factors may appear unrelated to domestic violence . . . and may present legitimate reasons for denial, termination, or eviction. However, the presence of an adverse factor may be due to an underlying experience of domestic violence, . . . An adverse factor may be present during much of an abusive relationship, or it may present itself only when a victim is attempting to leave, or has left, the abusive relationship."

As you know, Ms. Current is an'ongoing victim of domestic violence by her ex-boyfriend, Jessie Harvey Sr. On March 7, 2024, I submitted a letter with a VAWA Request and Request for Transfer on behalf of Ms. Current. With the letter I attached Ms. Current's protective order, docket master search showing Mr. Harvey's arrests in September of 2023, and Ms. Current's signed VAWA certification HUD Form 5382. We also appeared for an informal hearing at the HANO office on April 1, 2024 in which Ms. Current testified about her history of being a victim of domestic violence, and explained that Ms. Current needs a unit transfer because Mr. Harvey still knows where Ms. Current resides.

On the night of June 3, 2024, Mr. Harvey showed up to Ms. Current's residence at 7564 Forest Glen Rd., New Orleans, LA 70127. Mr. Harvey proceeded to beat Ms. Current's face until she was bruised and swollen. *See photo.* At some point, Mr. Harvey had been shot. Ms. Current's cousin witnessed the incident and called the police. When police arrived, Mr. Harvey was arrested and Ms. Current made a police report. Ms. Current has not yet received the police report at this time. Mr. Harvey's information has not appeared in Orleans Parish Docket Master, likely because he is receiving medical treatment before he can be booked into the jail. I will be sure to submit his booking information and the police report as soon as I get them.

Ms. Current again requests a transfer to another subsidized unit out of an imminent fear that her or her children will be harmed. *See attached VAWA Certification HUD Form 5383.* In accordance with VAWA, HANO allows tenants who are victims of domestic violence, dating violence, sexual assault, or stalking to request an emergency transfer from the tenant's current unit to another unit. HANO ACOP 16.2.1. As explained above and as explained in my former letter, Ms. Current has a history of abuse from Mr. Harvey that continues to today. Ms. Current's protective order is currently in place, but as evidenced by the events of June 3, 2024, it does not actually keep Mr. Harvey away. Ms. Current urgently requests an emergency transfer because her present living situation is unsafe. The longer she resides in her unit, the longer her and her children's lives are in danger.

Please contact me at (504) 407-1401 or tambeau@slls.org to let me know whether HANO will grant this transfer request. If you need additional documentation or information, please let me know and I will provide this as soon as possible. I thank you in advance for your prompt attention to this matter.

Sincerely,

*Theresa Ambeau*

Theresa Ambeau, J.D.
Paralegal, Housing Unit
Southeast Louisiana Legal Services
1340 Poydras St., Suite 600
New Orleans, LA 70112
Work phone: 504-407-1401
Fax: 504-596-2241
Email: tambeau@slls.org

Encl:

(1) Photo of Ms. Current
(2) VAWA Certification HUD Form 5383





**HANO**
*Housing Authority of New Orleans*

| | | |
|---|---|---|
| **EMERGENCY TRANSFER REQUEST FOR CERTAIN VICTIMS OF DOMESTIC VIOLENCE, DATING VIOLENCE, SEXUAL ASSAULT, OR STALKING** | **U.S. Department of Housing and Urban Development** | OMB Approval No. 2577-0286 Exp. 06/30/2017 |

**Purpose of Form:** If you are a victim of domestic violence, dating violence, sexual assault, or stalking, and you are seeking an emergency transfer, you may use this form to request an emergency transfer and certify that you meet the requirements of eligibility for an emergency transfer under the Violence Against Women Act (VAWA). Although the statutory name references women, VAWA rights and protections apply to all victims of domestic violence, dating violence, sexual assault or stalking. Using this form does not necessarily mean that you will receive an emergency transfer. See your housing provider's emergency transfer plan for more information about the availability of emergency transfers.

**The requirements you must meet are:**

**(1) You are a victim of domestic violence, dating violence, sexual assault, or stalking.** If your housing provider does not already have documentation that you are a victim of domestic violence, dating violence, sexual assault, or stalking, your housing provider may ask you for such documentation. In response, you may submit Form HUD-5382, or any one of the other types of documentation listed on that Form.

**(2) You expressly request the emergency transfer.** Submission of this form confirms that you have expressly requested a transfer. Your housing provider may choose to require that you submit this form, or may accept another written or oral request. Please see your housing provider's emergency transfer plan for more details.

**(3) You reasonably believe you are threatened with imminent harm from further violence if you remain in your current unit.** This means you have a reason to fear that if you do not receive a transfer you would suffer violence in the very near future.

**OR**

**You are a victim of sexual assault and the assault occurred on the premises during the 90-calendar-day period before you request a transfer.** If you are a victim of sexual assault, then in addition to qualifying for an emergency transfer because you reasonably believe you are threatened with imminent harm from further violence if you remain in your unit, you may qualify for an emergency transfer if the sexual assault occurred on the premises of the property from which you are seeking your transfer, and that assault happened within the 90-calendar-day period before you submit this form or otherwise expressly request the transfer.

**Submission of Documentation:** If you have third-party documentation that demonstrates why you are eligible for an emergency transfer, you should submit that documentation to your housing provider if it is safe for you to do so. Examples of third party documentation include, but are not limited to: a letter or other documentation from a victim service provider, social worker, legal assistance provider, pastoral counselor, mental health provider, or other professional from whom you have sought assistance; a current restraining order; a recent court order or other court records; a law enforcement report or records; communication records from the perpetrator of the violence or family members or friends of the perpetrator of the violence, including emails, voicemails, text messages, and social media posts.

Form HUD-5383
(12/2016)

Doc ID: 059c1463d9a9389baf775031cc931fc6ecde8794

2

**Confidentiality:** All information provided to your housing provider concerning the incident(s) of domestic violence, dating violence, sexual assault, or stalking, and concerning your request for an emergency transfer shall be kept confidential. Such details shall not be entered into any shared database. Employees of your housing provider are not to have access to these details unless to grant or deny VAWA protections or an emergency transfer to you. Such employees may not disclose this information to any other entity or individual, except to the extent that disclosure is: (i) consented to by you in writing in a time-limited release; (ii) required for use in an eviction proceeding or hearing regarding termination of assistance; or (iii) otherwise required by applicable law.

**TO BE COMPLETED BY OR ON BEHALF OF THE PERSON REQUESTING A TRANSFER**

1. **Name of victim requesting an emergency transfer:** Tiffanie Current

2. **Your name (if different from victim's)** Theresa Ambeau ( paralegal, Southeast Louisiana Legal Services)

3. **Name(s) of other family member(s) listed on the lease:** Jessica Harvey, Jessie Harvey Jr, Taniah Current, Destiny Rivas, Kae'lani Rivas

4. **Name(s) of other family member(s) who would transfer with the victim:** Jessica Harvey, Jessie Harvey Jr, Taniah Current, Destiny Rivas, Kae'lani Rivas

5. **Address of location from which the victim seeks to transfer:** 7564 Forest Glen Rd., New Orleans, LA 70127

6. **Address or phone number for contacting the victim:** 504-373-4937

7. **Name of the accused perpetrator (if known and can be safely disclosed):** Jessie C. Harvey Sr.

8. **Relationship of the accused perpetrator to the victim:** Ex-boyfriend

9. **Date(s), Time(s) and location(s) of incident(s):** June 3, 2024 incident at residence

10. **Is the person requesting the transfer a victim of a sexual assault that occurred in the past 90 days on the premises of the property from which the victim is seeking a transfer? If yes, skip question 11. If no, fill out question 11.**

11. **Describe why the victim believes they are threatened with imminent harm from further violence if they remain in their current unit.** Jessie Harvey violated a protective order and showed up to Ms. Current's residence on June 3, 2024 at night. He beat her up until his face was swollen. He was arrested and Ms. Current made a police report.

12. **If voluntarily provided, list any third-party documentation you are providing along with this notice:** photo of Ms. Current's face; pending police report and docket master search
This is to certify that the information provided on this form is true and correct to the best of my knowledge, and that the individual named above in Item 1 meets the requirement laid out on this form for an emergency transfer. I acknowledge that submission of false information could jeopardize program eligibility and could be the basis for denial of admission, termination of assistance, or eviction.

**Signature** Tiffanie current     **Signed on (Date)** 06 / 04 / 2024

Form HUD-5383
(12/2016)

Doc ID: 059c1463d9a9389baf775031cc931fc6ecde8794

NOTICE OF OCCUPANCY RIGHTS UNDER
THE VIOLENCE AGAINST WOMEN ACT

U.S. Department of Housing and Urban Development
OMB Approval No. 2577-0286



## Notice of Occupancy Rights under the Violence Against Women Act[1]

**To all Tenants and Applicants**

The Violence Against Women Act (VAWA) provides protections for victims of domestic violence, dating violence, sexual assault, or stalking. VAWA protections are not only available to women, but are available equally to all individuals regardless of sex, gender identity, or sexual orientation.[2] The U.S. Department of Housing and Urban Development (HUD) is the Federal agency that oversees that HANO's Housing Choice Voucher Program (HCVP) is in compliance with VAWA. This notice explains your rights under VAWA. A HUD-approved certification form is attached to this notice. You can fill out this form to show that you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking, and that you wish to use your rights under VAWA."

**Protections for Applicants**

If you otherwise qualify for assistance under HCVP, you cannot be denied admission or denied assistance because you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking.

**Protections for Tenants**

If you are receiving assistance under HCVP, you may not be denied assistance, terminated from participation, or be evicted from your rental housing because you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking.

Also, if you or an affiliated individual of yours is or has been the victim of domestic violence, dating violence, sexual assault, or stalking by a member of your household or any guest, you may not be denied rental assistance or occupancy rights under HCVP solely on the basis of criminal activity directly relating to that domestic violence, dating violence, sexual assault, or stalking.

Affiliated individual means your spouse, parent, brother, sister, or child, or a person to whom you stand in the place of a parent or guardian (for example, the affiliated individual is in your care, custody, or control); or any individual, tenant, or lawful occupant living in your household.

