UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIFFANIE CURRENT | CIVIL ACTION |
| VERSUS | NO. 24-1883 |
| HOUSING AUTHORITY OF NEW ORLEANS | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is defendant Housing Authority of New Orleans's ("HANO") opposed[1] motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] For the following reasons, the Court remands the case to state court for lack of jurisdiction.

## I. BACKGROUND

This case arises out of HANO's termination of plaintiff Tiffanie Current's housing assistance under Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f. HANO is a state government entity responsible for administering the Section 8 Housing Choice Voucher ("HCV") program, which provides federal funds to subsidize the rent of eligible families. *Cooley*

---

[1]   R. Doc. 20.
[2]   R. Doc. 12.

*v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 296 (5th Cir. 2014); *See* 42 U.S.C. § 1437f. Current participates in the Section 8 HCV program administered by HANO, receiving housing assistance benefits to supplement her limited income.[3]

On March 8, 2024, HANO issued a notice proposing to terminate Current's housing assistance because of a discrepancy in her income and an unauthorized occupant in her assisted unit.[4] At an informal termination hearing on April 1, 2024, Current asserted that her tax preparer had filed inaccurate business income on her tax returns without her knowledge or consent.[5] Additionally, Current stated that her family did not live with an unauthorized occupant in their assisted unit, but instead were victims of domestic violence by her children's father,[6] Jessie Harvey, and that a police report taken after he broke into her house several months earlier incorrectly listed him as an occupant.[7] Current's legal advocate had previously sent an emergency transfer request to HANO on March 7, 2024 under the Violence Against Women Act ("VAWA").[8] At the hearing, Current renewed her

---

[3]     *Id.* ¶ 1.
[4]     *Id.* ¶¶ 39-43.
[5]     *Id.* ¶¶ 42 & 46.
[6]     *Id.* ¶ 64-65.
[7]     *Id.* ¶¶ 32, 33 & 47.
[8]     *Id.* ¶¶ 38 & 48.

request for emergency assistance to move away from her abuser.[9] The hearing officer did not grant Current's emergency transfer request, and gave her until June 3, 2024, to amend her tax returns to reflect her actual income to avoid termination.[10]

Current's legal advocate amended her returns to reflect the zero dollars she made in business income, submitted them to the Internal Revenue Service ("IRS"), and, on May 24, 2024, sent them to HANO by email and asked if Current needed to provide any other additional information.[11] The hearing officer did not respond to the email or request any additional information.[12] On June 4, 2024, Current's counsel sent a second emergency transfer request under VAWA, after Harvey again entered Current's housing unit and physically injured her.[13] HANO again did not grant Current's emergency transfer request, and on June 7, 2024, the hearing officer issued a decision upholding the termination of Current's and her children's housing assistance because Current did not provide any documentation demonstrating that the amended tax returns had been filed with the IRS.[14]

---

[9]     *Id.* ¶¶ 38 & 48.
[10]    *Id.* ¶ 51.
[11]    *Id.* ¶ 56.
[12]    *Id.* ¶ 57.
[13]    *Id.* ¶¶ 57-58.
[14]    *Id.* ¶¶ 61-64.

3

The hearing officer additionally found that Harvey lived with Current as an unauthorized occupant.[15]

On July 8, 2024, Current filed suit in state court seeking judicial review of HANO's decision to terminate the housing assistance of Current and her four minor children.[16] Current alleges that HANO's decision must be vacated because it was arbitrary and capricious, an abuse of discretion, and not based on substantial evidence.[17] She sought review based exclusively on the administrative record. HANO removed this action to this Court on July 29, 2024, based on federal question jurisdiction,[18] and then moved to dismiss, arguing that plaintiff asserts federal statutory claims under 42 U.S.C. § 1437f and the VAWA, but that neither statute provides a private right of action.[19] In response, Current alleges that she does not assert any federal claims, but rather seeks state judicial review of HANO's administrative decision.[20]

The Court considers the parties' arguments below.