**Removing the Abuser or Perpetrator from the Household**

The Housing Provider (HP) may divide (bifurcate) your lease in order to evict the individual or terminate the assistance of the individual who has engaged in criminal activity (the abuser or perpetrator) directly relating to domestic violence, dating violence, sexual assault, or stalking.

If HP chooses to remove the abuser or perpetrator, HP may not take away the rights of eligible tenants to the unit or otherwise punish the remaining tenants. If the evicted abuser or perpetrator was the sole tenant to have established eligibility for assistance under the program, HP must allow the tenant who is or has been a victim and other household members to remain in the unit for a period of time, in order to establish eligibility under the program or under another HUD housing program covered by VAWA, or, find alternative housing.

---

[1] Despite the name of this law, VAWA protection is available regardless of sex, gender identity, or sexual orientation.
[2] Housing providers cannot discriminate on the basis of any protected characteristic, including race, color, national origin, religion, sex, familial status, disability, or age. HUD-assisted and HUD-insured housing must be made available to all otherwise eligible individuals regardless of actual or perceived sexual orientation, gender identity, or marital status.

Doc ID: 059c1463d9a9389baf775031cc931fc6ecde8794

In removing the abuser or perpetrator from the household, HP must follow Federal, State, and local eviction procedures. In order to divide a lease, HP may, but is not required to, ask you for documentation or certification of the incidences of domestic violence, dating violence, sexual assault, or stalking.

**Moving to Another Unit**

Upon your request, HP may permit you to move to another unit, subject to the availability of other units, and still keep your assistance. In order to approve a request, HP may ask you to provide documentation that you are requesting to move because of an incidence of domestic violence, dating violence, sexual assault, or stalking. If the request is a request for emergency transfer, the housing provider may ask you to submit a written request or fill out a form where you certify that you meet the criteria for an emergency transfer under VAWA. The criteria are:

> **(1) You are a victim of domestic violence, dating violence, sexual assault, or stalking.** If your housing provider does not already have documentation that you are a victim of domestic violence, dating violence, sexual assault, or stalking, your housing provider may ask you for such documentation, as described in the documentation section below;

> **(2) You expressly request the emergency transfer.** Your housing provider may choose to require that you submit a form, or may accept another written or oral request;

> **(3) You reasonably believe you are threatened with imminent harm from further violence if you remain in your current unit.** This means you have a reason to fear that if you do not receive a transfer you would suffer violence in the very near future;

> **OR**

> **You are a victim of sexual assault and the assault occurred on the premises during the 90-calendar-day period before you request a transfer.**

> If you are a victim of sexual assault, then in addition to qualifying for an emergency transfer because you reasonably believe you are threatened with imminent harm from further violence if you remain in your unit, you may qualify for an emergency transfer if the sexual assault occurred on the premises of the property from which you are seeking your transfer, and that assault happened within the 90-calendar-day period before you expressly request the transfer.

HP will keep confidential requests for emergency transfers by victims of domestic violence, dating violence, sexual assault, or stalking, and the location of any move by such victims and their families.

HP's emergency transfer plan provides further information on emergency transfers, and HP must make a copy of its emergency transfer plan available to you if you ask to see it.

**Documenting You Are or Have Been a Victim of Domestic Violence, Dating Violence, Sexual Assault or Stalking**

HP can, but is not required to, ask you to provide documentation to "certify" that you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking. Such request from HP must be in writing, and HP must give you at least 14 business days (Saturdays, Sundays, and Federal holidays do not count) from the day you receive the request to provide the documentation. HP may, but does not have to, extend the deadline for the submission of documentation upon your request.

You can provide one of the following to HP as documentation. It is your choice which of the following to submit if HP asks you to provide documentation that you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking.

- ☐ A complete HUD-approved certification form given to you by HP with this notice, that documents an incident of domestic violence, dating violence, sexual assault, or stalking. The form will ask for your name, the date, time, and location of the incident of domestic violence, dating violence, sexual assault, or stalking, and a description of the incident. The certification form provides for including the name of the abuser or perpetrator if the name of the abuser or perpetrator is known and is safe to provide.

- ☐ A record of a Federal, State, tribal, territorial, or local law enforcement agency, court, or administrative agency that documents the incident of domestic violence, dating violence, sexual assault, or stalking. Examples of such records include police reports, protective orders, and restraining orders, among others.

Form HUD-5380
(12/2016)

2 of 4

Doc ID: 059c1463d9a9389baf775031cc931fc6ecde8794

- A statement, which you must sign, along with the signature of an employee, agent, or volunteer of a victim service provider, an attorney, a medical professional or a mental health professional (collectively, "professional") from whom you sought assistance in addressing domestic violence, dating violence, sexual assault, or stalking, or the effects of abuse, and with the professional selected by you attesting under penalty of perjury that he or she believes that the incident or incidents of domestic violence, dating violence, sexual assault, or stalking are grounds for protection.

- Any other statement or evidence that HP has agreed to accept.

If you fail or refuse to provide one of these documents within the 14 business days, HP does not have to provide you with the protections contained in this notice.

If HP receives conflicting evidence that an incident of domestic violence, dating violence, sexual assault, or stalking has been committed (such as certification forms from two or more members of a household each claiming to be a victim and naming one or more of the other petitioning household members as the abuser or perpetrator), HP has the right to request that you provide third-party documentation within thirty 30 calendar days in order to resolve the conflict. If you fail or refuse to provide third-party documentation where there is conflicting evidence, HP does not have to provide you with the protections contained in this notice.

## Confidentiality

HP must keep confidential any information you provide related to the exercise of your rights under VAWA, including the fact that you are exercising your rights under VAWA.

HP must not allow any individual administering assistance or other services on behalf of HP (for example, employees and contractors) to have access to confidential information unless for reasons that specifically call for these individuals to have access to this information under applicable Federal, State, or local law.

HP must not enter your information into any shared database or disclose your information to any other entity or individual. HP, however, may disclose the information provided if:

- You give written permission to HP to release the information on a time limited basis;

- HP needs to use the information in an eviction or termination proceeding, such as to evict your abuser or perpetrator or terminate your abuser or perpetrator from assistance under this program;

- A law requires HP or your landlord to release the information.

VAWA does not limit HP's duty to honor court orders about access to or control of the property. This includes orders issued to protect a victim and orders dividing property among household members in cases where a family breaks up.

## Reasons a Tenant Eligible for Occupancy Rights under VAWA May Be Evicted or Assistance May Be Terminated

You can be evicted and your assistance can be terminated for serious or repeated lease violations that are not related to domestic violence, dating violence, sexual assault, or stalking committed against you. However, HP cannot hold tenants who have been victims of domestic violence, dating violence, sexual assault, or stalking to a more demanding set of rules than it applies to tenants who have not been victims of domestic violence, dating violence, sexual assault, or stalking.

The protections described in this notice might not apply, and you could be evicted and your assistance terminated, if HP can demonstrate that not evicting you or terminating your assistance would present a real physical danger that:

1) Would occur within an immediate time frame; and

2) Could result in death or serious bodily harm to other tenants or those who work on the property.

If HP can demonstrate the above, HP should only terminate your assistance or evict you if there are no other actions that could be taken to reduce or eliminate the threat.

Doc ID: 059c1463d9a9389baf775031cc931fc6ecde8794

**Other Laws**

VAWA does not replace any Federal, State, or local law that provides greater protection for victims of domestic violence, dating violence, sexual assault, or stalking. You may be entitled to additional housing protections for victims of domestic violence, dating violence, sexual assault, or stalking under other Federal laws, as well as under State and local laws.

**Non-Compliance with the Requirements of This Notice**

You may report a covered housing provider's violations of these rights and seek additional assistance, if needed, by contacting or filing a complaint with the New Orleans HUD Field Office, (504) 671-3000.

**For Additional Information**

You may view a copy of HUD's final VAWA rule at https://www.federalregister.gov/documents/2016/11/16/2016-25888/violence-against-women-reauthorization-act-of-2013-implementation-in-hud-housing-programs.
Additionally, HP must make a copy of HUD's VAWA regulations available to you if you ask to see them.
For questions regarding VAWA, please contact Nyssa LeBeau, Principal Administrative Analyst at (504)670-3344.

For help regarding an abusive relationship, you may call the National Domestic Violence Hotline at 1-800-799-7233 or, for persons with hearing impairments, 1 (800) 787-3224 (TTY). You may also contact the New Orleans Family Justice Center, (504) 866-9554.

For tenants who are or have been victims of stalking seeking help may visit the National Center for Victims of Crime's Stalking Resource Center at https://www.victimsofcrime.org/our-programs/stalking-resource-center.
For help regarding sexual assault, you may contact the New Orleans Family Justice Center, (504) 866-9554.
Victims of stalking seeking help may contact New Orleans Family Justice Center, (504) 866-9554.
Attachment: Certification form HUD-5382

**I have reviewed the Notice of Occupancy Rights Under the Violence Against Women Act, and I understand what are my rights as a tenant or applicant on the HCV program.**

| Tiffanie Current | *Tiffanie current* | 06 / 04 / 2024 |
|---|---|---|
| Name | Signature | Date |

Form HUD-5380
(12/2016)

4 of 4

Doc ID: 059c1463d9a9389baf775031cc931fc6ecde8794

# Dropbox Sign

| | |
|---|---|
| **Title** | VAWA Request for Unit Transfer |
| **File name** | Current__Tiffanie_-_FORM_5383.pdf |
| **Document ID** | 059c1463d9a9389baf775031cc931fc6ecde8794 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ⊙ Signed |

## Document History

| | | |
|---|---|---|
| ⟲ **SENT** | **06 / 04 / 2024** 15:14:07 UTC-5 | Sent for signature to Tiffanie Current (currenttiffanie371@gmail.com) from taubert@slls.org IP: 208.114.224.194 |
| ⊙ **VIEWED** | **06 / 04 / 2024** 16:08:23 UTC-5 | Viewed by Tiffanie Current (currenttiffanie371@gmail.com) IP: 172.59.109.123 |
| ⊬ **SIGNED** | **06 / 04 / 2024** 16:09:29 UTC-5 | Signed by Tiffanie Current (currenttiffanie371@gmail.com) IP: 172.59.109.123 |
| ⊙ **COMPLETED** | **06 / 04 / 2024** 16:09:29 UTC-5 | The document has been completed. |

 Gmail

Hannah Adams <hadams@slls.org>

**Fwd: Tiffanie Current (DOB 7/3/1990)**
6 messages

---------- Forwarded message ----------
From: **Theresa Ambeau** <tambeau@slls.org>
Date: Fri, May 24, 2024, 12:21 PM
Subject: Re: Tiffanie Current (DOB 7/3/1990)
To: <cdalton@hano.org>, Monica New <mgonleh@hano.org>
Cc: Lev Singer <lsinger@slls.org>



Good afternoon,

I hope this email finds you well. I have attached Ms. Tiffanie Current's amended tax returns for the years 2023 & 2022. Please let me know if you need any additional information.