---

[15]   *Id.* ¶¶ 62-64.
[16]   *See* R. Doc. 3-2.
[17]   *Id.*
[18]   R. Doc. 3.
[19]   R. Doc. 12.
[20]   R. Doc. 20.

## II. JURISDICTION

Although unaddressed in the parties' briefing, this dispute implicates whether the Court has jurisdiction over the action and the propriety of defendant's removal. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (holding that federal courts must consider subject matter jurisdiction *sua sponte* if not raised by the parties). Federal courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cases "arise under" federal law when the complaint establishes either that (1) "federal law creates the cause of action" or that (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1982). If it appears that it lacks subject matter jurisdiction at any time before final judgment, "[r]emand is required," *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Vantage Drilling Co.*, 741 F.3d at 537 (citing *Acuna v. Brown Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). Current's complaint does not establish that federal law creates her cause of action or that her right to relief depends on the resolution of a substantial question of federal law, and therefore the Court must remand the case.

### A. Cause of Action

First, state law, not federal, creates the basis for Current's petition. Courts determine whether a claim arises under federal or state law by referring to the "well-pleaded complaint." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)). The federal question must therefore appear on the face of the complaint. *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997).

On its face, plaintiff's complaint seeks to vacate HANO's administrative decision as arbitrary and capricious, not based on substantial evidence, and an abuse of discretion under a state law right of review.[21] The Louisiana Supreme Court has not yet addressed the right to judicial review of a public housing authority's decision or its preclusive effects. But in *Cooley v. Housing Authority of Slidell*, 747 F.3d 295 (5th Cir. 2014), the Fifth Circuit made an "*Erie* guess" that Louisiana courts have non-statutory authority to review whether a public housing authority's decision "is '[s]upported by substantial evidence, in that the action was not arbitrary or capricious or an abuse of discretion.'" *Id.* at 298 (quoting *Tanner v. City of*

---

[21] *See, e.g.*, R. Doc. 3-2 ¶¶ 79, 86, 95, 100 & 109.

*Baton Rouge*, 422 So. 2d 1263, 1266 (La. App. 1 Cir. 1982)).[22] The Fifth Circuit's decision in *Cooley* controls here. *See Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 594 (5th Cir. 2011) ("We are bound by our own precedent interpreting [state] law unless there has been an intervening change in authority."). Further, in *D'aquin v. Hous. Auth. of New Orleans*, No. 2024-0584, 2024 WL 4763217 (La. App. 4 Cir. 2024), the Louisiana Court of Appeal for the Fourth Circuit held that plaintiff had a state constitutional right to seek judicial review of HANO's administrative decision to terminate his benefits. *Id.* at *2-3. Despite plaintiff's references to federal statutes and regulations, plaintiff does not bring a cause of action

---

[22] It is unclear whether *Cooley* is in tension with Louisiana jurisprudence. HANO is a political subdivision of the state, and therefore not subject to the Louisiana Administrative Procedure Act ("LAPA"). *See* La. Rev. Stat. § 40:384(16) (defining public housing authorities as political subdivisions); La. Rev. Stat § 49:964(F)-(G) (excluding political subdivisions from the definition of "agency" covered by LAPA). Louisiana law is not clear when non-statutory judicial review is available in state district courts. Although it is clear there is a constitutional right to review an administrative decision in the absence of a statute, the question remains how specific the constitutional review must be authorized. *Compare Loop, Inc. v. Collector of Revenue,* 523 So. 2d 201, 203 (La. 1987) ("[F]or the purpose of judicial review of administrative action, the district courts are courts of limited jurisdiction, having only such appellate jurisdiction to review administrative actions as is provided by law or constitutionally required."), *with Matter of American Waste & Pollution Control Co.*, 588 So. 2d 367, 371 (La. 1991) ("[D]istrict courts have only such appellate jurisdiction as is provided by statute or by a specific provision of the Constitution.").