Sincerely,

Theresa Ambeau, J.D.
Paralegal, Housing Unit
Southeast Louisiana Legal Services
1340 Poydras Street Suite 600
New Orleans, LA 70112
Work phone: 504-529-1000 ext. 217
Work cell: 504-407-1401
Fax: 504-596-2241
Email: tambeau@slls.org

On Mon, Apr 8, 2024 at 12:31 PM Theresa Ambeau <tambeau@slls.org> wrote:
Good morning,

I hope this email finds you well. I am representing Ms. Tiffanie Current. We had our HANO informal hearing last Monday in which you allowed us until June 3, 2024 to investigate Ms. Current's tax transcripts and file amended taxes if necessary. I wanted to give you an update that I have referred Ms. Current to one of my office's attorneys who handles tax issues. I will be sure to contact you if we need additional time.

Please do not hesitate to reach out to me with any questions or concerns.

Thank you,

Theresa Ambeau, J.D.
Paralegal, Housing Unit
Southeast Louisiana Legal Services
1340 Poydras Street Suite 600
New Orleans, LA 70112
Work phone: 504-529-1000 ext. 217
Work cell: 504-407-1401
Fax: 504-596-2241
Email: tambeau@slls.org

**Current, Tiffanie - AMENDED INCOME TAX RETURN 2023 & 2022.pdf**
232K





SOUTHEAST LOUISIANA
**LEGAL SERVICES**
Free Legal Aid for Low-Income People

Baton Rouge, Covington, Hammond, Harvey, Houma, New Orleans

1340 Poydras St. Suite 600 • New Orleans, Louisiana 70112 • Telephone: (504) 529-1000 •      Fax: (504) 596-2241
www.slls.org • www.louisianalawhelp.org • http://tinyurl.com/sllsfacebook

Tuesday, June 18, 2024

Chris Dalton
Housing Authority of New Orleans
4100 Touro Street
New Orleans, LA 70122
504-670-3320
*cdalton@hano.org*

*By Electronic Mail and First Class Mail*

### Re: Request for Reconsideration of Termination Decision for Tiffanie Current

Dear Mr. Dalton:

I am following up with you regarding your recent decision to uphold the proposed termination for Ms. Tiffanie Current. A hearing was held on April 1, 2024 regarding the proposed termination. During that hearing, you requested documentation of amended tax returns from Ms. Martin for the years of 2022 and 2023 by June 3, 2024. I provided you with the Amended Individual Tax Returns for 2022 and 2023 for Ms. Current on May 24, 2024. These were the forms 1040-X that showed a corrected income of $0. You did not reach out to request any additional verification or document, even though I stated in my correspondence to please let me know if you needed additional information.

You then sent myself and Ms. Martin a hearing decision on June 7, 2024, in which you decided to uphold the proposed termination. In the hearing decision, you acknowledge receipt of "a copy of 2 form 1040-X for amending tax returns that were filled out showing no income for [Ms. Current] for the disputed time periods. The decision states "There was no indication that the forms had been filed with the IRS…We would need official documentation from the IRS to show that they received the amended return to calculate the correct amount owed by HANO, if anything." This is the first time we received this document request. **Attached are Ms. Current's 2022 and 2023 transcripts (not yet updated by the IRS in response to the submitted 1040-X forms) that show that the IRS received the amended returns. I have also attached letters showing that our office's tax attorney mailed Ms. Current's amended tax returns to the IRS on May 29, 2024.** We could have easily provided these documents had you requested them.

The IRS will not revise the tax transcript until the amended tax returns have been processed, which can sometimes take several months. When the IRS's process is complete, we





are happy to provide the updated transcripts. We are also happy to set up a phone call with our tax attorney for any necessary clarifications or questions you may have.

We ask that this proposed termination be rescinded based on Ms. Current timely amending her tax returns per HANO's request and that the amended tax returns correctly reflect her income as 0. Ms. Current is in an ongoing domestic violence crisis and faces imminent harm by remaining in her assisted unit. Additionally, I request clarification that the reason for Ms. Current's termination being upheld is for the alleged unreported income, and not for the alleged unauthorized family composition. The hearing decision seems to contain a typographical error on page 2, second paragraph from the bottom, where a sentence is cut off in the middle. Perhaps that sentence would have clarified whether the proposed termination for unauthorized family composition was rescinded or not.

Please let me know if you have any questions or would like any further documentation. **We are asking that you rescind the proposed termination by June 25, 2024, as we may need to take further legal action if this decision is not corrected.**

Sincerely,

*Theresa Ambeau*

Theresa Ambeau, J.D.
Paralegal, Housing Unit
Southeast Louisiana Legal Services
1340 Poydras St., Suite 600
New Orleans, LA 70112
Work phone: 504-407-1401
Fax: 504-596-2241
Email: tambeau@slls.org

Encl:
    (1) Amended Individual Income Tax Returns
    (2) Letters to IRS re Amended Tax Returns

Form **1040-X**

(Rev. February 2024)

Department of the Treasury—Internal Revenue Service

**Amended U.S. Individual Income Tax Return**

Go to *www.irs.gov/Form1040X* for instructions and the latest information.

OMB No. 1545-0074

This return is for calendar year (enter year) **2023** or fiscal year (enter month and year ended)

| | |
|---|---|
| Your first name and middle initial | Last name |
| Tiffanie M | Current |
| If joint return, spouse's first name and middle initial | Last name |

Spouse's social security number

| | |
|---|---|
| Home address (number and street). If you have a P.O. box, see instructions. | Apt. no. |
| 7564 Forest Glen Rd, | |
| City, town, or post office. If you have a foreign address, also complete spaces below. | State | ZIP code |
| New Orleans | LA | 70127-1882 |
| Foreign country name | Foreign province/state/county | Foreign postal code |

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, didn't previously want $3 to go to this fund, but now do. Checking a box below will not change your tax or refund.
☐ You  ☐ Spouse

**Amended return filing status.** You must check one box even if you are not changing your filing status. **Caution:** In general, you can't change your filing status from married filing jointly to married filing separately after the return due date.

☐ Single  ☐ Married filing jointly  ☐ Married filing separately (MFS)  ☑ Head of household (HOH)  ☐ Qualifying surviving spouse (QSS)

If you checked the MFS box, enter the name of your spouse unless you are amending a Form 1040-NR. If you checked the HOH or QSS box, enter the child's name if the qualifying person is a child but not your dependent:

Enter on lines 1 through 23, columns A through C, the amounts for the return year entered above.

Use Part II on page 2 to explain any changes.

| | | | **A. Original amount reported or as previously adjusted** (see instructions) | **B. Net change**—amount of increase or (decrease)—explain in Part II | **C. Correct amount** |
|---|---|---|---|---|---|
| **Income and Deductions** | | | | | |
| 1 | Adjusted gross income. If a net operating loss (NOL) carryback is included, check here . . . . . . . . . . . . . . . . ☐ | **1** | 21736 | (21736) | 0 |
| 2 | Itemized deductions or standard deduction . . . . . . . . . | **2** | 20800 | | 20800 |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . . . | **3** | 936 | (936) | 0 |
| 4a | Reserved for future use . . . . . . . . . . . . . . . | **4a** | | | |
| b | Qualified business income deduction . . . . . . . . . . . | **4b** | 0 | 0 | 0 |
| 5 | Taxable income. Subtract line 4b from line 3. If the result for column C is zero or less, enter -0- in column C . . . . . . . . . . . . | **5** | 936 | (936) | 0 |
| **Tax Liability** | | | | | |
| 6 | Tax. Enter method(s) used to figure tax (see instructions): Tax and EITC Table | **6** | 94 | (94) | 0 |
| 7 | Nonrefundable credits. If a general business credit carryback is included, check here . . . . . . . . . . . . . . . . . . . ☐ | **7** | 94 | (94) | 0 |
| 8 | Subtract line 7 from line 6. If the result is zero or less, enter -0- . . | **8** | 0 | 0 | 0 |
| 9 | Reserved for future use . . . . . . . . . . . . . . . | **9** | | | |
| 10 | Other taxes . . . . . . . . . . . . . . . . . . | **10** | 0 | 0 | 0 |
| 11 | Total tax. Add lines 8 and 10 . . . . . . . . . . . . . | **11** | 0 | 0 | 0 |
| **Payments** | | | | | |
| 12 | Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. (If changing, see instructions.) . . . . . . . . . | **12** | 0 | 0 | 0 |
| 13 | Estimated tax payments, including amount applied from prior year's return | **13** | 0 | 0 | 0 |
| 14 | Earned income credit (EIC) . . . . . . . . . . . . . . | **14** | 7395 | (7395) | 0 |
| 15 | Refundable credits from: ☑ Schedule 8812  Form(s) ☐2439 ☐4136 ☐8863 ☐8885 ☐8962 or ☐other (specify): | **15** | 2885 | (2885) | 0 |
| 16 | Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed . . . . . . . . . . . . . . . . . . | **16** | | | 0 |
| 17 | Total payments. Add lines 12 through 15, column C, and line 16 . . . . . . . . . . . . . . . . | **17** | | | 0 |
| **Refund or Amount You Owe** | | | | | |
| 18 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS . . . . . | **18** | | | 10280 |
| 19 | Subtract line 18 from line 17. (If less than zero, see instructions) . . . . . . . . . . . . | **19** | | | (10280) |
| 20 | Amount you owe. If line 11, column C, is more than line 19, enter the difference . . . . . . . | **20** | | | 10280 |
| 21 | If line 11, column C, is less than line 19, enter the difference. This is the amount overpaid on this return | **21** | | | 0 |
| 22 | Amount of line 21 you want refunded to you . . . . . . . . . . . . . . . . . . | **22** | | | 0 |
| 23 | Amount of line 21 you want applied to your (enter year): estimated tax | **23** | 0 | | |

Complete and sign this form on page 2.

For Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 11360L   Form **1040-X** (Rev. 2-2024)

Form 1040-X (Rev. 2-2024)                                                          Page **2**

| **Part I** | **Dependents** | | | |
|---|---|---|---|---|

Complete this part to change any information relating to your dependents. This would include a change in the number of dependents. Enter the information for the return year entered at the top of page 1.

| | | A. Original number of dependents reported or as previously adjusted | B. Net change— amount of increase or (decrease) | C. Correct number |
|---|---|---|---|---|
| 24 | Reserved for future use . . . . . . . . . . . . . | 24 | | | |
| 25 | Your dependent children who lived with you . . . . . . . . | 25 | 3 | (1) | 2 |
| 26 | Reserved for future use . . . . . . . . . . . . . | 26 | | | |
| 27 | Other dependents . . . . . . . . . . . . . . . | 27 | 0 | 0 | 0 |
| 28 | Reserved for future use . . . . . . . . . . . . | 28 | | | |
| 29 | Reserved for future use . . . . . . . . . . . . | 29 | | | |
| 30 | List **ALL** dependents (children and others) claimed on this amended return. | | | | |

**Dependents** (see instructions):

| If more than four dependents, see instructions and check here ☐ | (a) First name   Last name | (b) Social security number | (c) Relationship to you | (d) Check the box if qualifies for (see instructions): | |
|---|---|---|---|---|---|
| | | | | Child tax credit | Credit for other dependents |
| | ▉▉▉▉▉▉▉▉▉ | | Daughter | ☑ | ☐ |
| | | | Daughter | ☑ | ☐ |
| | | | | ☐ | ☐ |
| | | | | ☐ | ☐ |

| **Part II** | **Explanation of Changes.** In the space provided below, tell us why you are filing Form 1040-X. |
|---|---|

Attach any supporting documents and new or changed forms and schedules.

The original return had reported W2 wages that were incorrect. The amended return removes both those wages and any tax credits based upon those wages, such as the EITC, CTC, and CDCTC. The original return also included a claimed dependent who do not live with the taxpayer, and that dependent is also being removed. Client received an original refund, so client must now pay that refund back.

---

**Remember to keep a copy of this form for your records.**

Under penalties of perjury, I declare that I have filed an original return, and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

| **Sign Here** | Your signature  *Tiffanie Current* | Date  5/23/24 | Your occupation | If the IRS sent you an Identity Protection PIN, enter it here (see inst.) | | | | | | |
|---|---|---|---|---|---|
| | Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | If the IRS sent your spouse an Identity Protection PIN, enter it here (see inst.) | | | | | | |
| | Phone no. | | Email address | | |

| **Paid Preparer Use Only** | Preparer's name | Preparer's signature | | Date | PTIN | Check if: ☐ Self-employed |
|---|---|---|---|---|---|---|
| | Firm's name | | | | Phone no. | |
| | Firm's address | | | | Firm's EIN | |

For forms and publications, visit *www.irs.gov/Forms*.                Form **1040-X** (Rev. 2-2024)

| Form **1040-X** | | | | |
|---|---|---|---|---|
| (Rev. February 2024) | Department of the Treasury—Internal Revenue Service **Amended U.S. Individual Income Tax Return** Go to *www.irs.gov/Form1040X* for instructions and the latest information. | | | OMB No. 1545-0074 |

**This return is for calendar year (enter year)** 2022   or fiscal year (enter month and year ended)

| Your first name and middle initial | | Last name | | Your social security number |
|---|---|---|---|---|
| Tiffanie M | | Current | | |
| If joint return, spouse's first name and middle initial | | Last name | | Spouse's social security number |

| Home address (number and street). If you have a P.O. box, see instructions. | | | Apt. no. | **Presidential Election Campaign** |
|---|---|---|---|---|
| 7564 Forest Glen Rd, | | | | Check here if you, or your spouse if filing jointly, didn't previously want $3 to go to this fund, but now do. Checking a box below will not change your tax or refund. |
| City, town, or post office. If you have a foreign address, also complete spaces below. | State | ZIP code | | |
| New Orleans | LA | 70127-1882 | | |
| Foreign country name | Foreign province/state/county | Foreign postal code | | ☐ You  ☐ Spouse |

**Amended return filing status. You must check one box even if you are not changing your filing status. Caution:** In general, you can't change your filing status from married filing jointly to married filing separately after the return due date.

☐ Single  ☐ Married filing jointly  ☐ Married filing separately (MFS)  ☑ Head of household (HOH)  ☐ Qualifying surviving spouse (QSS)

If you checked the MFS box, enter the name of your spouse. If you are amending a Form 1040-NR. If you checked the HOH or QSS box, enter the child's name if the qualifying person is a child but not your dependent:

| Enter on lines 1 through 23, columns A through C, the amounts for the return year entered above. Use Part II on page 2 to explain any changes. | | **A. Original amount reported or as previously adjusted (see instructions)** | **B. Net change— amount of increase or (decrease)— explain in Part II** | **C. Correct amount** |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 | Adjusted gross income. If a net operating loss (NOL) carryback is included, check here . . . . . . . . . . . . . . . . ☐ **1** | 20107 | (20107) | 0 |
| 2 | Itemized deductions or standard deduction . . . . . . . . **2** | 19400 | | 19400 |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . . **3** | 707 | (707) | 0 |
| 4a | Reserved for future use . . . . . . . . . . . . . . **4a** | | | |
| b | Qualified business income deduction . . . . . . . . . **4b** | 0 | 0 | 0 |
| 5 | Taxable income. Subtract line 4b from line 3. If the result for column C is zero or less, enter -0- in column C . . . . . . . . . . **5** | 707 | (707) | 0 |
| **Tax Liability** | | | | |
| 6 | Tax. Enter method(s) used to figure tax (see instructions): Tax and EITC Table **6** | 71 | (71) | 0 |
| 7 | Nonrefundable credits. If a general business credit carryback is included, check here . . . . . . . . . . . . . . . . . . . ☐ **7** | 71 | (71) | 0 |
| 8 | Subtract line 7 from line 6. If the result is zero or less, enter -0- . . . **8** | 0 | 0 | 0 |
| 9 | Reserved for future use . . . . . . . . . . . . . . **9** | | | |
| 10 | Other taxes . . . . . . . . . . . . . . . . . . **10** | 0 | 0 | 0 |
| 11 | Total tax. Add lines 8 and 10 . . . . . . . . . . . . **11** | 0 | 0 | 0 |
| **Payments** | | | | |
| 12 | Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. (If changing, see instructions.) . . . . . . . . . **12** | 0 | 0 | 0 |
| 13 | Estimated tax payments, including amount applied from prior year's return **13** | 0 | 0 | 0 |
| 14 | Earned income credit (EIC) . . . . . . . . . . . . . **14** | 6935 | (6935) | 0 |
| 15 | Refundable credits from: ☑ Schedule 8812  Form(s) ☐ 2439  ☐ 4136 ☐ 8863  ☐ 8885  ☐ 8962 or  ☐ other (specify): _____ **15** | 2641 | (2641) | 0 |
| 16 | Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed . . . . . . . . . . . . . . . . . . . . . . **16** | | | 0 |
| 17 | Total payments. Add lines 12 through 15, column C, and line 16 . . . . . . . . . . . . . . **17** | | | 0 |
| **Refund or Amount You Owe** | | | | |
| 18 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS . . . . . **18** | | | 9576 |
| 19 | Subtract line 18 from line 17. (If less than zero, see instructions.) . . . . . . . . . . . **19** | | | (9576) |
| 20 | Amount you owe. If line 11, column C, is more than line 19, enter the difference . . . . . . . **20** | | | 9576 |
| 21 | If line 11, column C, is less than line 19, enter the difference. This is the amount overpaid on this return **21** | | | 0 |
| 22 | Amount of line 21 you want refunded to you . . . . . . . . . . . . . . . . . . . **22** | | | 0 |
| 23 | Amount of line 21 you want applied to your (enter year): _____  estimated tax **23** | 0 | | |

**Complete and sign this form on page 2.**

For Paperwork Reduction Act Notice, see separate instructions.      Cat. No. 11360L      Form **1040-X** (Rev. 2-2024)

Form 1040-X (Rev. 2-2024)                                                                                          Page **2**

| **Part I** | **Dependents** | | | |
|---|---|---|---|---|

Complete this part to change any information relating to your dependents.
This would include a change in the number of dependents.
Enter the information for the return year entered at the top of page 1.

| | | **A. Original number of dependents reported or as previously adjusted** | **B. Net change— amount of increase or (decrease)** | **C. Correct number** |
|---|---|---|---|---|
| 24 | Reserved for future use . . . . . . . . . . . . . . . . **24** | | | |
| 25 | Your dependent children who lived with you . . . . . . . . **25** | 3 | (1) | 2 |
| 26 | Reserved for future use . . . . . . . . . . . . . . . . **26** | | | |
| 27 | Other dependents . . . . . . . . . . . . . . . . . . **27** | 0 | 0 | 0 |
| 28 | Reserved for future use . . . . . . . . . . . . . . . . **28** | | | |
| 29 | Reserved for future use . . . . . . . . . . . . . . . . **29** | | | |
| 30 | List ALL dependents (children and others) claimed on this amended return. | | | |

| Dependents (see instructions): | | | | | (d) Check the box if qualifies for (see instructions): | |
|---|---|---|---|---|---|---|
| If more than four dependents, see instructions and check here ☐ | **(a) First name** | **Last name** | **(b) Social security number** | **(c) Relationship to you** | **Child tax credit** | **Credit for other dependents** |
| | | | | Daughter | ☑ | ☐ |
| | | | | Daughter | ☑ | ☐ |
| | | | | | ☐ | ☐ |
| | | | | | ☐ | ☐ |

| **Part II** | **Explanation of Changes.** In the space provided below, tell us why you are filing Form 1040-X. |
|---|---|

Attach any supporting documents and new or changed forms and schedules.