7

or seek relief under federal law. *See Howery*, 243 F.3d at 917-18 (5th Cir. 2001) (recognizing that plaintiff's "mention of federal law merely served to describe [the] types of conduct that violated the [state law], not to allege a separate cause of action under the [federal law]").

### A. Substantial Question of Federal Law

Current's right to relief also does not depend on resolution of a substantial question of federal law. In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), the Supreme Court recognized a narrow exception permitting federal jurisdiction when federal law does not create a cause of action, but the cause of action nevertheless contains an "important issue of federal law." *Id.* at 315. The plaintiff in *Grable* filed a quiet title action in Michigan state court alleging that the defendant's title to certain property acquired at a tax sale was invalid, and the defendant removed the matter to federal court. *Id.* at 310. A Michigan court rule required the plaintiff to specify the facts establishing the superiority of its claims, and plaintiff "premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law." *Id.* at 315. Whether the plaintiff "was given notice within the meaning of the federal statute" was therefore an "essential element of its quiet title claim, and the meaning of the federal statute [was] actually in dispute." *Id.* In

8

finding federal question jurisdiction, the Court observed that the meaning of the federal tax provision was an important issue of federal law that belonged in federal court, given the Government's interest in the "prompt and certain collection of delinquent taxes," and the need of the IRS for "certainty in notice requirements to provide buyers of seized property assurances that the IRS has taken all steps required to convey good title." *Id.*

Only a "slim category" of cases will satisfy the *Grable* paradigm. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006). The mere presence of a federal issue "does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813; *see also Florida Marine Transporters, Inc. v. Trinity Marine Prod., Inc.*, No. 2-1902, 2002 WL 31246765, at *3 (E.D. La. Oct. 4, 2002) ("[I]t is well-established that the mere fact that a court necessarily must interpret federal law . . . to determine the merits of a claim is insufficient to confer federal jurisdiction." (citation omitted)). Instead, *Grable* applies only if "(1) resolving a federal issue is necessary to resolution of the state law claim, (2) the federal issue is actually disputed, (3) the federal issue is substantial, and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Mitchell v. Advanced HC, LLC*, 28 F.4th 580, 588 (5th Cir. 2022).

Plaintiff's state court petition does not raise a substantial federal issue that is actually disputed. Plaintiff's petition claims six grounds for reversal of HANO's decision as arbitrary, capricious, and not based on substantial evidence. Three of the claims, claims 1, 3, and 5, were based on a lack of substantial evidence for the decision, which is a fact-based inquiry that does not involve the interpretation or application of federal law.[23] *See Empire Healthcare Assur.*, 547 U.S. at 700-01 (distinguishing between a claim involving a "pure issue of law" that "could be settled once and for all," which permits federal jurisdiction, and a claim that is "fact-bound and situation-specific," which does not (internal citation omitted)). Current's second claim was based on HANO's violation of its own policies, which also does not require a ruling on federal law.[24]

Current's fourth claim is conditioned on whether a ground for the termination decision was based on housing an unauthorized occupant who was an abuser.[25] She contends that if it were, the decision violated the VAWA and was thus arbitrary, capricious, and contrary to law.[26] The decision stated that "[b]ased on the evidence it appears that Mr. Harvey did live with you for

---

[23] R. Doc. 3-2 ¶¶ 76-79 (Claim 1), 87-90 (Claim 3), 96-100 (Claim 5).
[24] *Id.* ¶¶ 80-86.
[25] *Id.* ¶ 95.
[26] *Id.*

10

longer than HANO allows for guests but that you were a victim of domestic violence during that time and as of now Mr. Harvey is no longer living with you in the assisted unit."[27] The decision was not based on the unauthorized occupant.