The original return had reported W2 wages that were incorrect. The amended return removes both those wages and any tax credits based upon those wages, such as the EITC, CTC, and CDCTC. The original return also included a claimed dependent who do not live with the taxpayer, and that dependent is also being removed.  Client received an original refund, so client must now pay that refund back.

**Remember to keep a copy of this form for your records.**

Under penalties of perjury, I declare that I have filed an original return, and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

| **Sign Here** | Your signature *Tiffanie Current* | Date 5/23/24 | Your occupation | If the IRS sent you an identity Protection PIN, enter it here (see inst.) | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | If the IRS sent your spouse an Identity Protection PIN, enter it here (see inst.) | | | | | | |
| | Phone no. | | Email address | | | | | | | |

| **Paid Preparer Use Only** | Preparer's name | Preparer's signature | | Date | PTIN | Check if: ☐ Self-employed |
|---|---|---|---|---|---|---|
| | Firm's name | | | | Phone no. | |
| | Firm's address | | | | Firm's EIN | |

For forms and publications, visit *www.irs.gov/Forms*.                                      Form **1040-X** (Rev. 2-2024)



SOUTHEAST LOUISIANA
LEGAL SERVICES
Free Legal Aid for Low-Income People

Baton Rouge • Covington • Hammond • Harvey • Houma • New Orleans

1340 Poydras St. Suite 600 • New Orleans, Louisiana 70112 • Telephone: (504) 529-1000 • Fax: (504) 596-2241
www.slls.org • www.louisianalawhelp.org • http://tinyurl.com/sllsfacebook

May 29, 2024

Department of the Treasury
Internal Revenue Service
Austin, TX 73301-0052

      Re:    Taxpayer: Tiffanie Current
             TIN: ▉▉▉▉1960
             2023 Amended Tax Return

To Austin IRS Center,

      My name is Paul Tuttle and I am the Director of the Low Income Taxpayer Clinic located at Southeast Louisiana Legal Services (SLLS). We are a private, non-profit law firm that provides free civil legal services to low income persons. I am currently representing Ms. Tiffanie Current with her federal tax issues. An IRS Form 2848 power of attorney form is on file and a copy is included with this letter.

      Please find enclosed a signed 1040X tax return for the tax year ending December 31, 2023. Ms. Current has recently discovered that the original tax preparer on this return put an incorrect amount of income and incorrect claims for credits. Ms. Current is submitting this 1040X to correct these errors.

      Please send me notice when this amended return has been processed. Please feel free to contact me if you need further information about this matter. My phone number is (504) 529-1000 ext. 233. I can also be reached by email at ptuttle@slls.org.

      Thank you for your attention to this matter.

                 Sincerely,

                 *R. Paul Tuttle*

                 R. Paul Tuttle
                 Director
                 Low Income Taxpayer Clinic





⊞LSC      LOUISIANA BAR FOUNDATION



**SOUTHEAST LOUISIANA LEGAL SERVICES**
Free Legal Aid for Low-Income People

Baton Rouge • Covington • Hammond • Harvey • Houma • New Orleans

1340 Poydras St. Suite 600 • New Orleans, Louisiana 70112 • Telephone: (504) 529-1000 • Fax: (504) 596-2241
www.slls.org • www.louisianalawhelp.org • http://tinyurl.com/sllsfacebook

May 29, 2024

Department of the Treasury
Internal Revenue Service
Austin, TX 73301-0052

      Re:    Taxpayer: Tiffanie Current
              TIN:        1960
              2022 Amended Tax Return

To Austin IRS Center,

      My name is Paul Tuttle and I am the Director of the Low Income Taxpayer Clinic located at Southeast Louisiana Legal Services (SLLS). We are a private, non-profit law firm that provides free civil legal services to low income persons. I am currently representing Ms. Tiffanie Current with her federal tax issues. An IRS Form 2848 power of attorney form is on file and a copy is included with this letter.

      Please find enclosed a signed 1040X tax return for the tax year ending December 31, 2022. Ms. Current has recently discovered that the original tax preparer on this return put an incorrect amount of income and incorrect claims for credits. Ms. Current is submitting this 1040X to correct these errors.

      Please send me notice when this amended return has been processed. Please feel free to contact me if you need further information about this matter. My phone number is (504) 529-1000 ext. 233. I can also be reached by email at ptuttle@slls.org.

      Thank you for your attention to this matter.

              Sincerely,

              R. Paul Tuttle
              Director
              Low Income Taxpayer Clinic

LSC

 **LOUISIANA BAR FOUNDATION**
FUNDING CIVIL LEGAL AID

 United Way
United Way of Southeast Louisiana

Form **1040-X**

(Rev. February 2024)

Department of the Treasury—Internal Revenue Service

**Amended U.S. Individual Income Tax Return**

Go to *www.irs.gov/Form1040X* for instructions and the latest information.

OMB No. 1545-0074

This return is for calendar year (enter year) **2023** or fiscal year (enter month and year ended)

| | |
|---|---|
| Your first name and middle initial | Last name |
| Tiffanie M | Current |
| If joint return, spouse's first name and middle initial | Last name |

Your social security number

Spouse's social security number

| | | | |
|---|---|---|---|
| Home address (number and street). If you have a P.O. box, see instructions. | | | Apt. no. |
| 7584 Forest Glen Rd, | | | |
| City, town, or post office. If you have a foreign address, also complete spaces below. | State | ZIP code | |
| New Orleans | LA | 70127-1882 | |
| Foreign country name | Foreign province/state/county | Foreign postal code | |

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, didn't previously want $3 to go to this fund, but now do. Checking a box below will not change your tax or refund.
☐ You  ☐ Spouse

**Amended return filing status.** You must check one box even if you are not changing your filing status. **Caution:** In general, you can't change your filing status from married filing jointly to married filing separately after the return due date.

☐ Single  ☐ Married filing jointly  ☐ Married filing separately (MFS)  ☒ Head of household (HOH)  ☐ Qualifying surviving spouse (QSS)

If you checked the MFS box, enter the name of your spouse unless you are amending a Form 1040-NR. If you checked the HOH or QSS box, enter the child's name if the qualifying person is a child but not your dependent. _____

Enter on lines 1 through 23, columns A through C, the amounts for the return year entered above.
Use Part II on page 2 to explain any changes.

| | | | **A.** Original amount reported or as previously adjusted (see instructions) | **B.** Net change— amount of increase or (decrease)— explain in Part II | **C.** Correct amount |
|---|---|---|---|---|---|
| **Income and Deductions** | | | | | |
| 1 | Adjusted gross income. If a net operating loss (NOL) carryback is included, check here . . . . . . . . . . . . . . . ☐ | **1** | 21736 | (21736) | 0 |
| 2 | Itemized deductions or standard deduction . . . . . . | **2** | 20800 | 0 | 20800 |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . | **3** | 936 | (936) | 0 |
| 4a | Reserved for future use . . . . . . . . . . . . . | **4a** | | | |
| b | Qualified business income deduction . . . . . . . . | **4b** | 0 | 0 | 0 |
| 5 | Taxable income. Subtract line 4b from line 3. If the result for column C is zero or less, enter -0- in column C . . . . . . . . . . | **5** | 936 | (936) | 0 |
| **Tax Liability** | | | | | |
| 6 | Tax. Enter method(s) used to figure tax (see instructions): Tax and EITC Table | **6** | 94 | (94) | 0 |
| 7 | Nonrefundable credits. If a general business credit carryback is included, check here . . . . . . . . . . . . . . . . . . ☐ | **7** | 94 | (94) | 0 |
| 8 | Subtract line 7 from line 6. If the result is zero or less, enter -0- . . . | **8** | 0 | 0 | 0 |
| 9 | Reserved for future use . . . . . . . . . . . . . . | **9** | | | |
| 10 | Other taxes . . . . . . . . . . . . . . . . . | **10** | 0 | 0 | 0 |
| 11 | Total tax. Add lines 8 and 10 . . . . . . . . . . . | **11** | 0 | 0 | 0 |
| **Payments** | | | | | |
| 12 | Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. (If changing, see instructions.) . . . . . . . . . | **12** | 0 | | 0 |
| 13 | Estimated tax payments, including amount applied from prior year's return | **13** | 0 | 0 | 0 |
| 14 | Earned income credit (EIC) . . . . . . . . . . . . | **14** | 7395 | (7395) | 0 |
| 15 | Refundable credits from: ☒ Schedule 8812  Form(s) ☐ 2439  ☐ 4136 ☐ 8863  ☐ 8885  ☐ 8962 or ☐ other (specify): | **15** | 2885 | (2885) | 0 |
| 16 | Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed . . . . . . . . . . . . . . . . . . . | **16** | | | 0 |
| 17 | Total payments. Add lines 12 through 15, column C, and line 16 . . . . . . . . . . . . . . . . . | **17** | | | 0 |
| **Refund or Amount You Owe** | | | | | |
| 18 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS . . . . . | **18** | | | 10280 |
| 19 | Subtract line 18 from line 17. (If less than zero, see instructions.) . . . . . . . . . . . . . | **19** | | | (10280) |
| 20 | Amount you owe. If line 11, column C, is more than line 19, enter the difference . . . . . . . | **20** | | | 10280 |
| 21 | If line 11, column C, is less than line 19, enter the difference. This is the amount overpaid on this return | **21** | | | 0 |
| 22 | Amount of line 21 you want refunded to you . . . . . . . . . . . . . . . . . . . . | **22** | | | 0 |
| 23 | Amount of line 21 you want applied to your (enter year): ____ estimated tax | **23** | 0 | | |

Complete and sign this form on page 2.