Current's last claim for relief asserts that HANO's decision that she was not eligible for transfer violated VAWA regulations and HANO's policies and therefore was arbitrary, capricious, and contrary to law.[28] But the terms of the VAWA's regulations were not in dispute and there was no need to interpret federal law. Federal VAWA regulations require each public housing authority to adopt an "emergency transfer plan" that allows "a tenant who has tenant-based rental assistance" to "move quickly with that assistance" if the tenant "expressly requests the transfer" and "reasonably believes there is a threat of imminent harm from further violence if the tenant remains within the same dwelling unit." 24 C.F.R. § 5.2005(e). Current alleges that HANO had such a policy but violated it.[29] There was no dispute about what the policy said or meant. Current does not assert a cause of action under the VAWA regulation but used it as evidence that the decision was arbitrary and capricious. *See Till v. Unifirst Fed. Savings & Loan Ass'n*, 653 F.2d 152, 155

---

[27]   *Id.* ¶ 64.
[28]   *Id.* ¶ 101-109.
[29]   *Id.* ¶ 106-109.

n.2 (5th Cir. 1981) (stating that it is well-established that a claim "does not arise under the law of the United States" if the "relief sought is based entirely upon a state cause of action in which regulations established by a federal statute are used merely as further evidence of the right to recover under state law"); *see also Cole v. St. Joseph of Harahan, LLC*, No. 22-1540, 2022 WL 2687836, at *2-3 (E.D. La. July 12, 2022) (rejecting argument that removal of state action was proper because "federal law provide[d] the applicable standard or duty" and plaintiff sought an injunction to "enforce the requirements of federal law"). Unlike *Grable*, Current's claims do not involve a dispute over the meaning of a federal law or regulation.

Finally, exercising federal jurisdiction here would disturb the balance of federal and state judicial responsibilities. Plaintiff seeks judicial review of an administrative decision of a political subdivision of Louisiana. La. Rev. Stat. § 40:384(16) (defining public housing authorities as political subdivisions of the state). State courts, not federal, are the proper forum to determine the appropriate scrutiny applied to the decision of a political subdivision or state agency, including a public housing authority. *See, e.g.*, *McClarty v. Greene Metro. Hous. Auth*, 963 N.E.2d 182, 184-85 (Ohio Ct. App. 2011) (holding that termination of tenant from Section 8 voucher program was arbitrary and capricious); *Gist v. Mulligan*, 886 N.Y.S.2d 172,

12

173 (N.Y. App. Div. 2009) (evaluating on appeal whether public housing authority's decision to terminate Section 8 voucher participation was supported by substantial evidence); *Carter v. Olmsted Cnty. Hous. & Redevelopment Auth.*, 574 N.W.2d 725, 730 (Minn. Ct. App. 1998) (reversing housing authority's decision to terminate Section 8 assistance because decision was not supported by substantial evidence).

Although there is a federal interest in the due process rights of Section 8 program participants, federal courts already protect this interest in the context of actions brought under 28 U.S.C. § 1983. *See, e.g., Cooley*, 747 F.3d at 297 (alleging that termination of housing assistance violated right to due process, in addition to being arbitrary and capricious); *Clark v. Alexander*, 85 F.3d 146, 151-52 (4th Cir. 1996) (evaluating whether public housing authority violated plaintiff's due process rights); *Davis v. Mansfield Metro. Hous. Auth.*, 751 F.2d 180, 182 (6th Cir. 1984) (holding that public housing authority violated tenants' procedural due process right for failing to provide an informal hearing before terminating housing assistance). By contrast, a state has a greater interest in ensuring that the decisions of its own agencies and subdivisions are reasonable and based on substantial evidence, regardless of whether they are administering a federal program. *See, e.g., BNSF Ry. Co. v. Fed. R.R. Admin*, 62 F.4th 905, 910 (5th Cir. 2023)

13

(identifying the purpose of arbitrary and capricious review as requiring "that agency action be reasonable and reasonably explained and that the agency has acted within a zone of reasonableness and, in particular, that the agency has reasonably considered the relevant issues and reasonably explained the decision." (internal citation omitted)). Therefore, plaintiff's claim does not depend on a substantial question of federal law, and the Court does not have jurisdiction over this action.

## III. CONCLUSION

For the foregoing reasons, the Court REMANDS the case for lack of jurisdiction.

New Orleans, Louisiana, this __9th__ day of December, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

14