For Paperwork Reduction Act Notice, see separate instructions.     Cat. No. 11360L     Form **1040-X** (Rev. 2-2024)

Form 1040-X (Rev. 2-2024)                                                                                                Page **2**

| **Part I** | **Dependents** | | | A. Original number of dependents reported or as previously adjusted | B. Net change— amount of increase or (decrease) | C. Correct number |
|---|---|---|---|---|---|---|
| Complete this part to change any information relating to your dependents. This would include a change in the number of dependents. Enter the information for the return year entered at the top of page 1. | | | | | | |
| 24 | Reserved for future use . . . . . . . . . . . . . . . | | 24 | | | |
| 25 | Your dependent children who lived with you . . . . . . . . . | | 25 | 2 | (1) | 2 |
| 26 | Reserved for future use . . . . . . . . . . . . . . . | | 26 | | | |
| 27 | Other dependents . . . . . . . . . . . . . . . . | | 27 | 0 | 0 | 0 |
| 28 | Reserved for future use . . . . . . . . . . . . . . . | | 28 | | | |
| 29 | Reserved for future use . . . . . . . . . . . . . . . | | 29 | | | |

**30**   List ALL dependents (children and others) claimed on this amended return.

| **Dependents (see instructions):** | | | | (d) Check the box if qualifies for (see instructions): | |
|---|---|---|---|---|---|
| If more than four dependents, see instructions and check here ☐ | **(a) First name**   **Last name** | **(b) Social security number** | **(c) Relationship to you** | **Child tax credit** | **Credit for other dependents** |
| | | | Daughter | ☑ | ☐ |
| | | | Daughter | ☑ | ☐ |
| | | | | ☐ | ☐ |
| | | | | ☐ | ☐ |

| **Part II** | **Explanation of Changes.** In the space provided below, tell us why you are filing Form 1040-X. |
|---|---|

Attach any supporting documents and new or changed forms and schedules.

The original return had reported W2 wages that were not correct. The amended return removes both those wages and any tax credits based upon those wages, such as the EITC, CTC, and CDCTC.  The original return also included a claimed dependent who do not live with the taxpayer, and that dependent is also being removed.  Client received an original refund, so client must now pay that refund back.

---

**Remember to keep a copy of this form for your records.**

Under penalties of perjury, I declare that I have filed an original return, and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

| **Sign Here** | Your signature   *Tiffanie Current* | Date   5\|23\|2 | Your occupation | If the IRS sent you an Identity Protection PIN, enter it here (see inst.) | |
|---|---|---|---|---|---|
| | Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | If the IRS sent your spouse an Identity Protection PIN, enter it here (see inst.) | |
| | Phone no. | | Email address | | |

| **Paid Preparer Use Only** | Preparer's name | Preparer's signature | | Date | PTIN | Check if: ☐ Self-employed |
|---|---|---|---|---|---|---|
| | Firm's name | | | | Phone no. | |
| | Firm's address | | | | Firm's EIN | |

For forms and publications, visit *www.irs.gov/Forms*.                                    Form **1040-X** (Rev. 2-2024)

| Form **1040-X** | Department of the Treasury—Internal Revenue Service | | OMB No. 1545-0074 |
|---|---|---|---|
| | **Amended U.S. Individual Income Tax Return** | | |
| (Rev. February 2024) | Go to *www.irs.gov/Form1040X* for instructions and the latest information. | | |

This return is for calendar year (enter year) **2022** or fiscal year (enter month and year ended)

| Your first name and middle initial | Last name | Your social security number |
|---|---|---|
| Tiffanie M | Current | ▮▮▮▮▮▮▮ |
| If joint return, spouse's first name and middle initial | Last name | Spouse's social security number |
| | | |

| Home address (number and street). If you have a P.O. box, see instructions. | | Apt. no. | **Presidential Election Campaign** |
|---|---|---|---|
| 7564 Forest Glen Rd, | | | Check here if you, or your spouse |
| City, town, or post office. If you have a foreign address, also complete spaces below. | State | ZIP code | if filing jointly, didn't previously want $3 to go to this fund, but now |
| New Orleans | LA | 70127-1882 | do. Checking a box below will not |
| Foreign country name | Foreign province/state/county | Foreign postal code | change your tax or refund. ☐ You ☐ Spouse |

**Amended return filing status.** You must check one box even if you are not changing your filing status. Caution: In general, you can't change your filing status from married filing jointly to married filing separately after the return due date.

☐ Single ☐ Married filing jointly ☐ Married filing separately (MFS) ☑ Head of household (HOH) ☐ Qualifying surviving spouse (QSS)

If you checked the MFS box, enter the name of your spouse unless you are amending a Form 1040-NR. If you checked the HOH or QSS box, enter the child's name if the qualifying person is a child but not your dependent:

| Enter on lines 1 through 23, columns A through C, the amounts for the return year entered above. Use Part II on page 2 to explain any changes. | | **A.** Original amount reported or as previously adjusted (see instructions) | **B.** Net change—amount of increase or (decrease)—explain in Part II | **C.** Correct amount |
|---|---|---|---|---|
| **Income and Deductions** | | | | |
| 1 | Adjusted gross income. If a net operating loss (NOL) carryback is included, check here . . . . . . . . . . . . . . . ☐ **1** | 20107 | (20107) | 0 |
| 2 | Itemized deductions or standard deduction . . . . . . . **2** | 19400 | 0 | 19400 |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . **3** | 707 | (707) | 0 |
| 4a | Reserved for future use . . . . . . . . . . . . **4a** | ▨ | ▨ | ▨ |
| b | Qualified business income deduction . . . . . . . . . **4b** | 0 | 0 | 0 |
| 5 | Taxable income. Subtract line 4b from line 3. If the result for column C is zero or less, enter -0- in column C . . . . . . . . . **5** | 707 | (707) | 0 |
| **Tax Liability** | | | | |
| 6 | Tax. Enter method(s) used to figure tax (see instructions): Tax and EITC Table _____ ☐ **6** | 71 | (71) | 0 |
| 7 | Nonrefundable credits. If a general business credit carryback is included, check here . . . . . . . . . . . . . . . ☐ **7** | 71 | (71) | 0 |
| 8 | Subtract line 7 from line 6. If the result is zero or less, enter -0- . . . **8** | 0 | 0 | 0 |
| 9 | Reserved for future use . . . . . . . . . . . : . . **9** | ▨ | ▨ | ▨ |
| 10 | Other taxes . . . . . . . . . . . . . . . . . **10** | 0 | 0 | 0 |
| 11 | Total tax. Add lines 8 and 10 . . . . . . . . . . . . **11** | 0 | 0 | 0 |
| **Payments** | | | | |
| 12 | Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. (If changing, see instructions.) . . . . . . . . . **12** | 0 | 0 | 0 |
| 13 | Estimated tax payments, including amount applied from prior year's return **13** | 0 | 0 | 0 |
| 14 | Earned income credit (EIC) . . . . . . . . . . . . . **14** | 6935 | (6935) | 0 |
| 15 | Refundable credits from: ☑ Schedule 8812 Form(s) ☐ 2439 ☐ 4136 ☐ 8863 ☐ 8885 ☐ 8962 or ☐ other (specify): _____ **15** | 2641 | (2641) | 0 |
| 16 | Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed . . . . . . . . . . . . . **16** | | | 0 |
| 17 | Total payments. Add lines 12 through 15, column C, and line 16 . . . . . . . . . . **17** | | | 0 |
| **Refund or Amount You Owe** | | | | |
| 18 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS . . . . . **18** | | | 9576 |
| 19 | Subtract line 18 from line 17. (If less than zero, see instructions.) . . . . . . . . **19** | | | (9576) |
| 20 | Amount you owe. If line 11, column C, is more than line 19, enter the difference . . . . . . . **20** | | | 9576 |
| 21 | If line 11, column C, is less than line 19, enter the difference. This is the amount overpaid on this return **21** | | | 0 |
| 22 | Amount of line 21 you want refunded to you . . . . . . . . . . . . . . . . . . **22** | | | 0 |
| 23 | Amount of line 21 you want applied to your (enter year): _____ estimated tax **23** | 0 | ▨ | |

Complete and sign this form on page 2.

For Paperwork Reduction Act Notice, see separate instructions.      Cat. No. 11360L      Form **1040-X** (Rev. 2-2024)

Form 1040-X (Rev. 2-2024)                                                                                      Page **2**

**Part I**   **Dependents**

| Complete this part to change any information relating to your dependents. This would include a change in the number of dependents. Enter the information for the return year entered at the top of page 1. | | A. Original number of dependents reported or as previously adjusted | B. Net change— amount of increase or (decrease) | C. Correct number |
|---|---|---|---|---|
| 24 | Reserved for future use . . . . . . . . . . . . . . | 24 | | | |
| 25 | Your dependent children who lived with you . . . . . . . . . | 25 | 3 | (1) | 2 |
| 26 | Reserved for future use . . . . . . . . . . . . . . | 26 | | | |
| 27 | Other dependents . . . . . . . . . . . . . . . | 27 | 0 | 0 | 0 |
| 28 | Reserved for future use . . . . . . . . . . . . . . | 28 | | | |
| 29 | Reserved for future use . . . . . . . . . . . . . . | 29 | | | |
| 30 | List **ALL** dependents (children and others) claimed on this amended return. | | | | |

Dependents (see instructions):

| If more than four dependents, see instructions and check here ☐ | (a) First name          Last name | (b) Social security number | (c) Relationship to you | (d) Check the box if qualifies for (see instructions): | |
|---|---|---|---|---|---|
| | | | | Child tax credit | Credit for other dependents |
| | | | Daughter | ☑ | ☐ |
| | | | Daughter | ☑ | ☐ |
| | | | | ☐ | ☐ |
| | | | | ☐ | ☐ |

**Part II**   **Explanation of Changes.** In the space provided below, tell us why you are filing Form 1040-X.

Attach any supporting documents and new or changed forms and schedules.

The original return had reported W2 wages that were incorrect. The amended return removes both those wages and any tax credits based upon those wages, such as the EITC, CTC, and CDCTC. The original return also included a claimed dependent who do not live with the taxpayer, and that dependent is also being removed.  Client received an original refund, so client must now pay that refund back.

**Sign Here**

Remember to keep a copy of this form for your records.

Under penalties of perjury, I declare that I have filed an original return, and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

| Your signature  Tiffanie Current | Date  5/23/24 | Your occupation | If the IRS sent you an Identity Protection PIN, enter it here (see inst.) |
|---|---|---|---|
| Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | If the IRS sent your spouse an Identity Protection PIN, enter it here (see inst.) |
| Phone no. | | Email address | |

| **Paid Preparer Use Only** | Preparer's name | Preparer's signature | | Date | PTIN | Check if: ☐ Self-employed |
|---|---|---|---|---|---|---|
| | Firm's name | | | | Phone no. | |
| | Firm's address | | | | Firm's EIN | |

For forms and publications, visit *www.irs.gov/Forms.*                                               Form **1040-X** (Rev. 2-2024)

| Form **2848** | **Power of Attorney** | OMB No. 1545-0150 |
|---|---|---|
| (Rev. January 2021)<br>Department of the Treasury<br>Internal Revenue Service | **and Declaration of Representative**<br>▶ Go to *www.irs.gov/Form2848* for Instructions and the latest information. | For IRS Use Only<br>Received by:<br>Name _____<br>Telephone _____ |

**Part I**    **Power of Attorney**

**Caution:** A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

Function _____
Date   /   /

**1**   **Taxpayer information. Taxpayer must sign and date this form on page 2, line 7.**

| Taxpayer name and address | Taxpayer identification number(s) | |
|---|---|---|
| Tiffanie M. Current<br><br>7564 Forest Glen Road<br>New Orleans, LA 70127-1882 | Daytime telephone number | Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2**   **Representative(s) must sign and date this form on page 2, Part II.**

| Name and address | | |
|---|---|---|
| R. Paul Tuttle<br><br>1340 Poydras Street, Ste: 600<br>New Orleans, Louisiana 70112 | CAF No.   0310-99393R<br>PTIN _____<br>Telephone No.   (504) 529-1000 ext 233<br>Fax No.   (504) 596-2241 | |
| Check if to be sent copies of notices and communications ☑ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ | |
| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____ | |
| Check if to be sent copies of notices and communications ☐ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ | |
| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____ | |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ | |
| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____ | |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ | |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3**   **Acts authorized (you are required to complete line 3).** Except for the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions) |
|---|---|---|
| Income | 1040 | 2007-2023 |
| | | |
| | | |

**4**   **Specific use not recorded on the Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See *Line 4. Specific Use Not Recorded on CAF* in the instructions . . . . . . . . . . . . . . . . ▶ ☐

**5a**   **Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information): ☐ Access my IRS records via an Intermediate Service Provider;
☐ Authorize disclosure to third parties;   ☐ Substitute or add representative(s);   ☐ Sign a return; _____

☐ Other acts authorized: _____

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.    Cat. No. 11980J    Form **2848** (Rev. 1-2021)

Form 2848 (Rev. 1-2021)                                                                                                                Page **2**

**b**  Specific acts not authorized. My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.
List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): ....................

**6**  **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this form. If you do not want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**7**  **Taxpayer declaration and signature.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative (or designated individual, if applicable), executor, receiver, administrator, trustee, or individual other than the taxpayer, I certify I have the legal authority to execute this form on behalf of the taxpayer.
▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| *Tiffanie Current* | *8/16/24* | |
|---|---|---|
| Signature | Date | Title (if applicable) |
| *Tiffanie N. Current* | | |
| Print name | Print name of taxpayer from line 1 if other than individual | |

## Part II   Declaration of Representative

Under penalties of perjury, by my signature below I declare that:
• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;
• I am subject to regulations in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;
• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and
• I am one of the following:

**a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
**b** Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.
**c** Enrolled Agent—enrolled as an agent by the IRS per the requirements of Circular 230.
**d** Officer—a bona fide officer of the taxpayer organization.
**e** Full-Time Employee—a full-time employee of the taxpayer.
**f** Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).
**g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the IRS is limited by section 10.3(d) of Circular 230).
**h** Unenrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and (4) possesses the required Annual Filing Season Program Record of Completion(s). See Special Rules and Requirements for Unenrolled Return Preparers in the Instructions for additional information.
**k** Qualifying Student or Law Graduate—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student, or law graduate working in a LITC or STCP. See instructions for Part II for additional information and requirements.
**r** Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**
Note: For designations d–f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation— Insert above letter (a–r). | Licensing jurisdiction (State) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable) | Signature | Date |
|---|---|---|---|---|
| a | LA | 24679 | *Paul Tuttle* | 5/16/24 |
| | | | | |
| | | | | |
| | | | | |

Form **2848** (Rev. 1-2021)

FILED

2024 JUL 23 PM 2:37

CIVIL
DISTRICT COURT



**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO. 2024-06181                                                    Division: J-15

## TIFFANIE CURRENT

### VERSUS

### HOUSING AUTHORITY OF NEW ORLEANS

FILED: _____          _____

                                                          **DEPUTY CLERK**

## AFFIDAVIT OF R. PAUL TUTTLE

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME,** the undersigned Notary Public, personally came and appeared

PAUL TUTTLE, who after being duly sworn and deposed did state the following:

1. I am a tax attorney and the Director of the Low Income Taxpayer Clinic (LITC) at
   Southeast Louisiana Legal Services.  I have held this position since 2014.

2. I am preparing this affidavit to explain how the Low Income Taxpayer Clinic prepares
   amended tax returns for its clients.

**The LITC Process for Amending Tax Returns**

3. The LITC is not a tax preparation service.  The LITC will only prepare and file amended
   returns or original returns in order to resolve a legal issue with the IRS.  For this reason,
   the LITC is not set up to electronically file tax returns.  Instead, paper returns that have
   been reviewed and signed by the taxpayer are mailed to the IRS.  For individuals
   domiciled in Louisiana, the tax returns must be mailed to an IRS service center located in
   Austin, Texas.

4. Mailing tax returns lengthens the amount of time that it would take for the IRS to process
   the tax return. The IRS estimates that it takes approximately twelve weeks to process an
   amended return. This is an average timeline and individual returns may take longer to
   process.  The time needed to process a tax return is completely under the control of the
   IRS and there is no process for expediting the processing of tax returns.

VERIFIED

5.  The LITC is able to monitor the online tax transcripts of the client.  When the IRS receives an amended tax return, a notation will be made on the taxpayer's online "Account Transcript."   This notation may say "Amended Return Filed" or "Amended tax return or claim forwarded for processing."  When the amended return has been processed, the Account Transcript will note the changes in liability or refund that occurred as a result of the amended return.  A notice will also be sent to the taxpayer.

6.  There is a separate transcript called the "Tax Return Transcript" which is a summary of the original return filed by the taxpayer.  This transcript is not changed to show the information from subsequent amended returns or other changes.  The Account Transcript and the client notice are the only proof of an amended return being filed and processed that is generated by the IRS.

**Tax Preparer Fraud**

7.  Tax preparers are unregulated in the state of Louisiana.

8.  In my practice I frequently see instances of tax preparer fraud, where tax preparers inflate or invent business income for a taxpayer so that they will qualify for a large Earned Income Tax Credit ("EITC"). The tax preparer benefits from this practice because they usually take a substantial cut of the EITC.

I declare under penalty of perjury that the forgoing statements are true and correct.

R. Paul Tuttle

**SWORN TO AND SUBSCRIBED
BEFORE ME THIS _23_ DAY
OF _July_, 2024.**

**NOTARY PUBLIC**

**Notary Printed Name:**

**Notary or LSBA #:**

HANNAH ADAMS
Notary Public
Notary ID No. 144209
Orleans Parish, Louisiana

FILED

2024 JUL 23 PM 2:37

CIVIL
DISTRICT COURT



**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO. 2024-06105                                            Division: E-07

### IESHA MARTIN

### VERSUS

### HOUSING AUTHORITY OF NEW ORLEANS

FILED: _____          _____

                                        **DEPUTY CLERK**

## AFFIDAVIT OF NOTICE

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

    **BEFORE ME,** the undersigned Notary Public, personally came and appeared

HANNAH ADAMS, who after being duly sworn and deposed did state the following:

1. I am a staff attorney at Southeast Louisiana Legal Services.

2. On June 26, 2024 I notified Defendant Housing Authority of New Orleans ("HANO")

   through its General Counsel that SLLS intended to file suit and seek an emergency stay

   in this matter.

3. My correspondence is attached as Exhibit A.

4. On July 19, 2024 I again notified HANO through its General Counsel that we intended to

   seek a stay order to prevent the termination from going into effect July 31.

5. My correspondence is attached as Exhibit B.

6. On July 22, 2024 I forwarded this request to HANO's outside counsel, when informed

   that HANO had hired outside counsel to represent them in this matter.

7. My correspondence is attached as Exhibit C.

8. I was informed that HANO intended to move forward with the termination on July 31.

I declare under penalty of perjury that the forgoing statements are true and correct.

                                        _____
                                        Hannah Adams

**SWORN TO AND SUBSCRIBED**
**BEFORE ME THIS** 23rd **DAY OF** July _____, 2024.

_____
**NOTARY PUBLIC**

VERIFIED

                                        Paul R. Tassin
                                        Notary Public
                                        Notary ID No. 187187
                                        Orleans Parish, Louisiana



SOUTHEAST LOUISIANA
# LEGAL SERVICES
Free Legal Aid for Low-Income People

Baton Rouge • Covington • Hammond • Gretna • Houma • New Orleans

1340 Poydras St. Suite 600 • New Orleans, Louisiana 70112 • Telephone: (504) 529-1000 • Fax: (504) 596-2241
www.slls.org • www.louisianalawhelp.org • http://tinyurl.com/sllsfacebook

June 26, 2024

Keva Landrum, General Counsel
Housing Authority of New Orleans
4100 Touro St.
New Orleans, LA 70122

Tiffany Boveland, Staff Attorney
Housing Authority of New Orleans
4100 Touro St.
New Orleans, LA 70122

*By Electronic Mail*

Re: **Tiffanie Current HCVP Termination**
    **Request for Reconsideration and Intent to Pursue All Legal Remedies**

Dear Attorneys Landrum and Boveland,

I write today with serious concerns about the June 7, 2024 hearing decision issued by Christopher Dalton in the proposed termination of HCVP participant Tiffanie Current. HANO is not bound by decisions that are contrary to law. 24 C.F.R. § 982.555(f)(2). For the reasons explained in this letter we request that the decision be reversed because it contains factual errors and violates the law.

HANO proposed termination of Ms. Current's voucher due to unreported self-employment income on her tax 2022 and 2023 tax returns. This is a common issue that our agencies see frequently, due to the unregulated nature of the tax preparer industry in Louisiana and the prevalence of tax preparer fraud. Because Ms. Current did not make self-employment income, and it was reported in error, HANO gave Ms. Current time to amend her tax returns. Ms. Current was referred to the SLLS Low Income Taxpayer Clinic, and tax attorney Paul Tuttle amended Ms. Current's taxes and submitted said amendments to the IRS. SLLS is not set up as a tax preparation service so we cannot file amended returns electronically; Attorney Tuttle has to mail in paper returns. The IRS then takes up to a month to note that they have received a mailed return on account transcripts, and it can take several months for the IRS to process the return. Obviously, SLLS has no control over how quickly the IRS does its work.





LSC          LOUISIANA BAR **FOUNDATION**          United Way
             FUNDING CIVIL LEGAL AID               United Way of
                                                   Southeast Louisiana

Despite the substantial investment of time by our office in amending the returns at HANO's invitation, and Ms. Current's choice to subject herself to potential IRS liability, Mr. Dalton upheld the proposed termination on June 7, 2024.

The decision is arbitrary and capricious and not based on substantial evidence, and is likely to be overturned on judicial review. In advance of HANO's deadline, Theresa Ambeau provided HANO with the IRS 1040X forms for 2022 and 2023 that were submitted to the IRS, showing self-employment income as $0. In her correspondence she asked Mr. Dalton if he needed any additional information. She received no response. On June 7, 2024, Mr. Dalton upheld the proposed termination, citing as the reason that there was no evidence the amended returns were actually filed with the IRS. Mr. Dalton stated he would need "official documentation from the IRS to show they received the returns."

Notwithstanding the fact that Mr. Dalton's decision suggests that SLLS attorneys violated the code of ethics and misrepresented to HANO that the returns were filed with the IRS, Ms. Ambeau could have easily provided any missing documentation needed by HANO. But Mr. Dalton did not respond when she asked if additional information was needed.

On June 7, 2024, I contacted HANO about two hearing decisions we had received upholding terminations despite the fact that IRS tax returns were amended by our Low Income Taxpayer Clinic in advance of HANO's deadline. I received no response from anyone at HANO. On June 18, 2024, Ms. Ambeau sent a letter to Mr. Dalton requesting reconsideration and attaching our tax attorney Paul Tuttle's correspondence with the IRS wherein he submitted the amended returns. She requested a response by June 25. She also explained to HANO, again, that **Ms. Current is faces imminent harm due to domestic violence because HANO has refused to allow a program move due to the proposed termination**. She has received no response. As such, we have attempted to amicably engage with HANO on this issue to no avail.

**This letter is notifying HANO that we intend to pursue all possible legal remedies in this case. Please notify us if you intend to grant reconsideration and rescind the termination on or before July 7, 2024.**

Please notify me of your decision within that time period, or contact me to discuss further. I can be reached at (504) 529-1000 x.258 or hadams@slls.org.

Sincerely,

Hannah Adams, Esq.
Staff Attorney, Litigation Unit

cc:
Pradip Singh
Christopher Dalton

2

 Gmail

Hannah Adams <hadams@slls.org>

---

## Intent to seek stay order in Tiffanie Current and Iesha Martin cases

**Hannah Adams** <hadams@slls.org>                                      Fri, Jul 19, 2024 at 10:42 AM
To: Keva Landrum <klandrum@hano.org>, Tiffany Boveland <tboveland@hano.org>
Cc: Michael Veters <mveters@slls.org>, David Williams <dwilliams@slls.org>, Amanda Golob <agolob@slls.org>

Ms. Landrum and Ms. Boveland,

We intend to seek a stay order in the Tiffanie Current and Iesha Martin cases, as their terminations go into effect July 31. Will you voluntarily consent to stay the termination decision pending resolution of the judicial review suit?

Please let me know by COB Monday.

Thanks, and feel free to contact me if you wish to discuss further or have any questions.

Hannah Adams, Esq.

Staff Attorney, Litigation Unit

Southeast Louisiana Legal Services

hadams@slls.org

(504) 529-1000 x. 258

*Pronouns: she/her/hers*



### Confidentiality Notice

This electronic mail transmission and the documents accompanying it might contain confidential information belonging to the sender and protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any use of or action in reliance on the contents of this transmission is strictly prohibited.

**IF YOU RECEIVED THIS TRANSMISSION IN ERROR**, PLEASE NOTIFY US IMMEDIATELY.





 **Gmail**

Hannah Adams <hadams@slls.org>

---

### Intent to seek stay order in Tiffanie Current and Iesha Martin cases

---

Hannah Adams <hadams@slls.org>
To: "Knight, Kathryn M." <KKnight@stonepigman.com>
Cc: David Williams <dwilliams@slls.org>, Michael Veters <mveters@slls.org>, Amanda Golob <agolob@slls.org>

Fri, Jul 19, 2024 at 2:04 PM

Kathryn,

Nice to speak with you today. Below is the email I had sent this morning to Ms. Landrum. The stay we are requesting would require HANO to continue issuing HAP payments for Current and Martin, and to process a program move with continued assistance for Current who faces imminent threat of domestic violence at her current location.

Are you also representing them in the D'Aquin v. HANO case, or just Tiffanie Current, Iesha Martin, and Elaine Smith?

Thanks,

Hannah Adams, Esq.

Staff Attorney, Litigation Unit

Southeast Louisiana Legal Services

hadams@slls.org

(504) 529-1000 x. 258

*Pronouns: she/her/hers*

**PLAINTIFF'S EXHIBIT**
4-C

#### Confidentiality Notice

This electronic mail transmission and the documents accompanying it might contain confidential information belonging to the sender and protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any use of or action in reliance on the contents of this transmission is strictly prohibited.
**IF YOU RECEIVED THIS TRANSMISSION IN ERROR**, PLEASE NOTIFY US IMMEDIATELY.

---

---------- Forwarded message ---------
From: **Hannah Adams** <hadams@slls.org>
Date: Fri, Jul 19, 2024 at 10:42 AM
Subject: Intent to seek stay order in Tiffanie Current and Iesha Martin cases
To: Keva Landrum <klandrum@hano.org>, Tiffany Boveland <tboveland@hano.org>
Cc: Michael Veters <mveters@slls.org>, David Williams <dwilliams@slls.org>, Amanda Golob <agolob@slls.org>

Ms. Landrum and Ms. Boveland,

We intend to seek a stay order in the Tiffanie Current and Iesha Martin cases, as their terminations go into effect July 31. Will you voluntarily consent to stay the termination decision pending resolution of the judicial review suit?

Please let me know by COB Monday.

Thanks, and feel free to contact me if you wish to discuss further or have any questions.

Hannah Adams, Esq.

Staff Attorney, Litigation Unit

Southeast Louisiana Legal Services

hadams@slls.org

(504) 529-1000 x. 258

*Pronouns: she/her/hers*

VERIFIED

#### Confidentiality Notice

This electronic mail transmission and the documents accompanying it might contain confidential information belonging to the sender and protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any use of or action in reliance on the contents of this transmission is strictly prohibited.
**IF YOU RECEIVED THIS TRANSMISSION IN ERROR**, PLEASE NOTIFY US IMMEDIATELY.

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO. 2024-06181                                                                   Division: J-15

**TIFFANIE CURRENT**

**VERSUS**

**HOUSING AUTHORITY OF NEW ORLEANS**

FILED: _____          _____
                                                                          **DEPUTY CLERK**

**STAY ORDER**

Considering the Emergency Motion for Stay of Housing Authority Decision Pending

Judicial Review, the irreparable injury at issue and the plausible merit of the petition, and this

Court's authority in para materia to the statutory authorization under La. R.S. 978.1 to issue an

ex parte stay while the case is on judicial review:

**IT IS ORDERED** that the June 7, 2024 hearing decision terminating Ms. Current's

housing assistance as of July 31, 2024 is STAYED until further order of this court;

**IT IS FURTHER ORDERED** that the Housing Authority proceed with processing Ms.

Current's Violence Against Women Act program move until further order of this court.

[and/or]

**IT IS FURTHER ORDERED** that the Housing Authority of New Orleans show cause

on the 30 day of July, 2024 at 1:30 p.m. o'clock __.m., why HANO

should not be stayed from terminating Ms. Current's assistance, set to terminate on July 31,

2024, and why it should not be ordered to immediately process her program move due to

domestic violence.

[and if a hearing is ordered]

**IT IS FURTHER ORDERED** that if Defendant seeks to have the Court's decision not

be based on the partial administrative record tendered by the Plaintiff, at least 3 days before the

hearing Defendant shall file with the Court and deliver to Plaintiff's counsel a complete copy of

the administrative record.

**NEW ORLEANS, LOUISIANA**

This _____ day of    JUL 2 3 2024

D. Nicole Sheppard
Judge - Division "J"

VERIFIED

1-26-24

1



Signed in New Orleans, Louisiana on _____, 2024,

at _____ o'clock ____.m.

_____
HON. JUDGE D. NICOLE SHEPPARD

Please Serve:

Housing Authority of New Orleans
Through Counsel, Kathryn Knight
Stone Pigman Walther Wittmann, LLC
909 Poydras St #3150
New Orleans, LA 70112

VERIFIED